NOSSAMAN LLP
ALLAN H. ICKOWITZ (SBN 110797)
THOMAS D. LONG (SBN 105987)
JOHN W. KIM (SBN 216251)
445 S. Figueroa Street, 31st Floor
Los Angeles, California 90071
Telephone: 213.612.7800
Facsimile: 213.612.7801
aickowitz@nossaman.com
tlong@nossaman.com
jkim@nossaman.com

and

Kathryn R. Norcross, Senior Counsel
B. Amon James, Counsel
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive, VS-D-7120
Arlington, Virginia 22226
Telephone: (703) 562-6338

Attorneys for the Federal Deposit Insurance Corporation
as Receiver of First Federal Bank of California,
a Federal Savings Bank

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>FIRSTFED FINANCIAL CORP.,<br><br>    Debtor and<br>    Debtor-in-Possession, | Case No: 2:10-bk-12927-ER<br>Chapter 7<br><br>**FDIC'S OBJECTION TO APPLICATION OF FIRSTFED FINANCIAL CORP. FOR ORDER AUTHORIZING EMPLOYMENT OF DELTA CORPS, INC.** *NUNC PRO TUNC* **TO, AND EFFECTIVE AS OF, JUNE 1, 2010 AND REQUEST FOR HEARING**<br><br><u>**HEARING**</u><br>DATE: TBD<br>TIME: TBD<br>PLACE: TBD<br>JUDGE: Hon. Ernest Robles |

393985                                                    -i-

**FDIC'S OBJECTION TO APPLICATION OF FIRSTFED FINANCIAL CORP. FOR ORDER AUTHORIZING EMPLOYMENT OF DELTA CORPS, INC.** *NUNC PRO TUNC* **TO, AND EFFECTIVE AS OF, JUNE 1, 2010 AND REQUEST FOR HEARING**

## I. INTRODUCTION

Pursuant to Rule 2014-1(b)(4) of the Local Rules for the Central District of California, the Federal Deposit Insurance Corporation, in its capacity as Receiver of First Federal Bank of California, a Federal Savings Bank ("FDIC-R") submits the following objection ("Objection") to the "*Debtor's Application to Employ Delta Corps, Inc. Nunc Pro Tunc to, and Effective as of, June 1, 2010*" [Dkt. No. 46] ("Application"). The FDIC-R also requests a hearing with respect to the Application pursuant to Local Bankruptcy Rule 9013-1(o)(4).

The Application seeks authorization for FirstFed Financial Corp. ("Debtor") to employ Delta Corps, Inc. ("Delta") via Donald H. Pelgrim ("Pelgrim") as the Debtor's purported chief administrative officer ("CAO"). It appears prior to this Application, a CAO position never existed. As fully set forth below, the FDIC submits that the Application is devoid of requisite information and fails to establish a reasonable basis to grant the Application at the cost to the estate of $20,000 per month. Granting the Application will further drain the Debtor's assets without a concomitant benefit to the estate or its creditors.

## II. ARGUMENT

The Application fails to satisfy the criteria for employment of professionals under applicable law. The determinative question in approving the employment of a professional person under 11 U.S.C. § 327(a) and Federal Rules of Bankruptcy Procedure 2014(a) is whether the professional's employment is reasonably necessary to assist the administration of the bankruptcy estate. *In re Computer Learning Ctrs. Inc.* 272 B.R. 897, 903 (Bankr. E.D. Va. 2001) (the trustee must articulate the reason for the reasonable necessity to employ the professional); *In re Bible Speaks,* 67 B.R. 426 (Bankr. D. Mass. 1986) (committee's request to retain co-attorneys denied for insufficient demonstration of cause since there was no showing that the primary attorneys lacked the requisite skills and, as here, the proposed employment of two co-counsel was intended as a compromise solution to the deadlock between two evenly divided groups of creditors' committee members each supporting one of the two attorneys nominated as committee counsel); *In re Rheam of Indiana, Inc.,* 111 B.R. 87, 100 (Bankr. E.D. Pa. 1990) ("[I]t is not the function of a court to blindly appoint counsel first, upon request and then ask

393985
-1-

questions or cut compensation later…It is never presumed that a request for counsel is justified.") A professional should not be employed unless his or her special skills are necessary for the protection and benefit of the estate or will further the aims of the case.

The Application asserts, among other things, that Delta and Pelgrim will assist in the review and analysis of potential tax refunds. *See* Application, pgs. 3:11-12 ("Address federal, state and local tax issues that may arise, including identifying and assisting in the recovery of potential tax attributes for the benefit of the estate and its creditors.").

It appears that this function overlaps and is duplicative of the services Crowe Horwath is currently providing the Debtor. *See* Notice of Application to Employ Crowe Horwath, pgs. 1:26 – 2:8 [Dkt. No. 40] (seeking to retain Crowe Horwath to analyze tax situation between [Debtor] and subsidiary [bank] and consultation regarding carryback claims and other services related to tax attributes). No party has objected to the employment of Crowe Horwath. *See* Declaration re Non-Opposition [Dkt. No. 45].

The Application further asserts that the Delta and Pelgrim will "[a]ssist the Debtor in complying with various administrative and reporting obligations required by the Bankruptcy Code, the Office of the Unites States Trustee ("OUST") and the Securities and Exchange Commission during the Debtor's bankruptcy case." These tasks appear to duplicate the functions of legal counsel. Moreover, there is no explanation as to why the "new" Chief Executive Officer, Brian Argrett,[1] is unable to perform these duties.

The Application raises other issues of concern:

1. The Debtor seeks to pay the Delta and Pelgrim a flat fee of $20,000 per month plus expenses. Application, Ex. 1, p. 15 (the page reference is to the page number at the bottom of the

---

[1] / With regard to the Debtor's current CEO, the FDIC-R notes a potential discrepancy. The Application identifies Brian Argrett as the "new" CEO. (Application, p. 3:4). However, based on the Debtor's last "Monthly Operating Report No. 5" [Dkt. no. 42] it appears the CEO is Babette Heimbach who is also drawing compensation in the amount of $20,000 per month. The FDIC-R is not aware of any other employment application with respect to Mr. Argrett.

393985    -2-

**FDIC'S OBJECTION TO APPLICATION OF FIRSTFED FINANCIAL CORP. FOR ORDER AUTHORIZING EMPLOYMENT OF DELTA CORPS, INC. NUNC PRO TUNC TO, AND EFFECTIVE AS OF, JUNE 1, 2010 AND REQUEST FOR HEARING**

page).[2] There is no minimum time requirement or other required time commitment contained in the proposed retainer agreement. This is particularly problematic in that the proposed individual to perform the services in this case, Pelgrim, is already providing services as a CAO to Vineyard National Bancorp ("VNB") in an unrelated pending Chapter 11 bankruptcy. Application, p. 4:3-11, Ex. 1, p. 14. How much time and efforts will Pelgrim be able and willing to devote to this matter? Can you provide minimal time and efforts and extract maximum compensation? Is there an allocation between his duties as the proposed CAO of the Debtor, on the one hand, and the CAO of VNB, on the other hand? Is his time restricted by other obligations?

2. There is no indication that the Debtor conducted any bidding for the position.

3. It is unclear whether there was arms-length negotiation of the subject agreement where the same law firm Landau Gottfried & Berger LLP is providing services to the debtor in both this bankruptcy and the VNB bankruptcy and where the same consultant Delta/Pelgrim is engaged in the VNB bankruptcy is the proposed consultant here.

4. The application proposes to add Delta and Pelgrim to the Debtor's directors and officers insurance policies and provide them with indemnification agreements. There is a substantial question as to whether this is reasonable.

The Debtor's Application establishes no unique or valuable contribution that is required in this case that would justify Delta's proposed participation in this case. Rather, the Application discloses that the work of Delta and Pelgrim will appear to overlap with the duties of the CEO, legal counsel and Crowe Horwath. There is no evidence that the proposed services justify the flat payment of $20,000 per month without any minimum commitment. There is no indication that the Debtor elicited bids for the proposed services or that there was an arms length negotiation given an apparent prior relationship between Delta/Pelgrim and the Debtor's legal counsel. For each of these reasons, the Debtor's Application fails to demonstrate that employment of Delta is in the best interests of the estate.

---

[2] As a cautionary note, the pages in the Exhibit are inadvertently out of order.

393985                                    -3-

**FDIC'S OBJECTION TO APPLICATION OF FIRSTFED FINANCIAL CORP. FOR ORDER AUTHORIZING EMPLOYMENT OF DELTA CORPS, INC. NUNC PRO TUNC TO, AND EFFECTIVE AS OF, JUNE 1, 2010 AND REQUEST FOR HEARING**

### III. CONCLUSION.

For the foregoing reasons, FDIC respectfully requests that the Court deny the Application so as to avoid unnecessarily depleting proceeds of the bankruptcy estate.

Dated: July 12, 2010

NOSSAMAN LLP
ALLAN H. ICKOWITZ
THOMAS D. LONG
JOHN W. KIM

By: _____
JOHN W. KIM
Attorneys for The Federal Deposit Insurance Corporation

393985                                    -4-

**FDIC'S OBJECTION TO APPLICATION OF FIRSTFED FINANCIAL CORP. FOR ORDER AUTHORIZING EMPLOYMENT OF DELTA CORPS, INC. NUNC PRO TUNC TO, AND EFFECTIVE AS OF, JUNE 1, 2010 AND REQUEST FOR HEARING**