| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Landau Gottfried & Berger LLP<br>Jon L.R. Dalberg (State Bar No. 128259)<br>1801 Century Park East, Suite 1460<br>Los Angeles, CA 90067<br>T: 310-557-0050<br>F: 310-557-0056<br><br>*Attorney for* FirstFed Financial Corp., Debtor and Debtor-in-Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

FIRSTFED FINANCIAL CORP.

CHAPTER: 11

CASE NO.: 2:10-bk-12927-ER

Debtor(s).

(No Hearing Required)

## DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING
## PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)

1.  I am the ☐ Movant ☒ Movant's Attorney   in this matter and hereby declare as follows:

2.  On *(specify date)*: 8/2/10_____, Movant filed a motion entitled *(specify)*:
    Second Motion for Order Extending Periods in which Debtor Exclusively May File a Chapter 11 Plan and Solicit Acceptances

3.  A copy of the motion and notice of motion is attached hereto.

4.  Pursuant to Local Bankruptcy Rule 9013-1(o), the motion was served by mail on *(specify date)*: 8/2/10_____,
    together with a notice stating that any party objecting to the motion has 14 days within which to file and serve any written objection and request a hearing on the above motion.

5.  More than __14___ days have passed since the service of the notice of motion.

6.  No objection has been timely served on Movant at the address specified in the notice. Therefore, no hearing is required.

7.  The proposed Order is submitted herewith. *(Submit original and appropriate copies of Order with envelopes and Notice of Entry)*

WHEREFORE, Movant requests that the Order granting the relief requested in the motion be signed and entered forthwith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at Los Angeles_____, California.

Dated: 8/23/10

Jon L.R. Dalberg
*Typed Name of Declarant*

*Signature of Declarant*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 9013-1.9**

LANDAU GOTTFRIED & BERGER LLP
JON L.R. DALBERG (State Bar No. 128259)
RODGER M. LANDAU (State Bar No. 151456)
1801 Century Park East, Suite 1460
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056
jdalberg@lgbfirm.com
rlandau@lgbfirm.com

Counsel for FirstFed Financial Corp.

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:10-bk-12927-ER |
| FIRSTFED FINANCIAL CORP, | |
|     Debtor and<br>    Debtor-in-Possession. | Chapter 11<br><br>**NOTICE OF MOTION AND SECOND MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE PERIODS IN WHICH THE DEBTOR EXCLUSIVELY MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JON L.R. DALBERG IN SUPPORT THEREOF.**<br><br>[No hearing required pursuant to L.B.R. 9013-1(o)] |

LANDAU
GOTTFRIED
& BERGER LLP

1   TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE

2   AND ALL INTERESTED PARTIES:

3       PLEASE TAKE NOTICE THAT debtor and debtor-in-possession, FirstFed Financial

4   Corp (the "Debtor"), has filed a motion (the "Motion") in the above-captioned chapter 11 case

5   ("Bankruptcy Case") pursuant to Section 1121(d) of Title 11 of the United States Code, 11

6   U.S.C. § 101, *et seq.* (the "Bankruptcy Code") and LBR Rule 9013-l(o), requesting entry of an

7   order further extending, by sixty-one (61) days (to Monday, October 4, 2010) the period in which

8   the Debtor exclusively may file a chapter 11 plan ("Plan Exclusivity Period"), and by sixty (60)

9   days (to Friday, December 3, 2010) the period in which the Debtor exclusively may solicit

10  acceptances for such a plan ("Solicitation Exclusivity Period" and, with the Plan Exclusivity

11  Period, the "Exclusivity Periods").

12      PLEASE TAKE FURTHER NOTICE that extending the Exclusivity Periods as requested

13  is necessary and appropriate under the circumstances to permit the Debtor to conclude negotiating

14  the terms of a consensual liquidating chapter 11 plan with Wilmington Trust Company, acting in its

15  capacity as Indenture Trustee for the holders of the Debtor's Senior Notes due 2015, Senior Notes

16  due 2016 and Senior Notes due 2017, which Senior Notes represent the vast majority of the Debtor's

17  unsecured indebtedness.

18      PLEASE TAKE FURTHER NOTICE THAT the Motion is based on the attached

19  Memorandum of Points and Authorities and Declaration of Jon L.R. Dalberg in support thereof, the

20  arguments of counsel, and any other admissible evidence properly brought before the Court. In

21  addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court

22  in the above-captioned Bankruptcy Case.

23  ///

24  ///

25  ///

26  ///

27  ///

28

LANDAU
GOTTFRIED
& BERGER LLP

2

///

**PLEASE TAKE FURTHER NOTICE** that LBR 9013-1(o)(1) requires that any response to the Motion and request for hearing shall be filed with the Bankruptcy Court and served upon counsel for the Debtor at the address appearing on the upper-left hand corner of the caption page to this Motion within fifteen (15) days of the date of service of the Motion.  Pursuant to Local Rule 9013-1(h), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Dated: August 2, 2010                    LANDAU GOTTFRIED & BERGER LLP


By:___/s/Jon L.R. Dalberg_____
         Jon L.R. Dalberg
Counsel for FirstFed Financial Corp.

LANDAU
GOTTFRIED
& BERGER LLP

3

Case 2:10-bk-12927-ER    Doc 60    Filed 08/02/10    Entered 08/02/10 16:38:46    Desc
Main Document    Page 4 of 21

## MEMORANDUM OF POINTS AND AUTHORITIES

Debtor and debtor-in-possession, FirstFed Financial Corp ("FirstFed" or the "Debtor"), by this *Second Motion for Entry of an Order Pursuant to Section 1121(d) of the Bankruptcy Code Extending the Periods in which the Debtor Exclusively May File a Chapter 11 Plan and Solicit Acceptances Thereto* (the "Motion"), which is supported by the *Declaration of Jon L.R. Dalberg* (the "Dalberg Declaration"), hereby moves this Court for entry of an order, pursuant to Section 1121(d) of the Bankruptcy Code and Rule 9013-1(o) of the Local Rules extending, by sixty-one (61) days (to Monday, October 4, 2010) the period in which the Debtor exclusively may file a chapter 11 plan ("Plan Exclusivity Period"), and by sixty (60) days (to Friday, December 3, 2010) the period in which the Debtor exclusively may solicit acceptances for such a plan ("Solicitation Exclusivity Period" and, with the Plan Exclusivity Period, the "Exclusivity Periods") and granting such other and further relief as is just and proper under the circumstances, based upon the following:

### I.

### BACKGROUND

#### A.    Introduction.

By this Motion, the Debtor seeks a second extension of the Exclusivity Periods, which previously were extended by ninety (90) days, to August 4, 2010 and October 4, 2010, respectively.[1] The extension sought is limited – approximately sixty (60) days in each case – and is necessary to allow the Debtor to complete negotiations toward a consensual Chapter 11 plan of liquidation with Wilmington Trust Company, acting in its capacity as Indenture Trustee (when acting in such capacity, the "Indenture Trustee"), for the holders (collectively, the "Noteholders") of the Debtor's Senior Notes due 2015, Senior Notes due 2016 and Senior Notes due 2017 (collectively, the "Notes"), in the aggregate principal amount of over $159,000,000.00, which Notes represent the vast majority of the Debtor's unsecured indebtedness.

The negotiations with the Indenture Trustee are well under way. Drafts of a liquidating plan

---

[1] *See, Order Granting Motion for Entry of an Order Pursuant to Section 1121(d) of the Bankruptcy Code Extending the Periods in Which the Debtor Exclusively May File a Chapter 11 Plan and Solicit Acceptances Thereto,* entered herein on June 3, 2010 (Docket No. 43).

LANDAU
GOTTFRIED
& BERGER LLP

4

Case 2:10-bk-12927-ER    Doc 60    Filed 08/02/10    Entered 08/02/10 16:38:46    Desc
Main Document        Page 5 of 21

and accompanying disclosure statement have been prepared and are under review. The Indenture

Trustee supports this Motion and the extension of the Exclusivity Periods sought, and both the

Debtor and the Indenture Trustee believe that their negotiations will be successful and a consensual

plan agreed to.

### B.    Events Leading to Commencement of Debtor's Chapter 11 Case.

The Debtor is a bank holding company incorporated in Delaware. Its principal business has

been to serve as the holding company for its wholly-owned subsidiary, First Federal Bank of

California (the "Bank"). On December 18, 2009, the Debtor's primary federal banking regulator, the

Office of Thrift Supervision ("OTS"), closed the Bank and appointed the Federal Deposit Insurance

Company ("FDIC") as receiver for the Bank. Concurrently, the FDIC, in its capacity as receiver for

the Bank, entered into a purchase and assumption agreement with OneWest Bank, FSB ("OneWest")

to assume all of the Bank's deposits and certain other of its assets and liabilities. As a result of the

loss of its primary financial asset, the Debtor commenced this case under Chapter 11 of the

Bankruptcy Code by filing its voluntary petition for relief on January 6, 2010 (the "Petition Date").

Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor, as debtor-in-possession,

continues to operate its business and manage its affairs. No trustee or examiner has been appointed

in the Bankruptcy Case, and nor has the United States Trustee appointed any Official Committee of

Unsecured Creditors in the Bankruptcy Case.

### C.    Status of Case and Progress Toward Consensual Plan of Liquidation.

The Debtor intends to file a plan of liquidation ("Plan"), the focus of which, in addition to

winding down the Debtor and liquidating any assets, is, first, to preserve and, if warranted, pursue

for the benefit of creditors of the Debtor's estate, any causes of action that the Debtor may have

against various third party entities and/or individuals ("Debtor Claims") and, second, to investigate

and pursue potentially substantial claims that the Debtor may have for refunds aggregating an

estimated $90 million of taxes paid in prior tax years (the "Tax Refund").

The Debtor has made substantial progress towards meeting this goal, as is summarized

LANDAU
GOTTFRIED
& BERGER LLP

5

Case 2:10-bk-12927-ER    Doc 60    Filed 08/02/10    Entered 08/02/10 16:38:46    Desc
Main Document    Page 6 of 21

below:

         1.    Establishment of Claims Bar Date.

On February 22, 2010, the Debtor filed its *Notice of Motion and Motion for Entry of an Order (I) Establishing Bar Dates for Filing Proofs of Claim or Interest; and (II) Approving the Form and Manner of Notice Thereof* (Docket No. 28) ("Bar Date Motion"). Pursuant to an Order of the Bankruptcy Court entered on April 15, 2010 (Docket No. 34), the Bar Date Motion was approved and the Bar Date for filing proofs of claim was fixed as May 20, 2010 (the "Bar Date"). The last date for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim was set for July 5, 2010. On April 16, 2010, the Debtor served on all creditors, equity holders and other parties-in-interest and filed with the Bankruptcy Court its *Notice of Bar Date for Filing Proofs of Claim or Interest Against Debtor and Debtor-in-Possession FirstFed Financial Corp.* (Docket # 35). Both the general bar date of May 20, 2010 and the governmental claims bar date of July 5, 2010 have now passed, thus enabling the Debtor a clearer picture of eh universe of claims in its Bankruptcy Case.

         2.    Tax Refunds.

As noted previously, the Debtor may be eligible to claim a Tax Refund of its federal taxes in the amount of approximately $90 million due to a change in the tax law promulgated under Revenue Procedure 2009-52 permitting companies to carry back Net Operating Losses ("NOL") and Alternative Minimum Tax Net Operating Losses ("ATNOL") incurred in either the 2008 or 2009 tax years for a period of 5 years versus the 2 year period under the old rule.

However, preservation and pursuit of the Tax Refund, one of the principal assets of the Debtor's estate, has raised a number of complex legal issues and practical difficulties. The amount of the Tax Refund is not certain and the FDIC, as Receiver for the Bank, has filed a proof of claim (the "FDIC POC") in which it asserts, *inter alia*, that it has the right to receive some or all of any Tax Refund. The Debtor vigorously disputes this claim. However, the FDIC's claim raises a number of complex legal issues in an area of law that is developing in the wake of the wave of recent bank failures.

LANDAU
GOTTFRIED
& BERGER LLP

6

Case 2:10-bk-12927-ER    Doc 60    Filed 08/02/10    Entered 08/02/10 16:38:46    Desc
Main Document        Page 7 of 21

1    Moreover, as a result of the closing and sale of the Bank, certain information relating to the

2    Debtor's tax return for the 2009 tax year and necessary to the Debtor's claim to the Tax Refund is in

3    the possession or control of the FDIC and/or OneWest, posing additional practical difficulties.

4    The Debtor has worked diligently to address these issues.  It has located and employed

5    Crowe Horwath, LLP ("Crowe Horwath") as its accountants to prepare the Debtor's 2009 tax

6    returns and its application for the Refund, as well in connection with other tax matters.[2]  Crowe

7    Horwath was retained on account of its experience in the banking sector and its direct experience,

8    gleaned in other bank holding company bankruptcy cases, of the legal and accountancy issues

9    arising in connection with the Refund and is assisting the Debtor in its dealings with the IRS, the

10    FDIC and the California Franchise Tax Board ("FTB") on a variety of tax related matters.

11    The Debtor has also conducted extensive analysis and research in connection with the Tax

12    Refund and the FDIC's claim thereto and has recently entered into negotiations with the FDIC

13    regarding a possible agreement on the part of both parties to hold any tax refund they receive in a

14    segregated account or escrow, pending resolution of the disputes between them.

15    In this way, the Debtor has taken the steps necessary to preserve this asset, and to prepare

16    the groundwork for a liquidating trustee to administer and pursue the asset upon confirmation of

17    the Plan.

18         3.    Investigation of Potential Claims Against Debtor's Pre-petition

19           Accountants.

20    Also among the assets of the Debtor's estate are potential claims that the Debtor may have

21    against its pre-petition accountants and auditor, Grant Thornton, LLP ("GT").  The Debtor and its

22    special litigation counsel undertook a preliminary analysis of these claims and following that

23    preliminary analysis, on July 6, 2010, the Debtor filed its application to employ Rus Miliband &

24    Smith ("RMS") as special litigation counsel to further investigate and evaluate these claims,

25    subject to payment of a post-petition retainer in the amount of $50,000.00 to RMS, the amount of

26

27    [2]    See, Application of Debtor and Debtor-in-Possession to Employ Crowe Horwath, LLP as Accountants (filed herein on
28    May 18, 2010)(Docket No. 39) and Order Authorizing Employment of Crowe Horwath, LLP (entered on July
22,2010)(Docket No. 57).

LANDAU
GOTTFRIED
& BERGER LLP

7

Case 2:10-bk-12927-ER   Doc 60   Filed 08/02/10   Entered 08/02/10 16:38:46   Desc
Main Document      Page 8 of 21

1  which would also serve as the maximum amount to be paid to RMS for such investigation and

2  analysis. (Docket No. 49).

3      4.   Change in Debtor's Management and Application to Employ
           Don Pelgrim as Chief Administrative Officer.
4

5      As of the Petition Date, the Debtor had two officers who continued to serve as officers of

6  the Debtor as Debtor-in-Possession: Babette Heimbuch, who served as the Debtor's Chief

7  Executive Officer and Chief Financial Officer, and Vikas Arora, who served as the Debtor's

8  General Counsel. Subsequent to the commencement of the case, the OTS notified the Debtor's

9  Board of Directors ("Board") that it intended to take regulatory action against the Board and its

10 members in connection with Ms. Heimbuch's appointment because the Board allegedly had failed

11 to give the OTS 30 day's prior notice of Ms. Heimbuch's appointment. Although Ms. Heimbuch,

12 FirstFed and its Board believed that the appointment was in accordance with the OTS's regulations

13 because the commencement of the Bankruptcy Case was an exigent circumstance that obviated the

14 need for compliance with the 30-day notice requirement, Ms. Heimbuch nonetheless, after

15 discussions between the Board and the OTS, voluntarily resigned from her position as CEO and

16 CFO of the Debtor, effective mid-May. Shortly thereafter, Mr. Arora resigned to take up a post

17 elsewhere. Accordingly, FirstFed was left with no officer to act on its behalf in the Bankruptcy

18 Case.

19     To fill this vacuum, FirstFed's Board acted quickly to identify possible candidates to serve

20 in leadership positions of FirstFed, including Mr. Donald H. Pelgrim, who had first-hand

21 experience of the bank holding company bankruptcy process, having served as Chief

22 Administrative Officer ("CAO") of Vineyard National Bancorp. ("VNB") during VNB's Chapter

23 11 bankruptcy case. Based on this experience and Mr. Pelgrim's extensive background in banking

24 the Board selected Mr. Pelgrim, and entered into an agreement with Delta Corps, Inc., to provide

25 the Debtor with Mr. Pelgrim's services as CAO of the Debtor. The Board also appointed Brian

26 Argrett to serve as FirstFed's Chief Executive Officer and Secretary. Mr. Argrett is a member of

27 FirstFed's Board, and had been appointed as Chairman in December 2009. The combined

28

LANDAU
GOTTFRIED
& BERGER LLP

8

Case 2:10-bk-12927-ER    Doc 60    Filed 08/02/10    Entered 08/02/10 16:38:46    Desc
Main Document        Page 9 of 21

1  compensation of Mr. Pelgrim and Mr. Argrett represented a 20% savings to the Debtor's estate,

2  when compared with the salaries that were paid to Ms. Heimbuch and Mr. Arora.

3      On June 25, 2010, the Debtor filed its application to employ Delta Corps for the services of

4  Mr. Pelgrim as CAO. (Docket No. 46) ("Delta Corps Application"). On July 12, 2010, the FDIC

5  filed its written objection to Mr. Pelgrim's employment. (Docket No. 53) ("FDIC Objection").

6  The Debtor believes that Mr. Pelgrim has an important role to play in achieving its goal of

7  preserving its assets and confirming its Plan, particularly in light of his direct experience with

8  issues similar to those facing the Debtor in its Bankruptcy Case (including issues relating to the

9  FDIC's claims to the Tax Refund), and does not believe that the FDIC's objection to Mr. Pelgrim's

10  employment is well taken. Accordingly, after initially attempting, unsuccessfully, to resolve the

11  FDIC Objection consensually with the FDIC's counsel, the Debtor has noticed a hearing to

12  consider the Delta Corps Application and the FDIC Objection, which the Debtor does not believe

13  is well taken.

14      In short, the Debtor has worked diligently to preserve its assets and prepare them for

15  administration by a liquidating trustee after confirmation of its Plan. At this time, drafts of the

16  Plan and to disclosure statement that will accompany it have been prepared and the Debtor and the

17  Indenture Trustee are negotiating their terms. The Debtor anticipates that these negotiations will

18  be successfully concluded in the near future, and thus believes that the modest extension of the

19  Exclusivity Periods sought herein to allow that to happen, is warranted under the circumstances.

20  II.

21  **ARGUMENT**

22      Section 1121(d) of the Bankruptcy Code provides the Court with authority to extend the

23  exclusive periods in which a debtor may file a Chapter 11 plan and solicit acceptances for that plan

24  for "cause." 11 U.S.C § 1121(d). The Bankruptcy Code does not define "cause." However, in

25  determining whether "cause" exists in a given case, the Court should adopt a flexible approach to

26  serve the end of giving the Debtor a reasonable and exclusive opportunity to negotiate a plan that is

27  acceptable to creditors and to prepare adequate information relating to the ramifications of any plan

28

LANDAU
GOTTFRIED
& BERGER LLP

9

1   to be disclosed to creditors. *See, e.g., In re McLean Indus., Inc.,* 87 B.R. 830, 833-35 (Bankr

2   S.D.N.Y. 1987), *citing* H.R.Rep. No. 95-595, at 231, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191; *In*

3   *re Pub. Serv. Co. of New Hampshire,* 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ([T]he legislative

4   intent . . . [is] to promote maximum flexibility") (internal citations omitted).

5          The decision to extend a debtor's exclusivity periods lies within the sound discretion of the

6   bankruptcy court, based on the particular facts and circumstances of each case. *See, e.g., In re*

7   *Cushman & Dredging Corp.,* 101 B.R. 405, 409 (E.D.N.Y. 1989) ("The 'cause' standard . . . has

8   been referred to as a general standard that allows the Bankruptcy Court 'maximum flexibility to suit

9   various types of reorganization proceedings.'") (internal citations omitted); *First American Bank v.*

10  *Southwest Gloves & Safety Equip., Inc.,* 64 B.R. 963, 965 (D. Del. 1986) ("Section 1121(d) provides

11  the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its

12  discretion").

13         The key question in determining whether or not cause exists to extend the exclusivity periods

14  is whether an extension will serve to "facilitate movement towards a fair and equitable resolution of

15  the case, taking into account all the divergent interests involved." *Official Committee of Unsecured*

16  *Creditors v. Henry Mayo Newhall Mem. Hosp. (In re Henry Mayo Newhall Mem. Hosp.),* 282 B.R.

17  444, 453 (B.A.P. 9th Cir. 2002).

18         As the court noted in *Henry Mayo,* courts have generally considered a number of factors in

19  determining whether to grant an extension of exclusivity. *See Henry Mayo,* 282 B.R. at 452. In *In*

20  *re Dow Corning Corp.,* 208 B.R. 664 (Bankr. E.D. Mich. 1997), referenced in the *Henry Mayo*

21  opinion, these factors were summarized as follows:

22      1.     The size and complexity of the case;

23      2.     The necessity of sufficient time to permit the debtor to negotiate a plan of

24             reorganization;

25      3.     The existence of good faith progress toward reorganization;

26      4.     The fact that the debtor is paying its bills as they come due;

27      5.     Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

28

LANDAU
GOTTFRIED
& BERGER LLP

10

6.     Whether the debtor has made progress in negotiations with creditors;

7.     The amount of time that has elapsed in the case;

8.     Whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands;

9.     Whether an unresolved contingency exists.

*Dow Corning,* 208 B.R. at 664-65.

As is apparent, many of these factors overlap to a greater or lesser extent. For example, factors 2 and 7 are closely related and both deal with the lapse of time; similarly, factors 6 and 8 are related, in that both deal with the debtor's negotiations with creditors concerning a plan. Nonetheless, application of the relevant factors to this case demonstrably supports the extension of exclusivity sought.

A.     The Size and Complexity of the Debtor's Case Warrants an Extension of Exclusivity.

Courts have generally recognized that where a debtor is unusually large, an extension of exclusivity may be warranted. *See, e.g. In re Texaco Inc.,* 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987). This is consistent with the legislative history. *See* H.R. Rep. 95-595, at 232 (1977) *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191 ("if an unusually large company were to seek reorganization under Chapter 11, the court would probably need to extend the time in order to allow the debtor to seek agreement").

Courts also have recognized that an extension of exclusivity can be warranted even in smaller cases, where complex issues are present. *See, e.g., Bunch v. Hoffinger Industries (In re Hoffinger Industries),* 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003), the Eighth Circuit Bankruptcy Appellate Panel affirmed an extension of the exclusive periods to approximately 595 days after the commencement of the case, despite the fact that the debtor was relatively small, with only $36 million in gross sales where the case was complex and the debtor was actively attempting to resolve the issues. So, too, in *Gaines v. Perkins (In re Perkins),* 71 B.R. 294 (D. Tenn. 1987), except that in that case the extension was for more than two and a half years, in a case with an estate of $13 million and approximately

LANDAU
GOTTFRIED
& BERGER LLP

11

Case 2:10-bk-12927-ER    Doc 60    Filed 08/02/10    Entered 08/02/10 16:38:46    Desc
Main Document    Page 12 of 21

1   100 creditors.

2        The Debtor's case has been pending for barely seven months.  It is the Debtor's intent to

3   propose and confirm a consensual liquidating plan in this case, and the Debtor has made substantial

4   progress towards that end, having dealt with a numerous complex issues relating to the preservation

5   of the Tax Refund, a change in management at the behest of the OTS and the investigation of its

6   potential claims against third parties, including GT.  In the midst of this activity, the Debtor has also

7   proposed drafts of a liquidating plan and disclosure statement to the Indenture Trustee and expects to

8   be able to successfully conclude its negotiations with the Indenture Trustee on the terms of that plan.

9   As such, the Debtor believes that the modest extension of the Exclusive Periods that it seeks in this

10  Motion is warranted under the circumstances.

11

12       **B.**      **The Debtor's Case Has Been Pending for Barely Seven Months and a**
                 **Short Extension of the Exclusivity Periods by Sixty Days is Needed to**
13               **Complete Plan Negotiations.**

14       The Debtor's case has been pending for barely seven months, and additional time is

15  necessary for the Debtor to conclude plan negotiations, already commenced, with the Indenture

16  Trustee.  However, while the Debtor and the Indenture Trustee believe that it is likely that their plan

17  negotiations are likely to be concluded in the near future, neither believes that those negotiations can

18  be concluded and a plan filed before August 4, 2010, the present date upon which the Debtor's

19  exclusive right to propose a plan will expire.  Accordingly, the relatively short extension of the

20  Exclusivity Periods sought is necessary to allow plan negotiations to be concluded.  Moreover, the

21  Indenture Trustee supports this Motion and the requested extension.

22                                        III.

23                                    CONCLUSION

24       Accordingly, for the reasons set forth above, the Debtor requests that the Court enter its

25  Order granting this Motion, extending, by sixty-one (61) days (to Monday, October 4, 2010) the

26  period in which the Debtor exclusively may file a chapter 11 plan ("Plan Exclusivity Period"), and

27  by sixty (60) days (to December 3, 2010) the period in which the Debtor exclusively may solicit

28

LANDAU
GOTTFRIED
& BERGER LLP                                    12

Case 2:10-bk-12927-ER    Doc 60    Filed 08/02/10    Entered 08/02/10 16:38:46    Desc
Main Document        Page 13 of 21

1    acceptances for such a plan ("Solicitation Exclusivity Period" and, with the Plan Exclusivity Period,

2    the "Exclusivity Periods"), and for such other relief as the Court may deem appropriate under the

3    circumstances.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU
COTTFRIED
& BERGER LLP

13

1  Respectfully submitted,

2  Dated: August 2, 2010                LANDAU GOTTFRIED & BERGER LLP

3

4                                        By:___/s/Jon L.R. Dalberg_____
                                              Jon L.R. Dalberg
5                                        Counsel for FirstFed Financial Corp

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU
GOTTFRIED
& BERGER LLP

14

15

Case 2:10-bk-12927-ER    Doc 60    Filed 08/02/10    Entered 08/02/10 16:38:46    Desc
Main Document    Page 15 of 21

### DECLARATION OF JON L.R. DALBERG

I, Jon L.R. Dalberg, do hereby declare:

1.      I am a partner of Landau Gottfried & Berger LLP, bankruptcy counsel to FirstFed Financial Corp., debtor and debtor-in-possession ("FirstFed" or "Debtor") in FirstFed's Chapter 11 bankruptcy case, pending before this Court as Chapter 11 Case No. 2:10-bk-12927-ER ("Bankruptcy Case"), and the attorney principally responsible for representing the Debtor. I am admitted to practice in the State of California and before this Court.

2.      I make this declaration in support of the Debtor's *Second Motion for Entry of an Order Pursuant to Section 1121(d) of the Bankruptcy Code Extending the Periods in which the Debtor Exclusively May File a Chapter 11 Plan and Solicit Acceptances Thereto* (the "Motion"). I am familiar with the matters relating to the Motion and the relief sought therein and, if called upon, I could and would testify competently thereto. Defined terms used in this Declaration shall bear the same meaning as that ascribed to them in the Motion, unless indicated otherwise.

3.      The Debtor is a bank holding company incorporated in Delaware. Its principal business has been to serve as the holding company for its wholly-owned subsidiary, First Federal Bank of California ("Bank"). On December 18, 2009, the Debtor's primary federal banking regulator, the OTS, closed the Bank and appointed the FDIC as receiver for the Bank. Concurrently, the FDIC entered into a purchase and assumption agreement with OneWest Bank, FSB ("OneWest") to assume all of the Bank's deposits and certain other of its assets and liabilities. As a result of the loss of its primary financial asset, the Debtor commenced this case under Chapter 11 of the Bankruptcy Code by filing its voluntary petition for relief on January 6, 2010. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor, as debtor-in-possession, continues to operate its business and manage its affairs. No trustee or examiner has been appointed in the Bankruptcy Case, and nor has the United States Trustee appointed any Official Committee of Unsecured Creditors in the Bankruptcy Case.

4.      The Debtor intends to file a plan of liquidation the focus of which, in addition to winding down the Debtor and liquidating any assets, is, first, to preserve and, if warranted, pursue

LANDAU
GOTTFRIED
& BERGER LLP

15

Case 2:10-bk-12927-ER    Doc 60    Filed 08/02/10    Entered 08/02/10 16:38:46    Desc
Main Document      Page 16 of 21

1  for the benefit of creditors of the Debtor's estate, any causes of action that the Debtor may have

2  against various third party entities and/or individuals and, second, to investigate and pursue

3  potentially substantial claims that the Debtor may have for refunds aggregating an estimated $90

4  million of taxes paid in prior tax years.

5      5.    On February 22, 2010, the Debtor filed its Bar Date Motion. Pursuant to an Order of

6  the Bankruptcy Court entered on April 15, 2010, the Bar Date Motion was approved and the Bar

7  Date for filing proofs of claim was fixed as May 20, 2010. The last date for governmental units (as

8  defined in section 101(27) of the Bankruptcy Code) to file proofs of claim was set for July 5, 2010.

9  On April 16, 2010, the Debtor served on all creditors, equity holders and other parties-in-interest and

10  filed with the Bankruptcy Court its *Notice of Bar Date for Filing Proofs of Claim or Interest Against*

11  *Debtor and Debtor-in-Possession FirstFed Financial Corp.* (Docket # 35). Both the general bar

12  date of May 20, 2010 and the governmental claims bar date of July 5, 2010 have now passed, thus

13  enabling the Debtor a clearer picture of eh universe of claims in its Bankruptcy Case.

14      6.    The Debtor may be eligible to claim a Tax Refund of its federal taxes in the amount

15  of approximately $90 million due to a change in the tax law promulgated under Revenue Procedure

16  2009-52 permitting companies to carry back Net Operating Losses and Alternative Minimum Tax

17  Net Operating Losses incurred in either the 2008 or 2009 tax years for a period of 5 years versus the

18  2 year period under the old rule.

19      7.    Preservation and pursuit of the Tax Refund, one of the principal assets of the Debtor's

20  estate, has raised a number of complex legal issues and practical difficulties. The amount of the Tax

21  Refund is not certain and the FDIC, as Receiver for the Bank, has filed the FDIC POC in which it

22  asserts, *inter alia*, that it has the right to receive some or all of any Tax Refund. The Debtor

23  vigorously disputes this claim. However, the FDIC's claim raises a number of complex legal issues

24  in an area of law that is evolving in the wake of the wave of recent bank failures.

25      8.    Moreover, as a result of the closing and sale of the Bank, certain information relating

26  to the Debtor's tax return for the 2009 tax year and necessary to the Debtor's claim to the Tax

27  Refund is in the possession or control of the FDIC and/or OneWest, posing additional practical

28

LANDAU
GOTTFRIED
& BERGER LLP

16

1   difficulties.

2       9       The Debtor has worked diligently to address these issues. It has located and

3   employed Crowe Horwath as its accountants to prepare the Debtor's 2009 tax returns and its

4   application for the Refund, as well in connection with other tax matters. Crowe Horwath was

5   retained on account of its experience in the banking sector and its direct experience, gleaned in

6   other bank holding company bankruptcy cases, of the legal and accountancy issues arising in

7   connection with the Tax Refund and is assisting the Debtor in its dealings with the IRS, the FDIC

8   and the California FTB on a variety of tax related matters.

9       10      To preserve the Tax Refund, and to prepare the groundwork for a liquidating trustee

10  to administer and pursue it upon confirmation of the Plan, the Debtor and its counsel have also

11  conducted extensive analysis and research in connection with the Tax Refund and the FDIC's

12  claim thereto and the Debtor has recently entered into negotiations with the FDIC regarding a

13  possible agreement on the part of both parties to hold any tax refund they receive in a segregated

14  account or escrow, pending resolution of the disputes between them.

15      11.     Also among the assets of the Debtor's estate are potential claims that the Debtor

16  may have against its pre-petition accountants and auditor, Grant Thornton, LLP. The Debtor and

17  its special litigation counsel undertook a preliminary analysis of these claims and, on July 6, 2010,

18  the Debtor filed its application to employ Rus Miliband & Smith ("RMS") as special litigation

19  counsel to further investigate and evaluate these claims, subject to payment of a post-petition

20  retainer in the amount of $50,000.00 to RMS, the amount of which would also serve as the

21  maximum amount to be paid to RMS for such investigation and analysis.

22      12      As of the Petition Date, the Debtor had two officers who continued to serve as

23  officers of the Debtor as Debtor-in-Possession: Babette Heimbuch, who served as the Debtor's

24  Chief Executive Officer and Chief Financial Officer, and Vikas Arora, who served as the Debtor's

25  General Counsel. Subsequent to the commencement of the case, the OTS notified the Debtor's

26  Board of Directors ("Board") that it intended to take regulatory action against the Board and its

27  members in connection with Ms. Heimbuch's appointment because the Board allegedly had failed

28

LANDAU
GOTTFRIED
& BERGER LLP

17

Case 2:10-bk-12927-ER    Doc 60    Filed 08/02/10    Entered 08/02/10 16:38:46    Desc
Main Document        Page 18 of 21

1    to give the OTS 30 day's prior notice of Ms. Heimbuch's appointment.  Although Ms. Heimbuch,

2    FirstFed and its Board believed that the appointment was in accordance with the OTS's regulations

3    because the commencement of the Bankruptcy Case was an exigent circumstance that obviated the

4    need for compliance with the 30-day notice requirement, Ms Heimbuch nonetheless, after

5    discussions between the Board and the OTS, acceded to the OTS's pressure and voluntarily

6    resigned from her position as CEO and CFO of the Debtor, effective mid-May.  Shortly thereafter,

7    Mr. Arora resigned to take up a post elsewhere.  Accordingly, FirstFed was left with no officer to

8    act on its behalf in the Bankruptcy Case.

9        13      To fill this vacuum, FirstFed's Board acted quickly to identify possible candidates

10   to serve in leadership positions of FirstFed, including Mr. Donald H. Pelgrim, who had first-hand

11   experience of the bank holding company bankruptcy process, having served as Chief

12   Administrative Officer of Vineyard National Bancorp. ("VNB") during VNB's Chapter 11

13   bankruptcy case.  Based on this experience and Mr. Pelgrim's extensive background in banking the

14   Board selected Mr. Pelgrim, and entered into an agreement with Delta Corps to provide the Debtor

15   with Mr. Pelgrim's services as CAO of the Debtor.  The Board also appointed Brian Argrett to

16   serve as FirstFed's Chief Executive Officer and Secretary.  Mr. Argrett is a member of FirstFed's

17   Board, and had been appointed as Chairman in December 2009.  The combined compensation of

18   Mr. Pelgrim and Mr. Argrett represented a 20% savings to the Debtor's estate, when compared

19   with the salaries that were paid to Ms. Heimbuch and Mr. Arora.

20       14.     On June 25, 2010, the Debtor filed its application to employ Delta Corps for the

21   services of Mr. Pelgrim as CAO.  On July 12, 2010, the FDIC filed the FDIC Objection objecting

22   to Mr. Pelgrim's employment. (Docket No. 53)  The Debtor believes that Mr. Pelgrim has an

23   important role to play in achieving its goal of preserving its assets and confirming its Plan,

24   particularly in light of his direct experience with issues similar to those facing the Debtor in its

25   Bankruptcy Case (including issues relating to the FDIC's claims to the Tax Refund), and does not

26   believe that the FDIC's objection to Mr. Pelgrim's employment is well taken.  Accordingly, after

27   initially attempting, unsuccessfully, to resolve the FDIC Objection consensually with the FDIC's

28

LANDAU
GOTTFRIED
& BERGER LLP

18

1  counsel, the Debtor has noticed a hearing to consider the Delta Corps Application and the FDIC

2  Objection, which the Debtor does not believe is well taken.

3      15.     By the Motion, the Debtor seeks a second extension of the Exclusivity Periods, which

4  previously were extended by ninety (90) days, to August 4, 2010 and October 4, 2010, respectively.

5  The extension sought is necessary to allow the Debtor to complete negotiations toward a consensual

6  Chapter 11 plan of liquidation with the Indenture Trustee.

7  5.     Drafts of a liquidating plan and accompanying disclosure statement have been prepared and

8  are under review by the Indenture Trustee.  Based on my conferences with counsel to the Indenture

9  Trustee, I am informed and believe that the Indenture Trustee supports this Motion and the extension

10  of the Exclusivity Periods sought, and both the Debtor and the Indenture Trustee believe that their

11  Plan negotiations will be successful and a consensual plan agreed to.

12

13  Executed this 2nd day of August, 2010, in Los Angeles, California.

14

15

16      Jon L.R. Dalberg

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU
GOTTFRIED
& BERGER LLP

19

| In re: | | CHAPTER 11 |
|--------|--|------------|
| FirstFed Financial Corp. | | |
| | Debtor(s). | CASE NUMBER 2:10-bk-12927-ER |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Landau Gottfried & Berger LLP, 1801 Century Park East, Suite 1460, Los Angeles, CA 90067.

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND SECOND MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE PERIODS IN WHICH THE DEBTOR EXCLUSIVELY MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JON L.R. DALBERG IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 2, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Louis J Cisz   lcisz@nixonpeabody.com
Jon L Dalberg   jdalberg@lgbfirm.com, ncereseto@lgbfirm.com
Ivan L Kallick   ikallick@manatt.com, ihernandez@manatt.com
John W Kim   jkim@nossaman.com
Rodger M Landau   rlandau@lgbfirm.com, kmoss@lgbfirm.com
S Margaux Ross   margaux.ross@usdoj.gov
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐   Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On August 2, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ernest Robles
USBC - Central District of California
255 East Temple Street, Suite 1560
Los Angeles, CA  90012

☒   Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on   August 2, 2010   I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Allan H. Ickowitz, Esq.**   aickowitz@nossaman.com      ☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 2, 2010 | Natalie M. Cereseto | _NMCereseto_ |
|----------------|---------------------|--------------|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
**9013-3.1**

F

| In re:                          |              | CHAPTER 11                            |
|---------------------------------|--------------|---------------------------------------|
| FirstFed Financial Corp.        |              |                                       |
|                                 | Debtor(s).   | CASE NUMBER 2:10-bk-12927-ER          |

## II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL

U.S. Trustee
Office of the United States Trustee
ATTN: Gary Baddin/ Susan Trevino/ Dare Law
725 S. Figueroa St., Ste. 2600
Los Angeles, CA 90017

Debtor
FirstFed Financial Corp.
4000 Barranca Parkway, Suite 250
Irvine, CA 92604

Special Counsel for Debtor
Ellen R. Marshall
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, California 92626

Creditors with 20 Largest Claims
Delaware Division of Corporations
ATTN Mazie Kramer
401 Federal Street, Ste. 4
Dover, DE  19901

FBR Capital Markets
1001 Nineteenth Street North
Arlington, VA 22209

First Federal Bank of California
12555 West Jefferson Blvd
Los Angeles, CA 90066

Securities and Exchange Commission
ATTN: S. Lavigna, Esq.
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036

Grant Thornton LLP
1000 Wilshire Blvd Suite 300
Los Angeles, CA 90017

Grazia M Galuppo
27145 Manor Circle
Santa Clarita, CA 91354

Hexagon Securities LLC
555 Madison Ave 25th Floor
New York, NY 10022

HQ Global Workplaces
6320 Canoga Avenue Suite 1500
Woodland Hills, CA 91367

Manatt Phelps & Phillips LLP
695 Town Center Drive 14th Floor
Costa Mesa, CA 92626

Morrison and Foerster LLP
555 West Fifth Street Suite 3500
Los Angeles, CA 90013

Nixon Peabody LLP
Catherine Ng, Esq./ Frank Hamblett, Esq.
100 Summer Street
Boston, Massachusetts 02110

Registrar and Transfer Company
ATTN Dan Flynn
10 Commerce Drive
Cranford, NJ 07016

R R Donnelley
333 South Grand Ave
Los Angeles, CA 90071

Wilmington Trust Company
ATTN Patrick Healy
Rodney Square North
1100 North Market Street
Wilmington, DE 19890

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
9013-3.1                                    22                                    F

| In re:<br><br>FirstFed Financial Corp.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:10-bk-12927-ER |
| --- | --- |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067

A true and correct copy of the foregoing document described **DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 23, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Louis J Cisz                          lcisz@nixonpeabody.com
Ivan L Kallick                        ikallick@manatt.com, ihernandez@manatt.com
John W Kim                          jkim@nossaman.com
United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On August 23, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
SERVED BY U.S. MAIL
Honorable Ernest Robles                    **Debtor**
USBC - Central District of California      FirstFed Financial Corp.
255 East Temple Street, Suite 1560       4000 Barranca Parkway, Ste 250
Los Angeles, CA  90012                      Irvine, CA 92604

☐  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 23, 2010 | Katherine Moss | |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                F
9013-3.1