JON L.R. DALBERG (State Bar No. 128259)
RODGER M. LANDAU (State Bar No. 151456)
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 1460
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056
jdalberg@lgbfirm.com
rlandau@lgbfirm.com

Counsel for FirstFed Financial Corp.

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:10-bk-12927-ER |
| FIRSTFED FINANCIAL CORP, | |
| Debtor and Debtor-in-Possession. | Chapter 11 |
| | **DEBTOR'S OPPOSITION TO FDIC MOTION FOR RELIEF FROM STAY; DECLARATIONS OF SUE TOMLINSON, JON L.R. DALBERG AND LISA NOBLES IN SUPPORT THEREOF** |

**Hearing:**

Date:      September 7, 2010
Time:      10:00 a.m.
Place:     Courtroom 1568
           255 East Temple Street
           Los Angeles, California 90012

LANDAU GOTTFRIED
& BERGER LLP

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................................................2

II.  STATEMENT OF FACTS ..............................................................................................4

   A. Background ...................................................................................................................4

      1.  The Bankruptcy Case: ...............................................................................................4

      2.  2009 Consolidated Tax Return and 2009 Consolidated Tax Refund: ....................4

      3.  The FDIC and the 2009 Consolidated Tax Return ...................................................5

II.  ARGUMENT. ...................................................................................................................7

   A. The Automatic Stay Contained In Section 362 Of Bankruptcy Code-Applies. ......................7

    3.  The Automatic Stay Applies Notwithstanding IRC § 6402(k) and FIRREA § 1821(j): .....7

    4.  Sections 362(a)(3) and 362(a)(6) of Bankruptcy Code Apply to the FDIC's Actions: ....10

   B. The FDIC has Failed to Show Cause for Relief From the Stay: ...........................................12

III. CONCLUSION. ..............................................................................................................14

   A. The RFS Motion Should be Denied. ..................................................................................14

   B. Alternately, the Court Should Continue this Matter Until Such Time as the Debtor has Received the FDIC Pro Forma Tax Information and Receivership Period Financial Information and a Sufficient Opportunity to Complete the 2009 Consolidated Tax Return. 14

   C. In Any Event, the Court Should Require, to the Extent that the FDIC Chooses to Pursue the Continued RFS Motion or to Bring a New Motion for Relief From Stay, that the FDIC State With Specificity What Relief it Seeks. ...............................................14

LANDAU GOTTFRIED
& BERGER LLP

# TABLE OF AUTHORITIES

## CASES

*Bank of Am. Nat'l Ass'n v. Colonia Bank*, 604F.3d 1239 (11th Cir. 2010)..............................8

*Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995) ...................................... 10

*First City Asset Servicing Company v. FDIC (In re First City Asset Servicing Company)*, 158 B.R. 78 (Bankr. N.D. Tex 1993)................................................................ 9

*Googel v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125 (2d Cir. 1992)................................ 9

*Gross v. Bell Sav. Bank PA SA*, 974 F.2d 403 (3d Cir. 1992) ........................................ 8

*In re Colonial Realty Co.*, Civ. Action No. 3:91-200X (JAC), 1991 U.S. Dist. LEXIS 19014, *5 (D. Conn. Dec. 30, 1991)........................................................................ 9

*Joint Venture v. Onion*, 938 F.2d 35 (5th Cir. 1991)................................................. 8, 9

*McGowan v. RTC (In re Ciccone)*, 171 B.R. 4 (Bankr. D. R.I. 1994) ........................................ 9

*Telematics Int'l, Inc. v. NEMLC Leasing Corp.*, 967 F.2d 703 (1st Cir. 1992) ............................ 8

*United States v. Rodrigues*, 159 F.3d 439 (9th Cir. 1988) ........................................ 12

## STATUTES

11 U.S.C. § 101 *et seq.* ................................................................................. 2

11 U.S.C. § 362......................................................................................7, 9, 10

11 U.S.C. § 362(a)(6) ...................................................................... 10, 11

11 U.S.C. § 362(a)(7) ...................................................................... 10, 11

11 U.S.C. § 362(a)(3) ...................................................................... 10, 11

11 U.S.C. § 362(d)(1) ........................................................................... 2

11 U.S.C. § 363 .................................................................................... 9

11 U.S.C. § 542(b) ............................................................................... 10

11 U.S.C. § 553(a) ............................................................................... 10

11 U.S.C. § 1107 ................................................................................... 4

11 U.S.C. § 1108 ................................................................................... 4

26 U.S.C. § 6402(k)/Internal Revenue Code 6402(k) .................................... 7, 8, 11, 14

26 U.S.C. § 7701(a)(11)(B) ......................................................................... 8

## OTHER AUTHORITIES

Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") § 1821(j)7, 8, 9, 10

IRS Revenue Procedure 2009-52......................................................................4

LANDAU GOTTFRIED
& BERGER LLP

**RULES**

Fed R. Bankr. P. 2004..................................................................................................... 6

LBR 2004-1(a).............................................................................................................. 6

**REGULATIONS**

Treas. Reg. § 301.6402-7.......................................................................................... 11, 14

Treas. Reg. § 301.6402-7(a)(2) ...................................................................................... 11

Treas. Reg. § 301.6402-7(c) ........................................................................................... 12

Treas. Reg. § 301.6402-7(d)(1) ................................................................................. 11, 13

Treas. Reg. § 301.6402-7(d)( 2)(i) .................................................................................. 13

Treas. Reg. § 301.6402-7(e) .............................................................................. 11, 13, 14

Treas. Reg. § 301.6402-7(f)............................................................................................ 11

Treas. Reg. § 301.6402-7(g)..................................................................................... 11, 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LANDAU GOTTFRIED
& BERGER LLP

1    FirstFed Financial Corp ("FirstFed" or the "Debtor"), debtor and debtor-in-possession in the

2    captioned bankruptcy case ("Bankruptcy Case") under Chapter 11 of the United States Bankruptcy

3    Code, 11 U.S.C. § 101 et seq. ("Bankruptcy Code"), hereby files this opposition (the "Opposition")

4    to the motion for relief from stay [Docket No. 64-1] (the "RFS Motion") filed by the Federal Deposit

5    Insurance Company, as receiver ("FDIC") for the Debtor's wholly owned bank subsidiary, First

6    Federal Bank of California, a Federal Savings Bank (the "Bank"), and represents as follows:

**I.**

**INTRODUCTION**

9    The Debtor intends to file, and will file with the Internal Revenue Service ("IRS"), by

10    September 15, 2010 (the "September 15th Deadline"), a consolidated federal tax return for the

11    calendar year ended December 31, 2009 (the "2009 Consolidated Tax Return").  The Debtor has

12    retained Crowe Horwath LLC, a large and sophisticated accounting firm with substantial experience

13    with tax and accounting matters of troubled banks ("Crowe Horwath"), to ensure that, in fact, the

14    2009 Consolidated Tax Return is properly prepared, and timely filed, by the September 15th

15    Deadline.  As a result thereof, and contrary to the statements of the FDIC contained in its RFS

16    Motion, there is absolutely no cause under Section 362(d)(1) of the Bankruptcy Code to grant the

17    FDIC's RFS Motion.

18    The only reason why the Debtor has not yet filed the 2009 Consolidated Tax Return is

19    because it has been waiting for the FDIC to provide the Debtor with certain financial information

20    pertaining to the Bank for the period from December 18, 2009 to and including December 31, 2009

21    during which time the FDIC had sole control over the Bank as its appointed receiver (the

22    "Receivership Period Financial Information").  While the left hand of the FDIC continues to promise

23    to provide the Debtor with the Receivership Period Financial Information (three (3) times promising

24    to do so provide the Receivership Period Financial Information and three (3) times – including last

25    Friday – failing to do so), the right hand of the FDIC files this RFS Motion based on its alleged

26    concern that the Debtor has not adequately focused on the 2009 Consolidated Tax Return.  No

27    matter whether the FDIC's approach is a product of its internal communication problems or a

28    product of a more devious intent (the continuing and consistent failure of the FDIC to live up to its

LANDAU GOTTFRIED
& BERGER LLP

2

1  disclosure promises supports both conclusions), *cause for granting the RFS Motion simply does not*

2  *exist*. Instead, the FDIC should provide the Debtor with the Receivership Period Financial

3  Information as promised – either consensually or through the Rule 2004 process which the Debtor

4  has recently commenced against the FDIC.

5      If the Debtor timely receives the Receivership Period Financial Information from the FDIC,

6  Crowe Horwath will incorporate the Receivership Period Financial Information into the 2009

7  Consolidated Tax Return and a complete 2009 Consolidated Tax Return will be filed with the IRS

8  by the September 15th Deadline.  If the Debtor does not receive the Receivership Period Financial

9  Information, then the Debtor will timely file with the IRS the 2009 Consolidated Tax Return without

10  the Receivership Period Financial Information (and will evaluate at a later date the damage caused

11  by the FDIC's failure to cooperate, and the FDIC's failure to deliver the Receivership Period

12  Financial Information, as so promised).  Either way, the 2009 Consolidated Tax Return will be

13  properly prepared, and timely filed, by the September 15th Deadline and the substantial and valuable

14  net operation losses noted therein[1] will be preserved (to the maximum extent possible, if the FDIC

15  does not provide the Receivership Period Financial Information that it has promised for months).

16      In addition, the FDIC seeks in its RFS Motion an order from this Court authorizing it to

17  exercise certain amorphous "Tax Rights," which are ill-defined and overly broad, such that the RFS

18  Motion fails to disclose the nature of the actions that the FDIC plans to take if such relief were

19  granted by this Court.  This vague request constitutes yet further reason for this Court to deny the

20  RFS Motion unless the FDIC cures this defect in its Reply by providing the Debtor and the Court

21  with a copy of whatever it intends to file with the IRS (including the form of tax return that it would

22  file).  If it cannot or does not, then it should withdraw the RFS Motion and instead deliver to the

23  Debtor the Receivership Period Financial Information so that Crowe Horwath can incorporate the

24  Receivership Period Financial Information into the 2009 Consolidated Tax Return prior to the

25  Debtor the filing the 2009 Consolidated Tax Return with the IRS.

26  ///

27  ///

28

LANDAU GOTTFRIED
& BERGER LLP

---

[1] As noted below, these net operating losses may be result a federal tax refund of approximately $90,000,000.

3

## II.

## STATEMENT OF FACTS

**A.    Background:**

1.    <u>The Bankruptcy Case:</u>

The Debtor is a bank holding company incorporated under the laws of the State of Delaware. Its principal business has been to serve as the holding company for the Bank.  On December 18, 2009, the Office of Thrift Supervision closed the Bank and appointed the FDIC as receiver for the Bank.  As a result of the loss of its primary financial asset, the Debtor commenced this Bankruptcy Case by filing with this Court a voluntary petition for relief on January 6, 2010.  Pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code, the Debtor, as debtor-in-possession, continues to operate its business and manage its affairs.  The United States Trustee has not appointed an Official Committee of Unsecured Creditors in this Bankruptcy Case.

2.    <u>2009 Consolidated Tax Return and 2009 Consolidated Tax Refund:</u>

The Debtor has filed, for all relevant prior calendar years, consolidated tax returns for the Bank and itself.  Accordingly, it has been the Debtor (and not the Bank) that has been the sole tax filer.  The 2009 Consolidated Tax Return initially was due on March 15, 2010.  The Debtor timely filed with the IRS an extension which extended the date by which the Debtor is required to file the 2009 Consolidated Tax Return to the September 15th Deadline.  The Debtor sought this extension from the IRS partly at the urging of the FDIC, which took the position that the inclusion of the Receivership Period Financial Information was critical to the Debtor's ability to file a complete 2009 Consolidated Tax Return.  The FDIC contends that it is entitled to any refund due under the 2009 Consolidated Tax Return (the "<u>2009 Consolidated Tax Refund</u>").  The Debtor vigorously disputes this contention.

The 2009 Consolidated Tax Refund is based on the Debtor's right to claim a refund of federal taxes in the amount of approximately $90,000,000.00 due to a change in the tax law promulgated under IRS Revenue Procedure 2009-52.  IRS Revenue Procedure 2009-52 permits corporations to carry back any net operating losses and alternative minimum tax net operating losses ("<u>NOLs</u>") incurred during the calendar years ending December 31, 2008 and December 31, 2009 for

1  a period of five (5) years, rather than a period of two (2) years, as provided under prior law.  To

2  avoid losing these NOLs, the 2009 Consolidated Tax Return must be filed by September15[th]

3  Deadline.

4  　　　　The Debtor has consistently contended and disclosed that the 2009 Consolidated Tax Refund

5  is among its principal assets.  *See, e.g., Application of First Federal Financial Corporation for*

6  *Order Authorizing (1) Employment of Landau Gottfried & Berger LLP as Debtor's Bankruptcy*

7  *Counsel, and (2) Authorizing Landau & Berger LLP to Draw Down on Chapter 11 Retainer,*

8  [Docket No. 8], filed herein on January 20, 2010, page 10, lines 6 - 7 (primary focus of Debtor's

9  intended liquidating plan will be "to investigate and pursue potentially substantial claims that the

10  Debtor may have for refunds of taxes paid in prior tax years").  Accordingly, the Debtor retained

11  Crowe Horwath, to ensure that the 2009 Consolidated Tax Return will be timely filed and the NOLs

12  and the 2009 Consolidated Tax Refund properly preserved.  *See* Declaration of Sue Tomlinson,

13  attached as Exhibit "A" hereto ("Tomlinson Declaration"), ¶ 3 (summarizing Crowe Horwath's prior

14  and current experience with troubled banks/holding companies).

15  　　　　　　　　　3. The FDIC and the 2009 Consolidated Tax Return:

16  　　　　The Debtor, Crowe Horwath and the Debtor's bankruptcy counsel have diligently attempted

17  to work co-operatively with the FDIC towards obtaining the Receivership Period Financial

18  Information and thereby completing the 2009 Consolidated Tax Return.  However, the process of

19  preparing the 2009 Consolidated Tax Return has been frustrated by the FDIC's continual failures to

20  provide the Debtor with the Receivership Period Financial Information.  Based on representations

21  made by the FDIC to Crowe Horwath, the Debtor expects that much, if not all, of the Receivership

22  Period Financial Information will be contained in a pro forma tax return to be prepared by the FDIC

23  (the "FDIC Pro Forma Tax Information").  Although the FDIC has acknowledged the need to deliver

24  the FDIC Pro Forma Tax Information to the Debtor, it has repeatedly failed to do so.  Most recently,

25  Ms. Laura Grimball, the FDIC attorney assigned to the Debtor's case, promised Ms. Sue Tomlinson

26  of Crowe Horwath that the FDIC Pro Forma Tax Information would be delivered to Crowe Horwath

27  on August 17, 2010. *See* Tomlinson Declaration, ¶ 8. This followed an earlier demand by the FDIC

28  that the Debtor provide it with a copy of the Debtor's completed 2009 Consolidated Tax Return for

LANDAU GOTTFRIED
& BERGER LLP

5

review by August 20, 2010, a mere three (3) days after the FDIC was willing to commit to provide

the Debtor with the information necessary to complete the 2009 Consolidated Tax Return.[2]

Nonetheless, the FDIC again failed to deliver the FDIC Pro Forma Tax Information.

Because the RFS Motion is clearly predicated on a false crisis of the FDIC's own making,

Jon L.R. Dalberg of Landau Gottfried and Berger LLP, counsel for the Debtor, contacted John Kim

and Allan Ickowitz of Nossaman LLP, counsel for the FDIC, on August 18, 2010, and requested the

FDIC's agreement to continue the hearing on the RFS Motion for a time sufficient to allow the

Debtor to complete the 2009 Consolidated Tax Return, after delivery to Crowe Horwath of the FDIC

Pro Forma Tax Information (including the Receivership Period Financial Information). Although

Mr. Kim indicated a willingness to consult with his client concerning a brief extension of the time in

which the Debtor might respond to the RFS Motion, no extension was ever granted.  However, Mr.

Kim did represent, in an e-mail dated August 18, 2010, that the FDIC would provide the FDIC Pro

Forma Tax Information on Friday, August 20, 2010.  *See* Declaration of Jon L.R. Dalberg, attached

as Exhibit "B" hereto ("Dalberg Declaration"),¶ 4.  Mr. Dalberg responded that this would still leave

inadequate time for the Debtor to complete the 2009 Consolidated Tax Return, and requested a

response to the Debtor's request that the hearing on the RFS Motion, or at least the Debtor's

response date, be continued to allow the Debtor an opportunity, after receiving the FDIC Pro Forma

Tax Information (including the Receivership Period Financial Information), to finalize the 2009

Consolidated Tax Return. Dalberg Declaration,¶ 5.  To date, neither the FDIC nor its counsel has

responded to that request.  Dalberg Declaration,¶ 5.  Nor did the FDIC deliver the FDIC Pro Forma

Tax Information to the Debtor on Friday, August 20, 2010, failing yet again to honor its promise to

the Debtor.

Frustrated with the FDIC's lack of cooperation and preferring to file a complete 2009

Consolidated Tax Return and a claim for the 2009 Consolidated Tax Refund prior to the September

15th Deadline, the Debtor on August 18, 2010 prepared a motion for an examination under Fed R.

Bankr. P. 2004 (the "2004 Motion") and, in accordance with LBR 2004-1(a), requested a telephonic

---

[2] After Crow Horwarth protested that three (3) days was insufficient time to complete the 2009 Consolidated Tax Return,
the FDIC subsequently agreed to extend this purported deadline to August 25, 2010.

conference with the FDIC's counsel.  Counsel for the FDIC agreed to such a conference on the morning of Friday, August 20, 2010.  Counsel for the Debtor provided counsel for the FDIC with a list of documents needed to complete the 2009 Consolidated Tax Return, a true and correct copy of which is attached as Exhibit "1" to the Declaration of Lisa Nobles, attached hereto as Exhibit "C."  During the conference, counsel for the FDIC and Laura Grimball, the FDIC attorney assigned to the Debtor's case, represented that the bulk of the information sought by the Debtor was readily available in electronic form and would be transmitted to the Debtor's counsel and Ms. Tomlinson immediately, that day.

However, by the close of business on Friday, August 20, 2010, Ms. Tomlinson and the Debtor's counsel had received only one document, a Bank trial balance as of December 18, 2009, the date that the FDIC was appointed receiver for the Bank.  The trial balance relates to the period prior to the receivership and, in any case, is of little or no help to the Debtor's efforts to complete the 2009 Consolidated Tax Return.  Tomlinson Declaration,¶ 11.  Although the FDIC subsequently provided certain additional information on Monday, August 23, 2010, it has still failed to provide the Debtor or Crowe Horwath with all of the information requested.  The Debtor accordingly filed its 2004 Motion with the Court on Monday, August 23, 2010.

**III.**

**ARGUMENT.**

A.    **The Automatic Stay Contained In Section 362 Of Bankruptcy Code Applies.**

3.    The Automatic Stay Applies Notwithstanding IRC § 6402(k) and FIRREA § 1821(j):

In the RFS Motion, the FDIC argues that the automatic stay under Section 362 of the Bankruptcy Code does not apply to the FDIC's intended exercise of its "Tax Rights" because of two (2) federal statutes.  The first, Section 6402(k) of the Internal Revenue Code ("IRC"), 26 U.S.C. § 6402(k), contains language to the effect that it applies "notwithstanding any other provision of law," which the FDIC argues overrides the automatic stay.  RFS Motion, Page 11, lines 10 – 11.  The second, Section 1821(j) of the Financial Institutions Reform, Recovery and Enforcement Act

1  ("FIRREA"), is an anti-injunction statute, which the FDIC also argues negates the effect of the

2  automatic stay in bankruptcy. The FDIC is wrong in both cases and the automatic stay applies.

3  　　　In the first place, it is clear that, when read in its entirety, Section 6402(k) of the IRC applies

4  only to actions by the Secretary of the Treasury (and, by extension, the IRS), and not to the FDIC's

5  actions, which (after all) are the subject of RFS Motion. Quoted in full, Section 6402(k) of the IRC

6  provides as follows:

7  　　　　　**Refunds to certain fiduciaries of insolvent members of affiliated**

8  　　　　　**groups.** Notwithstanding any other provision of law, in the case of an

9  　　　　　insolvent corporation which is a member of an affiliated group of

10 　　　　　corporations filing a consolidated return for any taxable year and which is

11 　　　　　subject to a statutory or court-appointed fiduciary, *the Secretary may by*

12 　　　　　*regulation* provide that any refund for such taxable year may be paid on

13 　　　　　behalf of such insolvent corporation to such fiduciary *to the extent that the*

14 　　　　　*Secretary determines* that the refund is attributable to losses or credits of

15 　　　　　such insolvent corporation.

16 　　　26 U.S.C. § 6402(k) (emphasis added); *see also* 26 U.S.C. § 7701(a)(11)(B) (defining the

17 term "Secretary" to mean the Secretary of the Treasury). Thus, by its terms, 26 U.S.C. § 6402(k)

18 does not apply to the actions of the FDIC, and does not afford it any protection from the effects of

19 the automatic stay.

20 　　　In the second place, the FDIC's reliance on the anti-injunction statute contained in Section

21 1821(j) of FIRREA is also misplaced. It is worth noting that none of the authorities cited by the

22 FDIC addresses the question of whether operation of the automatic stay in bankruptcy is overridden

23 by section 1821(j). *See, e.g., Bank of Am. Nat'l Ass'n v. Colonial Bank*, 604 F.3d 1239 (11th Cir.

24 2010) (relating to dispute over release of mortgage loans, injunctive relief and not automatic stay);

25 *Gross v. Bell Sav. Bank PA SA*, 974 F.2d 403 (3d Cir. 1992) (relating to dispute over release of

26 deposits, injunctive relief and not automatic stay); *Telematics Int'l, Inc. v. NEMLC Leasing Corp.*,

27 967 F.2d 703 (1st Cir. 1992) (relating to dispute over foreclosure of CD, injunctive relief and not

28 automatic stay); *Joint Venture v. Onion*, 938 F.2d 35 (5th Cir. 1991) (relating to dispute over

1  foreclosure sale, injunctive relief and not automatic stay). Rather each case involves an injunctive

2  order issued by a federal court independently of the automatic stay. Indeed, in one of the cases cited

3  by the FDIC, the court goes out of its way to explicitly acknowledge that, if the automatic stay in

4  bankruptcy applied, it would survive the anti-injunction provisions of an analogous statute affecting

5  the Resolution Trust Corporation. *See Gross v. Bell Saving Bank,* 947 F.2d 403, 407 (3rd Cir. 1992)

6  (cited at page 5 of the RFS Motion) (*citing In re Colonial Realty Co.*, Civ. Action No. 3:91-200X

7  (JAC), 1991 U.S. Dist. LEXIS 19014, *5 (D. Conn. Dec. 30, 1991) (automatic stay under the

8  Bankruptcy Code overrides FIRREA's anti-injunction provision)).

9      By contrast, where courts have addressed the relationship between Section 1821(j) of

10  FIRREA and the automatic stay under Section 362 of the Bankruptcy Code, the result generally has

11  been that the automatic stay remains effective. *See, e.g., Googel v. Hirsch (In re Colonial Realty*

12  *Co.)*, 980 F.2d 125 (2d Cir. 1992) (where the Court of Appeals held that because the stay imposed

13  under Section 363 of the Bankruptcy Code was both statutory and automatic, requiring no action by

14  the court to be effective, the ban under FIRREA section 1821(j) "upon '*court* . . . action . . . to

15  restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver . . .

16  ' does not inhibit the operation of the automatic *statutory* stay" imposed by Section 362(a) of the

17  Bankruptcy Count. *Colonial Realty,* 980 F.2d at 137 (emphasis and ellipses in original); *accord,*

18  *McGowan v. RTC (In re Ciccone)*, 171 B.R. 4 (Bankr. D. R.I. 1994) (citing *Colonial Realty*); *First*

19  *City Asset Servicing Company v. FDIC (In re First City Asset Servicing Company)*, 158 B.R. 78

20  (Bankr. N.D. Tex 1993).

21      While there does not appear to be any reported decision within the Ninth Circuit Court of

22  Appeals that is on point, the reasoning of *Colonial Realty* and similar cases is persuasive. The

23  automatic stay contained in Section 362(a) of the Bankruptcy Code is a central component to any

24  bankruptcy. Its purpose is to prevent a race among creditors to seize a debtor's assets piecemeal and

25  to centralize proceedings in the bankruptcy court. *Colonial Realty,* 980 F.2d at 133 ("The stay

26  ensures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent

27  conflicting judgments from different courts and to harmonize all of the creditors' interests with one

28  another"). It follows that the stay must be automatic, for the simple, practical reason that that a court

LANDAU GOTTFRIED
& BERGER LLP

9

1    could not achieve this purpose through piecemeal issuance of injunctions. The automatic stay in

2    bankruptcy, therefore, is fundamentally different than an injunctive order issued by a court, and

3    rightly has been construed to lie beyond the scope of Section 1821(j) of FIRREA.

4              4.   Sections 362(a)(3) and 362(a)(6) of Bankruptcy Code Apply to the

5                   FDIC's Actions:

6              The FDIC argues in its RFS Motion that the automatic stay – and more particularly, Sections

7    362(a)(3) and 362(a)(6) of the Bankruptcy Code – do not apply to its intended exercise of its "Tax

8    Rights." The only authority it cites for this claim is *Citizens Bank of Maryland v. Strumpf,* 516 U.S.

9    16 (1995). *Strumpf* is distinguishable, and the FDIC's reliance on it is misplaced.

10             In *Strumpf,* the principal question was whether a depository bank had violated Section

11   362(a)(7) of the Bankruptcy Code, the anti-setoff provision of the automatic stay, when it froze a

12   debtor's account pending a motion seeking relief from stay to permit setoff. The court held that it

13   had not, partly because the bank had not been shown to have the intent to setoff, which the court

14   found to be a requirement under applicable state law, and partly because it determined, based on the

15   interplay between Sections 362(a)(7), 553(a) and 542(b) of the Bankruptcy Code, that the statutory

16   scheme permitted the bank to freeze the account temporarily to preserve its right of setoff. *Strumpf*

17   at 19.

18             In reaching this conclusion, the court first rejected the contention that the bank's action was

19   stayed under Section 362(a)(3) (which stays, *inter alia,* actions to exercise control over property of

20   the debtor's estate) or 362(a)(6) (which stays actions to "collect, assess, or recover" a prepetition

21   claim against a debtor). However, it did so based, first, on its unwillingness to construe those

22   sections in a manner inconsistent with its reading of section 362(a)(7). *Id.* ("we will not give §

23   362(a)(3) or § 362(a)(6) an interpretation that would proscribe what § 542(b)'s "exception" and §

24   553(a)'s general rule were plainly intended to permit: the temporary refusal of a creditor to pay a

25   debtor that is subject to setoff against a debt owed by the bankrupt").

26             Second, the court based its holding on the fact that the money held in the deposit account was

27   not the Debtor's property. Rather, the Debtor was a creditor of the bank, holding merely a

28   contractual right to withdraw the money in the account, and the bank's temporary refusal to honor

LANDAU GOTTFRIED
& BERGER LLP

1    that contractual obligation did not rise to a violation of the stay. *Id.* Here, unlike in *Strumpf*, Section

2    362(a)(7) is not implicated, the actions proposed by the FDIC are not temporary in nature, nor does

3    the Debtor have a mere contractual right to money held in a deposit account. Rather, the Debtor has

4    a claim for the 2009 Consolidated Tax Refund arising under the tax laws, which is indisputably

5    property of the Debtor's estate

6            Nor is the FDIC's argument credible that its action will not, in fact, have an impact on the

7    Debtor's claim to the 2009 Consolidated Tax Refund. The FDIC bases this argument on language in

8    Treas. Reg. § 301.6402-7 to the effect that filing a tax return under Section 6402(k) of IRC does not

9    determine ownership of the 2009 Consolidated Tax Refund in question. This is sophistry. The

10   whole purpose of Treas. Reg. § 301.6402-7 is to permit the IRS, in its discretion, to deal directly

11   with, and to pay a refund to, a fiduciary such as the FDIC, by establishing regulations whereby the

12   FDIC may provide notice to the IRS of its claim to a refund and file a competing return in support of

13   that claim if it disagrees with the return filed by the taxpayer. *See, e.g,* Treas. Reg. § 301.6402-

14   7(a)(2) (authorizing a fiduciary to act as agent for a consolidated group and providing that the IRS

15   may deal directly with the fiduciary); 6402-7(d)(1) (establishing procedure for FDIC to file notice of

16   its status as a fiduciary with the IRS using Form 56-F); 6402-7(e) (fiduciary's refund claim, ability

17   to apply for tentative carryback adjustment, to file its own loss year return and to waive a carryback);

18   6402-7(f) (IRS's processing of fiduciary's return); 6402-7(g) (entitled "Payment of a refund or a

19   tentative carryback adjustment to fiduciary"). Indeed, the FDIC implicitly admits as much in the

20   RFS Motion, when it acknowledges that the Debtor's 2009 Consolidated Tax Return "may contain

21   positions detrimental to the receivership" and the relief it seeks in the RFS Motion is intended to

22   allow it to respond to "protect the receivership's interests." RFS Motion, ¶ 5.

23           In short, the FDIC's proposed actions would violate the automatic stay because, under

24   Section 362(a)(3) of the Bankruptcy Code, those actions will have a profound effect on the Debtor's

25   claim for the 2009 Consolidated Tax Refund, permitting the FDIC to interfere with, and exercise

26   control over, such claim, which is indisputably property of its estate. Because the FDIC's actions

27   would, furthermore, have the effect of putting it in a position whereby it, rather than the Debtor, may

28   be paid the 2009 Consolidated Tax Refund by the IRS, they also amount to a clear attempt by the

FDIC to "collect" or "recover" the FDIC's claim to the 2009 Consolidated Tax Refund outlined in the FDIC's proof of claim, and therefore are stayed under Section 362(a)(6) of the Bankruptcy Code.

**B.    The FDIC has Failed to Show Cause for Relief From the Stay:**

The only authority the FDIC cites to support its contention that cause exists for the RFS Motion is *United States v. Rodrigues*, 159 F.3d 439 (9th Cir. 1988) and it is entirely inapposite. *Rodrigues* does not address the automatic stay and is not a bankruptcy case; indeed, it is a criminal case and does not even deal with civil law, let alone interpret any provision of the Bankruptcy Code.

In any case, *Rodrigues* involved the appellant's criminal conviction for having wrongfully received a tax refund that the RTC claimed. Reversing the conviction, the Court of Appeals noted that the RTC had failed to apply for the refund and cited Treas. Reg. § 301.6402-7(c), which requires that a fiduciary give notice of its status to the IRS by filing a Form 56-F. *Rodrigues,* 159 F.3d at 448. As the FDIC acknowledges, it has already filed a Form 56-F with the IRS in this case. RFS Motion, page 2, n. 2. Thus, the alleged harm suffered by the RTC in *Rodrigues* does not exist here and the FDIC's reliance on this case is misplaced.

It is perhaps not surprising that the FDIC cannot cite to any appropriate authority to support its claim that cause exists, because, as a matter of fact, none does. The FDIC bases the RFS Motion on a claim that, unless it is granted relief from stay to exercise its so-called "Tax Rights" (which apparently include the right to file its own return and claim for the 2009 Consolidated Tax Refund) the FDIC "could irrevocably lose the right to claim in excess of $90 million in federal income tax refunds." RFS Motion, page 1, lines 9 – 10. Yet the FDIC never explains why this should be the case.

In the first place, the Debtor and Crowe Horwath stand ready and able to file the 2009 Consolidated Tax Return in a timely fashion, either complete, with the Receivership Period Financial Information if the FDIC provides it, or less complete, to be amended later as necessary, if the FDIC does not. A timely filing by the Debtor, as the taxpayer of record will preserve the NOLs and the right to claim the 2009 Consolidated Tax Refund; it is unnecessary for the FDIC to file its own return and claim for the 2009 Consolidated Tax Refund for the NOLs and the 2009 Consolidated Tax Refund claim to be preserved. Accordingly, the RFS Motion can only be

understood to be based on concern on the part of the FDIC that the Debtor will not timely file its

2009 Consolidated Tax Return. For reasons already discussed, that concern has no basis and, thus,

neither is there cause for the RFS Motion.

The Debtor in fact has every intention of filing the 2009 Consolidated Tax Return, and to do

whatever it can to preserve the NOLs and the related 2009 Consolidated Tax Refund. It has

employed highly competent accountants, precisely to facilitate its ability to do so effectively. The

only obstacle it faces is the repeated failure by the FDIC to provide the Debtor with the FDIC's Pro

Forma Tax Information (including the Receivership Period Financial Information) needed to ensure

that the 2009 Consolidated Tax Return is filed in complete form. If the FDIC's concern is that the

2009 Consolidated Tax Return may be filed without the Receivership Period Financial Information,

this is a concern entirely of the FDIC's own making, and cannot serve as the basis for the relief it

seeks.

In the second place, as it admits, the FDIC has already filed an IRS Form 56-F with the IRS.

It has, therefore, established its eligibility to be dealt with directly by the IRS under Treas. Reg. §

301.6402-7(d)(1).[3]   Under the regulations, what further steps the FDIC may or may not need to take

– such as filing its own competing claim for the 2009 Consolidated Tax Refund – will depend on

whether or not the FDIC accepts the claim for the 2009 Consolidated Tax Refund filed by the Debtor

in its 2009 Consolidated Tax Return. Treas. Reg. § 301.6402-7(e).   This remains unknown, and

unknowable, due to the FDIC's complete failure to provide the Debtor with the FDIC's Pro Forma

Tax Information (including the Receivership Period Financial Information) required for the Debtor

to prepare a complete 2009 Consolidated Tax Return.

///

///

///

///

///

---

[3] The Debtor notes that the FDIC is required to provide the Debtor with notice of its Form 56-F filing under Treas. Reg. § 301.6402-7(d)( 2)(i).  The FDIC failed to do so, only providing the Debtor with notice of the filing after repeated requests by the Debtor. See Tomlinson Declaration, ¶ 8.

# IV.

## CONCLUSION.

**A.     The RFS Motion Should be Denied.**

For all the reasons set forth above, the Court should deny the RFS Motion entirely. The Debtor and Crowe Horwath, its accountants, stand ready and able to file the 2009 Consolidated Tax Return (and the related application for the 2009 Consolidated Tax Refund) in a timely fashion, and will do so; and therefore there is no cause for the Court to grant the FDIC the relief it seeks. The only question is whether the 2009 Consolidated Tax Return will include the Receivership Period Financial Information that the FDIC has repeatedly failed to deliver to the Debtor, or will not include the Receivership Period Financial Information and be subject to a later amendment. That question lies entirely within the control of the FDIC and is not cause for relief from the automatic stay.

**B.     Alternately, the Court Should Continue this Matter Until Such Time as the Debtor has Received the FDIC Pro Forma Tax Information and Receivership Period Financial Information and a Sufficient Opportunity to Complete the 2009 Consolidated Tax Return.**

Alternately, the Court should obviate the false crisis created by the FDIC and continue the hearing on the RFS Motion until such time as the FDIC has delivered the FDIC Pro Forma Tax Information (including the Receivership Period Financial Information) needed to complete the 2009 Consolidated Tax Return, and the Debtor has been accorded a sufficient opportunity to do so.

**C.     In Any Event, the Court Should Require, to the Extent that the FDIC Chooses to Pursue the Continued RFS Motion or to Bring a New Motion for Relief From Stay, that the FDIC State With Specificity What Relief it Seeks.**

By the RFS Motion, the FDIC seeks relief from the automatic stay to exercise its "Tax Rights." This encompasses, as defined in the RFS Motion, all possible actions available to the FDIC under Internal Revenue Code section 6402(k) and Treas. Reg. § 301.6402-7, ranging from the filing of a Form 56-F (which the FDIC has already done), to accepting the Debtor's Return and claim for the 2009 Consolidated Tax Refund (Treas. Reg. § 301.6402-7(e)(1)), to filing a competing claim

1  and/or return (*id.*), to seeking and accepting payment of the 2009 Consolidated Tax Refund directly

2  from the IRS (Treas. Reg. § 301.6402-7(g)), among other actions.  As such, the FDIC's request for

3  relief is sufficiently overbroad and imprecise as to render it practically impossible to determine its

4  scope and what the FDIC would be free to do if the relief were granted.

5       Given the FDIC's unwillingness to date to co-operate with the Debtor in any respect

6  (including in respect of the Debtor's attempts to retain management of its choice), such a broad grant

7  of relief would pose substantial and immediate risks to the Debtor, its estate and creditors.

8  Accordingly, in the event that the FDIC should determine either to continue to seek relief if the RFS

9  Motion hearing is continued, or to file a new motion for relief from stay, the Court should require

10  that the FDIC state with specificity the relief it seeks.  In addition, to obviate the need for further

11  unnecessary litigation and expense to the Debtor and its estate, the Court should require that the

12  FDIC, as a prerequisite to any further request for relief, confer with counsel for the Debtor.

13

14  Respectfully submitted,

15  Dated: August 24, 2010                    LANDAU GOTTFRIED & BERGER LLP

16

17                                           By:   /s/Jon L.R. Dalberg
                                                  Jon L.R. Dalberg
                                             Counsel for FirstFed Financial Corp.

18

19

20

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED
& BERGER LLP

15

# EXHIBIT A

# DECLARATION OF SUE TOMLINSON

I, Sue Tomlinson, to hereby declare:

1.      I am a certified public accountant licensed in the State of California for the last 27 years and I was a partner with the firm of Grobstein, Horwath & Co., LLP.  On December 8, 2008, Grobstein, Horwath & Co., LLP, did a business combination with Crowe Horwath, LLP, and is now known as Crowe Horwath, LLP. ("Crowe Horwath").  Crowe Horwath is employed by FirstFed Financial Corp ("FirstFed" or the "Debtor") as its accountants in its bankruptcy case ("Bankruptcy Case") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* pursuant to an order of the United States Bankruptcy Court for the Central District of California, Riverside Division entered on July 22, 2010 (Docket No. 57).  I am the partner at Crowe Horwath principally responsible for its relationship with the Debtor.  Unless otherwise stated herein, each of the facts contained in this declaration is based on my personal knowledge and, if called upon to do so, I could competently testify thereto.

2.      I make this declaration in support of the *Debtor's Opposition to FDIC Motion for Relief from Stay*.

3.      Crowe Horwath is an national accounting firm with substantial experience and expertise in the troubled banking sector.  Attached as Exhibit "1" hereto is a listing of failed banks and receiverships in the United States in which Crowe Horwath has been retained in some capacity.  As such, I believe that Crowe Horwath has the resources and the expertise to efficiently prepare and timely file the Debtor's federal tax return for the tax year ended December 31, 2009 (the "Tax Return") and application for a refund of its federal taxes based on its Net Operating Losses and its Alternative Minimum Tax Net Operating Losses from prior years in accordance with Revenue Procedure 2009-52 (the "Refund Application").

4.      At the time of Crowe Horwath's retention by the Debtor, I established contact with the appropriate persons in the Internal Revenue Service ("IRS") and the Federal Deposit Insurance Corporation, which had been appointed as receiver ("FDIC") for the Debtor's wholly-owned bank subsidiary, First Federal Bank of California ("Bank") and commenced working co-operatively with

LANDAU GOTTFRIED
& BERGER LLP

**16**

them on a range of issues, including the Debtor's federal tax returns for the tax year ended December 31, 2009 and an audit of the Debtor's taxes affecting tax years 2008, 2007 and 2006, by the IRS.

5.      On August 4, 2010, as well as prior to that date, Crowe Horwath requested that the FDIC provide it with certain documents necessary for the completion of the Tax Return which are in the possession or control of the FDIC or One West Bank, which purchased certain of the assets and liabilities of the Bank from the FDIC following the FDIC's appointment as receiver for the Bank. Those documents are identified in an e-mail from Ruth Hwang of Crowe Horwath to Laura Grimball of the FDIC, dated August 4, 2010, a true and correct copy of which is included in the e-mail string that is attached hereto as Exhibit "2."

6.      On August 11, 2010, because the FDIC had not responded to Crowe Horwath's August 4 request, I sent an e-mail to Ms. Grimball again requesting the information. *See* my e-mail to Ms. Grimball, dated August 11, 2010, a copy of which is included in Exhibit"2." As noted in that e-mail, I had been informed around this time that the FDIC was requiring that the Tax Return be completed and submitted to the FDIC for its review by August 20, 2010, a requirement that Crowe Horwath could not satisfy without first receiving the requested information from the FDIC. As also noted in that e-mail, the requested information was also urgently required to enable the Debtor to respond to the IRS audit referred to above.

7.      On August 11, 2010, the Debtor's bankruptcy counsel, Jon L.R. Dalberg of Landau Gottfried & Berger LLP ("LGB"), informed me, in a telephone conversation, that the FDIC's counsel, John Kim, of Nosasaman LLP ("Nossaman") had suggested that I contact Julia Stift of Nossaman to request her assistance in obtaining the requested documents. Although I was unable to contact Ms. Stift that day, I did attend a conference call with Ms. Stift, Ms. Grimball and David Jones, also of the FDIC on August 12, 2010.

8.      During the August 12, 2010 conference call, Ms. Grimball undertook to deliver a pro forma tax return along with supporting documents to me by August 17, 2010, and I agreed that, if the promised documents were received on August 17, Crowe Horwath would complete the Tax Return for the FDIC's review by August 25, 2010.

LANDAU GOTTFRIED
& BERGER LLP

**17**

9.      On August 17, 2010, I received an e-mail from David Jones, forwarding an e-mail from Ms. Grimball indicating that the pro forma return was not complete and, once completed, would be subject to internal review at the FDIC before being released to the Debtor. A true and correct copy of that e-mail is attached as Exhibit "3" hereto.

10.     On August 19, 2010, I received an e-mail from Mr. Kim of Nossaman to the effect that a pro forma return for 2009 would be delivered on Friday, August 20, 2009. A copy of that e-mail is attached as Exhibit "4" hereto.

11.     As of the date hereof, neither the Debtor nor Crowe Horwath has received the promised pro forma or most of the requested information. On Friday, August 20, 2010, Crowe Horwath did receive from Nossaman a trial balance for the Bank for the period ended December 18, 2009, the date upon which the FDIC was appointed as receiver for the Bank ("Receivership Date"). On Monday, August 23, 2010, I also received via e-mail from Mr. Kim certain information and work sheets relating to cash basis adjustments performed by the FDIC as of the Receivership Date, certain documents relating to the period after the Receivership Date and a pro forma worksheet and related material. However, the bulk of the information requested for completion of the Tax Return has not been provided by the FDIC as of the date hereof.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24th day of August 2010, in Los Angeles, California.

Sue Tomlinson

LANDAU GOTTFRIED
& BERGER LLP

**18**

# EXHIBIT 1

| Failed Bank Name | City | State | Closing Date | Crowe Involvement - See Col F-K | Auditor of Buyer | Tax Services | Valuation Services | Due Diligence | Bidding Assistance | General Consulting | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTALS | | | 274 | 35 | 9 | 17 | 7 | 2 | 8 | 17 | |
| Bannockwood Bank | Chicago | IL | 6-Aug-10 | | | | | | | | |
| Northwest Bank & Trust | Acworth | GA | 30-Jul-10 | | | | | | | | |
| Coastal Community Bank | Panama City Beach | FL | 30-Jul-10 | | | | | | | | |
| Bayside Savings Bank | Panama City Beach | FL | 30-Jul-10 | X | | | | | X | | |
| The Cowlitz Bank | Longview | WA | 30-Jul-10 | | | | | | | | |
| LibertyBank | Eugene | OR | 30-Jul-10 | | | | | | | | |
| Sterling Bank | Lantana | FL | 23-Jul-10 | | | | | | | | |
| Crescent Bank and Trust Company | Jasper | GA | 23-Jul-10 | X | | X | | | | | We are the outsourced tax provider for the bank and are doing day 1 and day 2 tax consulting. We are currently responding to an RFP for valuation work. |
| Williamsburg First National Bank | Kingstree | SC | 23-Jul-10 | | | | | | | | |
| Thunder Bank | Sylvan Grove | KS | 23-Jul-10 | | | | | | | | |
| Community Security Bank | New Prague | MN | 23-Jul-10 | | | | | | | | |
| Southwest USA Bank | Las Vegas | NV | 23-Jul-10 | | | | | | | | |
| Home Valley Bank | Grants Pass | OR | 23-Jul-10 | | | | | | | X | Buyer is Crowe audit client. Tax day 1 and 2 consulting + general consulting |
| Woodlands Bank | Bluffton | SC | 16-Jul-10 | | | | | | | | |
| First National Bank of the South | Spartanburg | SC | 16-Jul-10 | X | X | X | | | | | |
| Metro Bank of Dade County | Miami | FL | 16-Jul-10 | | | | | | | | |
| Turnberry Bank | Aventura | FL | 16-Jul-10 | | | | | | | | |
| Olde Cypress Community Bank | Clewiston | FL | 16-Jul-10 | | | | | | | | |
| Mainstreet Savings Bank | Hastings | MI | 16-Jul-10 | | | | | | | | |
| Bay National Bank | Lutherville | MD | 9-Jul-10 | | | | | | | | |
| Ideal Federal Savings Bank | | MD | 9-Jul-10 | | | | | | | | |
| USA Bank | | | 9-Jul-10 | | | | | | | | |
| Home National Bank | Arkansas City | KS | 9-Jul-10 | | | | | | | | |
| Peninsula Bank | | | 25-Jun-10 | | | | | | | | |
| First National Bank | Savannah | GA | 25-Jun-10 | | | | | | | | |
| High Desert State Bank | | | 25-Jun-10 | | | | | | | | |
| Nevada Security Bank | Reno | NV | 18-Jun-10 | | | | | | | | |
| Washington First International Bank | Seattle | WA | 11-Jun-10 | | | | | | | | |
| First National Bank | Rosedale | MS | 4-Jun-10 | | | | | | | | |
| Arcola Homestead Savings Bank | Bourbonnais | IL | 4-Jun-10 | | | | | | | | |
| TierOne Bank | Lincoln | NE | 4-Jun-10 | | | | | | | | |
| Bank of Florida - Southeast | Naples | FL | 28-May-10 | | | | | | | | |
| Bank of Florida - Southwest | Naples | FL | 28-May-10 | | | | | | | | |
| Bank of Florida - Tampa | Naples | FL | 28-May-10 | | | | | | | | |
| Granite Community Bank, NA | Roseville | CA | 28-May-10 | | | | | | | | |
| Sun West Bank | Las Vegas | NV | 28-May-10 | | | | | | | | |
| Pinehurst Bank | Saint Paul | MN | 21-May-10 | | | | | | | | |
| Satilla Community Bank | Saint Marys | GA | 14-May-10 | | | | | | | | |
| New Liberty Bank | Plymouth | MI | 14-May-10 | | | | | | | | |
| Southwest Community Bank | Springfield | MO | 14-May-10 | X | X | X | X | X | X | | Tax day 1 and 2 consulting + valuation work. |
| Midwest Bank and Trust Company | Melrose Park | IL | 14-May-10 | | | | | | | | |
| The Bank of Bonifay | Bonifay | FL | 7-May-10 | | | | | | | | |
| Access Bank | Champlin | MN | 7-May-10 | | | | | | | | |
| Towne Bank of Arizona | Mesa | AZ | 7-May-10 | X | X | | | X | X | | |
| 1st Pacific Bank of California | San Diego | CA | 7-May-10 | | | | | | | | |
| Eurobank | San Juan | PR | 30-Apr-10 | | | | | | | | |
| R-G Premier Bank of Puerto Rico | San Juan | PR | 30-Apr-10 | | | | | | | | |
| Westernbank Puerto Rico | Mayaguez | PR | 30-Apr-10 | | | | | | | | |
| CF Bancorp | Port Huron | MI | 30-Apr-10 | | | | | | | | |
| Champion Bank | Creve Coeur | MO | 30-Apr-10 | | | | | | | | |
| BC National Banks | Butler | MO | 30-Apr-10 | | | | | | | | |
| Frontier Bank | Everett | WA | 30-Apr-10 | | | | | | | | |
| Amcore Bank, National Association | Rockford | IL | 23-Apr-10 | | | | | | | | |
| Broadway Bank | Chicago | IL | 23-Apr-10 | X | | | | | | X | |
| Citizens Bank and Trust Company of Chicago | Chicago | IL | 23-Apr-10 | | | | | | | | |
| New Century Bank | Chicago | IL | 23-Apr-10 | X | | | | | | | |
| Lincoln Park Savings Bank | Chicago | IL | 23-Apr-10 | | | | | | | | |
| Peotone Bank & Trust Company | Peotone | IL | 23-Apr-10 | | | | | | | | |
| Wheatland Bank | | IL | 23-Apr-10 | | | | | | | | |
| Lakeside Community Bank | Sterling Heights | MI | 16-Apr-10 | | | | | | | | |
| First Federal Bank of North Florida | | FL | 16-Apr-10 | X | | | | | | X | |
| AmericanFirst Bank | | FL | 16-Apr-10 | X | | | | | | X | |
| Riverside National Bank of Florida | Fort Pierce | FL | 16-Apr-10 | | | | | | | X | |
| Butler Bank | Lowell | MA | 16-Apr-10 | | | | | | | | |
| Innovative Bank | Oakland | CA | 16-Apr-10 | | | | | | | | |
| Tamalpais Bank | San Rafael | CA | 16-Apr-10 | | | | | | | | |
| City Bank | | | 16-Apr-10 | | | | | | | | |
| Beach First National Bank | Myrtle Beach | SC | 9-Apr-10 | | | | | | | | |
| | Carrollton | GA | 26-Mar-10 | | | | | | | | |
| Key West Bank | Key West | FL | 26-Mar-10 | | | | | | | | |
| Unity National Bank | Cartersville | GA | 26-Mar-10 | X | X | X | | | | X | Buyer is Crowe audit client. Tax day 1 and 2 consulting + general consulting |
| Desert Hills Bank | Phoenix | AZ | 26-Mar-10 | | | | | | | | |
| American National Bank | Parma | OH | 19-Mar-10 | | | | | | | | |

**Exhibit 1**

19

Exhibit 1 — Failed Bank Listing

| Failed Bank Name | City | State | Closing Date | Crowe Involvement- See Col F-K | Auditor of Buyer | Tax Services | Valuation Services | Due Diligence | Bidding Assistance | General Consulting |
|---|---|---|---|---|---|---|---|---|---|---|
| Century Security Bank | Spring House | PA | 19-Mar-10 | | | | | | | |
| Advanta Bank Corp | Ellijay | GA | 19-Mar-10 | | | | | | | |
| Appalachian Community Bank | Hiawassee | GA | 19-Mar-10 | | | | | | | |
| Bank of Hiawassee | | AL | 19-Mar-10 | | | | | | | |
| First Lowndes Bank | Fort Deposit | AL | 19-Mar-10 | | | | | | | |
| State Bank of Aurora | | | 19-Mar-10 | | | | | | | |
| The Park Avenue Bank | New York | NY | 12-Mar-10 | | | | | | | |
| Old Southern Bank | Orlando | FL | 12-Mar-10 | | | | | | | |
| Statewide Bank | Covington | LA | 12-Mar-10 | | | | | | | |
| LibertyPointe Bank | | | 11-Mar-10 | | | | | | | |
| Waterfield Bank | Irvine | CA | 5-Mar-10 | | | | | | | |
| Bank of Illinois | Normal | IL | 5-Mar-10 | | | | | | | |
| Sun American Bank | Boca Raton | FL | 5-Mar-10 | | | | | | | |
| Centennial Bank | Ogden | UT | 5-Mar-10 | | | | | | | |
| Rainier Pacific Bank | Tacoma | WA | 26-Feb-10 | | | | | | | |
| Carson River Community Bank | Carson City | NV | 26-Feb-10 | | | | | | | |
| La Jolla Bank, FSB | La Jolla | CA | 19-Feb-10 | | | | | | | |
| George Washington Savings Bank | Orland Park | IL | 19-Feb-10 | | | | | | | |
| The La Coste National Bank | La Coste | TX | 19-Feb-10 | | | | | | | |
| Marco Community Bank | Marco Island | FL | 19-Feb-10 | | | | | | | |
| 1st American State Bank of Minnesota | Hancock | MN | 5-Feb-10 | | | | | | | |
| American Marine Bank | Bainbridge Island | WA | 29-Jan-10 | | | | | | | |
| First Regional Bank | Los Angeles | CA | 29-Jan-10 | | | | | | | |
| Community Bank and Trust | Cornelia | GA | 29-Jan-10 | X | | | | | | |
| Marshall Bank, N.A. | Hallock | MN | 29-Jan-10 | | | | | | | |
| Florida Community Bank | Immokalee | FL | 29-Jan-10 | X | | | | | X | |
| First National Bank of Georgia | Carrollton | GA | 29-Jan-10 | | | | | | | |
| Columbia River Bank | The Dalles | OR | 22-Jan-10 | | | | | | | |
| Evergreen Bank | Seattle | WA | 22-Jan-10 | | | | | | | |
| Charter Bank | Santa Fe | NM | 22-Jan-10 | X | | | | | | X |
| Bank of Leeton | Leeton | MO | 22-Jan-10 | | | | | | | |
| Premier American Bank | Miami | FL | 22-Jan-10 | X | | | | | X | X |
| Barnes Banking Company | Kaysville | UT | 15-Jan-10 | | | | | | X | |
| St. Stephen State Bank | St. Stephen | MN | 15-Jan-10 | | | | | | X | |
| Town Community Bank & Trust | Antioch | IL | 15-Jan-10 | X | | | | | X | X |
| Horizon Bank | Bellingham | WA | 8-Jan-10 | | | | | | | |
| First Federal Bank of California, F.S.B. | Santa Monica | CA | 18-Dec-09 | X | | X | | | | |
| Imperial Capital Bank | La Jolla | CA | 18-Dec-09 | | | | | | | |
| Independent Bankers' Bank | Springfield | IL | 18-Dec-09 | | | | | | | |
| New South Federal Savings Bank | Irondale | AL | 18-Dec-09 | | | | | | | |
| Citizens State Bank | New Baltimore | MI | 18-Dec-09 | | | | | | | |
| Peoples First Community Bank | Panama City | FL | 18-Dec-09 | X | | X | X | | | |
| RockBridge Commercial Bank | Atlanta | GA | 18-Dec-09 | | | | | | | |
| SolutionsBank | Overland Park | KS | 11-Dec-09 | | | | | | | |
| Valley Capital Bank, N.A. | Mesa | AZ | 11-Dec-09 | X | X | X | | | X | |
| Republic Federal Bank, N.A. | Miami | FL | 11-Dec-09 | X | X | X | | | | X |
| Greater Atlantic Bank | Reston | VA | 4-Dec-09 | X | | X | | | | X |
| Benchmark Bank | Aurora | IL | 4-Dec-09 | | | | | | | |
| AmTrust Bank | Cleveland | OH | 4-Dec-09 | | | | | | | |
| The Tattnall Bank | Reidsville | GA | 4-Dec-09 | | | | | | | |
| First Security National Bank | Norcross | GA | 4-Dec-09 | | | | | | | |
| The Buckhead Community Bank | Atlanta | GA | 4-Dec-09 | | | | | | | |
| Commerce Bank of Southwest Florida | Fort Myers | FL | 20-Nov-09 | | | | | | | |
| Pacific Coast National Bank | San Clemente | CA | 13-Nov-09 | | | | | | | |
| Orion Bank | Naples | FL | 13-Nov-09 | X | | X | | | | |
| Century Bank, F.S.B. | Sarasota | FL | 13-Nov-09 | | | | | | | |
| United Commercial Bank | San Francisco | CA | 6-Nov-09 | | | | | | | |
| Gateway Bank of St. Louis | St. Louis | MO | 6-Nov-09 | | | | | | | |
| Prosperan Bank | Oakdale | MN | 6-Nov-09 | | | | | | | |
| Home Federal Savings Bank | Detroit | MI | 6-Nov-09 | | | | | | | |
| United Security Bank | Sparta | GA | 6-Nov-09 | | | | | | | |
| North Houston Bank | Houston | TX | 30-Oct-09 | | | | | | | |
| Madisonville State Bank | Madisonville | TX | 30-Oct-09 | | | | | | | |
| Citizens National Bank | Teague | TX | 30-Oct-09 | | | | | | | |
| Park National Bank | Chicago | IL | 30-Oct-09 | | | | | | | |
| Pacific National Bank | San Francisco | CA | 30-Oct-09 | | | | | | | |
| California National Bank | Los Angeles | CA | 30-Oct-09 | | | | | | | |
| San Diego National Bank | San Diego | CA | 30-Oct-09 | | | | | | | |
| Community Bank of Lemont | Lemont | IL | 30-Oct-09 | | | | | | | |
| Bank USA, N.A. | Phoenix | AZ | 30-Oct-09 | | | | | | | |
| First DuPage Bank | Westmont | IL | 23-Oct-09 | | | | | | | |
| Riverview Community Bank | Otsego | MN | 23-Oct-09 | | | | | | | |
| Bank of Elmwood | Racine | WI | 23-Oct-09 | | | | | | | |
| Flagship National Bank | Bradenton | FL | 23-Oct-09 | | | | | | | |
| Hillcrest Bank Florida | Naples | FL | 23-Oct-09 | X | | | X | | | |
| American United Bank | Lawrenceville | GA | 23-Oct-09 | X | | | X | | X | |
| Partners Bank | Naples | FL | 23-Oct-09 | X | | | | X | | |
| San Joaquin Bank | Bakersfield | CA | 16-Oct-09 | | | | | | | |
| Southern Colorado National Bank | Pueblo | CO | 2-Oct-09 | | | | | | | |

Crowe is employed by bankruptcy trustee for tax services.

Crowe is outsourced tax provider and internal auditor for buyer. We did the valuation work and day 1 and day 2 tax.

Exhibit 1

20

| Failed Bank Name | City | State | Closing Date | Crowe Involvement - See Col F-K | Auditor of Buyer | Tax Services | Valuation Services | Due Diligence | Bidding Assistance | General Consulting |
|---|---|---|---|---|---|---|---|---|---|---|
| Jennings State Bank | Spring Grove | MN | 2-Oct-09 | | | | | | | |
| Warren Bank | Warren | MI | 2-Oct-09 | | | | | | | |
| Georgian Bank | Atlanta | GA | 25-Sep-09 | | | | | | | |
| Irwin Union Bank, F.S.B. | Louisville | KY | 18-Sep-09 | | | X | | | | |
| Irwin Union Bank and Trust Company | Columbus | IN | 18-Sep-09 | X | | X | | | | |
| Venture Bank | Lacey | WA | 11-Sep-09 | | | | | | | |
| Brickwell Community Bank | Woodbury | MN | 11-Sep-09 | | | | | | | |
| Corus Bank, N.A. | Chicago | IL | 11-Sep-09 | | | | | | | |
| First State Bank | Flagstaff | AZ | 4-Sep-09 | | | | | | | |
| Platinum Community Bank | Rolling Meadows | IL | 4-Sep-09 | | | | | | | |
| Vantus Bank | Sioux City | IA | 4-Sep-09 | | | | | | | |
| InBank | Oak Forest | IL | 4-Sep-09 | X | | | | | | |
| First Bank of Kansas City | Kansas City | MO | 4-Sep-09 | | | | | | | |
| Affinity Bank | Ventura | CA | 28-Aug-09 | | | | | | | |
| Mainstreet Bank | Forest Lake | MN | 28-Aug-09 | | | | | | | |
| Bradford Bank | Baltimore | MD | 28-Aug-09 | | | | | | | |
| Guaranty Bank | Austin | TX | 21-Aug-09 | | | | | | | |
| CapitalSouth Bank | Birmingham | AL | 21-Aug-09 | | | | | | | |
| First Coweta Bank | Newnan | GA | 21-Aug-09 | | | | | | | |
| eBank | Atlanta | GA | 21-Aug-09 | | | | | | | |
| Community Bank of Nevada | Las Vegas | NV | 14-Aug-09 | | | | | | | |
| Community Bank of Arizona | Phoenix | AZ | 14-Aug-09 | | | | | | | |
| Union Bank, National Association | Gilbert | AZ | 14-Aug-09 | | | | | | | |
| Colonial Bank | Montgomery | AL | 14-Aug-09 | | | | | | | |
| Dwelling House Savings and Loan Association | Pittsburgh | PA | 14-Aug-09 | | | | | | | |
| Community First Bank | Prineville | OR | 7-Aug-09 | X | | X | | | | X |
| Community National Bank of Sarasota County | Venice | FL | 7-Aug-09 | | | | | | | |
| First State Bank | Sarasota | FL | 7-Aug-09 | | | | | | | |
| Mutual Bank | Harvey | IL | 31-Jul-09 | | | | | | | |
| First BankAmericano | Elizabeth | NJ | 31-Jul-09 | | | | | | | |
| Peoples Community Bank | West Chester | OH | 31-Jul-09 | X | X | X | | | | |
| Integrity Bank | Jupiter | FL | 31-Jul-09 | | | | | | | |
| First State Bank of Altus | Altus | OK | 31-Jul-09 | | | | | | | |
| Security Bank of Jones County | Gray | GA | 24-Jul-09 | | | | | | | |
| Security Bank of Houston County | Perry | GA | 24-Jul-09 | | | | | | | |
| Security Bank of Bibb County | Macon | GA | 24-Jul-09 | | | | | | | |
| Security Bank of North Metro | Woodstock | GA | 24-Jul-09 | | | | | | | |
| Security Bank of North Fulton | Alpharetta | GA | 24-Jul-09 | | | | | | | |
| Security Bank of Gwinnett County | Suwanee | GA | 24-Jul-09 | | | | X | | | |
| Waterford Village Bank | Williamsville | NY | 24-Jul-09 | X | | | | | | |
| Temecula Valley Bank | Temecula | CA | 17-Jul-09 | | | | | | | |
| Vineyard Bank | Rancho Cucamonga | CA | 17-Jul-09 | | | | | | | |
| BankFirst | Sioux Falls | SD | 17-Jul-09 | | | | | | X | |
| First Piedmont Bank | Winder | GA | 17-Jul-09 | | | | | | | |
| Bank of Wyoming | Thermopolis | WY | 10-Jul-09 | | | | | | | |
| Founders Bank | Worth | IL | 2-Jul-09 | | | | | | | |
| Millennium State Bank of Texas | Dallas | TX | 2-Jul-09 | | | | | | | |
| First National Bank of Danville | Danville | IL | 2-Jul-09 | X | X | X | | | | X |
| Elizabeth State Bank | Elizabeth | IL | 2-Jul-09 | | | | | | | |
| Rock River Bank | Oregon | IL | 2-Jul-09 | | | | | | | |
| First State Bank of Winchester | Winchester | IL | 2-Jul-09 | | | | | | | |
| John Warner Bank | Clinton | IL | 2-Jul-09 | | | | | | | |
| Mirae Bank | Los Angeles | CA | 26-Jun-09 | | | | | | | |
| MetroPacific Bank | Irvine | CA | 26-Jun-09 | | | | | | | |
| Horizon Bank | Pine City | MN | 26-Jun-09 | | | | | | | |
| Neighborhood Community Bank | Newnan | GA | 26-Jun-09 | | | | | | | |
| Community Bank of West Georgia | Villa Rica | GA | 26-Jun-09 | | | | | | | |
| First National Bank of Anthony | Anthony | KS | 19-Jun-09 | X | X | X | | | | |
| Cooperative Bank | Wilmington | NC | 19-Jun-09 | | | | | | | |
| Southern Community Bank | Fayetteville | GA | 19-Jun-09 | X | X | | | | | |
| Bank of Lincolnwood | Lincolnwood | IL | 5-Jun-09 | | | | | | | |
| Citizens National Bank | Macomb | IL | 22-May-09 | | | | | | | |
| Strategic Capital Bank | Champaign | IL | 22-May-09 | | | | | | | |
| BankUnited, FSB | Coral Gables | FL | 21-May-09 | | | | | | | |
| Westsound Bank | Bremerton | WA | 8-May-09 | | | | | | | |
| America West Bank | Layton | UT | 1-May-09 | | | | | | | |
| Citizens Community Bank | Ridgewood | NJ | 1-May-09 | | | | | | | |
| Silverton Bank, NA | Atlanta | GA | 1-May-09 | | | | | | | |
| First Bank of Idaho | Ketchum | ID | 24-Apr-09 | | | | | | | |
| First Bank of Beverly Hills | Calabasas | CA | 24-Apr-09 | | | | | | | |
| Michigan Heritage Bank | Farmington Hills | MI | 24-Apr-09 | | | | | | | |
| American Southern Bank | Kennesaw | GA | 24-Apr-09 | | | | X | | | |
| Great Basin Bank of Nevada | Elko | NV | 17-Apr-09 | | | | | | | |
| American Sterling Bank | Sugar Creek | MO | 17-Apr-09 | | | | | | | |
| New Frontier Bank | Greeley | CO | 10-Apr-09 | | | | | | | |
| Cape Fear Bank | Wilmington | NC | 10-Apr-09 | | | | | | | |
| Omni National Bank | Atlanta | GA | 27-Mar-09 | | | | | | | |
| TeamBank, NA | Paola | KS | 20-Mar-09 | | | | | | | |
| Colorado National Bank | Colorado Springs | CO | 20-Mar-09 | | | | | | | |

Crowe is outsourced tax provider for buyer and is providing tax consulting services.

**Exhibit 1**

21

| Failed Bank Name | City | State | Closing Date | Crowe Involvement- See Col F-K | Auditor of Buyer | Tax Services | Valuation Services | Due Diligence | Bidding Assistance | General Consulting |
|---|---|---|---|---|---|---|---|---|---|---|
| FirstCity Bank | Stockbridge | GA | 20-Mar-09 | | | | | | | |
| Freedom Bank of Georgia | Commerce | GA | 6-Mar-09 | | | | | | | |
| Security Savings Bank | Henderson | NV | 27-Feb-09 | | | | | | | |
| Heritage Community Bank | Glenwood | IL | 27-Feb-09 | | | | | | | |
| Silver Falls Bank | Silverton | OR | 20-Feb-09 | | | | | | | |
| Pinnacle Bank of Oregon | Beaverton | OR | 13-Feb-09 | | | | | | | |
| Corn Belt Bank & Trust Co. | Pittsfield | IL | 13-Feb-09 | | | | | | | |
| Riverside Bank of the Gulf Coast | Cape Coral | FL | 13-Feb-09 | X | | | | | | X |
| Sherman County Bank | Loup City | NE | 13-Feb-09 | | | | | | | |
| County Bank | Merced | CA | 6-Feb-09 | | | | | | | |
| Alliance Bank | Culver City | CA | 6-Feb-09 | | | | | | | |
| FirstBank Financial Services | McDonough | GA | 6-Feb-09 | | | | | | | |
| Ocala National Bank | Ocala | FL | 30-Jan-09 | X | X | X | | | | X |
| Suburban FSB | Crofton | MD | 30-Jan-09 | | | | | | | |
| MagnetBank | Salt Lake City | UT | 30-Jan-09 | | | | | | | |
| 1st Centennial Bank | Redlands | CA | 23-Jan-09 | | | | | | | |
| Bank of Clark County | Vancouver | WA | 16-Jan-09 | | | | | | | |
| National Bank of Commerce | Berkeley | IL | 16-Jan-09 | | | | | | | |
| Sanderson State Bank | Sanderson | TX | 12-Dec-08 | | | | | | | |
| Haven Trust Bank | Duluth | GA | 12-Dec-08 | | | | | | | |
| First Georgia Community Bank | Jackson | GA | 5-Dec-08 | | | | | | | |
| PFF Bank & Trust | Pomona | CA | 21-Nov-08 | | | | | | | |
| Downey Savings & Loan | Newport Beach | CA | 21-Nov-08 | | | | | | | |
| Community Bank | Loganville | GA | 21-Nov-08 | | | | | | | |
| Security Pacific Bank | Los Angeles | CA | 7-Nov-08 | | | | | | | |
| Franklin Bank, SSB | Houston | TX | 7-Nov-08 | | | | | | | |
| Freedom Bank | Bradenton | FL | 31-Oct-08 | | | | | | | |
| Alpha Bank & Trust | Alpharetta | GA | 24-Oct-08 | | | | | | | |
| Meridian Bank | Eldred | IL | 10-Oct-08 | | | | | | | |
| Main Street Bank | Northville | MI | 10-Oct-08 | | | | | | | |
| Washington Mutual Bank | Henderson | NV | 25-Sep-08 | | | | | | | |
| Ameribank | Northfork | WV | 19-Sep-08 | | | | | | | |
| Silver State Bank | Henderson | NV | 5-Sep-08 | | | | | | | |
| Integrity Bank | Alpharetta | GA | 29-Aug-08 | | | | | | | |
| Columbian Bank & Trust | Topeka | KS | 22-Aug-08 | | | | | | | |
| First Priority Bank | Bradenton | FL | 1-Aug-08 | | | | | | | |
| First Heritage Bank, NA | Newport Beach | CA | 25-Jul-08 | | | | | | | |
| First National Bank of Nevada | Reno | NV | 25-Jul-08 | | | | | | | |
| IndyMac Bank | Pasadena | CA | 11-Jul-08 | X | | X | | | | |
| First Integrity Bank, NA | Staples | MN | 30-May-08 | | | | | | | |
| ANB Financial, NA | Bentonville | AR | 9-May-08 | | | | | | | |
| Hume Bank | Hume | MO | 7-Mar-08 | | | | | | | |
| Douglass National Bank | Kansas City | MO | 25-Jan-08 | | | | | | | |

Crowe is employed by bankruptcy trustee for tax services. Also the Trustee in the cases is a Crowe partner

**Exhibit 1**

22

# EXHIBIT 2

**From:** Tomlinson, Sue
**Sent:** Wednesday, August 11, 2010 7:26 PM
**To:** 'Grimball, Laura E.'; Hwang, Ruth
**Cc:** davjones@fdic.com
**Subject:** RE: First Federal Bank of California

Laura,

As you know, we have still not received any of the requested items below. Peter Solberg at the IRS is requesting the case be closed because we have not provided him with an substantive argument as to why there are missing tax deductions. Our inability to receive the information below has precluded the DIP from properly responding to the IRS We are out of time. If you want to reach a successful conclusion (i.e., staying out of Appeals) with the IRS (if one is even possible given the facts and circumstances) we must receive the open information related to the audit ASAP.

In addition, we have been informed, by Julia Stift at the Nossaman firm,  that the FDIC is requiring we have the consolidated tax returns done and to the FDIC for review by 8/20/10. I cannot respond to her without a response from you as to when we can expect the tax return and/or complete tax workpapers reporting the bank group taxable activity including the 1) §597 income, 2)gain on sale including the $400M premium paid for the bank.

If we do not commit to getting the FDIC the complete income tax return by 8/20/10, your lawyers have informed us they will be filing a Stipulation with the Bankruptcy court indicating that the FDIC will be filing their own return with the IRS as well as the NOL carryback in addition to the tax returns required to be filed by the DIP. In any case, we will still need the same information for the DIP to file a complete and accurate tax return.

All we have received to date is "draft" workpapers from Jim Vottrried.  David Jones indicated to me that those workpapers are incomplete/inaccurate. It is our understanding from Jim Vottrried you are in control of the tax return preparation for 2009. Thus, we are at a distinct disadvantage due to our inability to get information to meet the FDIC's own deadline.

We agreed, at the start of this case, that each party cooperate with the other. I believe we have held up our end of the bargain but are now being dealt with as if we had not.  Please let me know ASAP what the game plan is so that I can determine our course of action.

Thank you for your time in this matter.

Best regards,

Sue

Sue Tomlinson, Partner
Crowe Horwath LLP
Office: 818-501-5200| Cell:  818.419-3720 |Fax:  818-325-8525

**Exhibit 2**

23

sue.tomlinson@crowehorwath.com
www.crowehorwath.com

**From:** Grimball, Laura E. [mailto:lagrimball@FDIC.gov]
**Sent:** Thursday, August 05, 2010 4:31 PM
**To:** Hwang, Ruth
**Cc:** davjones@fdic.com; Tomlinson, Sue
**Subject:** RE: First Federal Bank of California List of Requested Items

I will do my best to get these items together by next Wednesday and send them to you.

---

**From:** Hwang, Ruth [mailto:Ruth.Hwang@crowehorwath.com]
**Sent:** Wednesday, August 04, 2010 3:44 PM
**To:** Grimball, Laura E.
**Cc:** davjones@fdic.com; Tomlinson, Sue
**Subject:** First Federal Bank of California List of Requested Items

Hello Laura,

As discussed this morning, the following is a list of items that we are requesting from you:

1. Loan origination vouchers (a sample of five, if possible)
2. Final 2003 tax workpapers that agree to the Form 1120 (may be located on Brenda's hard drive)
3. Revenue Agent's Report for tax years 2000 through 2002
4. Hardcopy of tax year 2000 list of loan originations, deferred loan fees and costs (Should be part of the 2000 tax workpapers support)
5. Final sale documents for the acquisition by One West Bank

Please let us know if you have any questions.  Thank you.

Best regards,

Ruth Hwang, CPA
Crowe Horwath LLP

Office: 818.325.8437
Fax: 818.325.8537

Ruth.Hwang@crowehorwath.com
www.crowehorwath.com

This email message, including attachments, is from Crowe Horwath LLP and may contain privileged or confidential information. If you are not the intended recipient of this message, you may not make any use of, or rely in any way on, this information, and you should destroy this message and notify the sender by reply email. Any opinions or advice contained in this email are subject to the terms and conditions in any applicable agreement or contractual obligation. Any legally binding obligation shall be reduced to a separate writing executed by all parties, and this email does not constitute a contract or other legally binding obligation. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall not be understood as given or endorsed by it.

**Exhibit 2**

24

DISCLOSURE REQUIRED BY U.S. TREASURY DEPARTMENT CIRCULAR 230, Crowe Horwath LLP must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

This email message, including attachments, is from Crowe Horwath LLP and may contain privileged or confidential information. If you are not the intended recipient of this message, you may not make any use of, or rely in any way on, this information, and you should destroy this message and notify the sender by reply email. Any opinions or advice contained in this email are subject to the terms and conditions in any applicable agreement or contractual obligation. Any legally binding obligation shall be reduced to a separate writing executed by all parties, and this email does not constitute a contract or other legally binding obligation. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall not be understood as given or endorsed by it.

DISCLOSURE REQUIRED BY U.S. TREASURY DEPARTMENT CIRCULAR 230, Crowe Horwath LLP must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

**Exhibit 2**

# EXHIBIT 3

**Jon L.R. Dalberg**

| | |
|---|---|
| **From:** | Jones, David [DavJones@FDIC.gov] |
| **Sent:** | Tuesday, August 17, 2010 3:34 PM |
| **To:** | Tomlinson, Sue |
| **Subject:** | FW: First Federal Bank of CA - closing year tax return |

FYI...........

David Jones

FDIC Tax Accountant/

Commissioned Bank Examiner

Division of Finance

*davjones@fdic.gov*

*916-474-1295*

*916-789-8580 X4618*

1532 Eureka Road, Ste. 102

Roseville, CA  95661

fax: 916-789-8590

NOTICE: This e-mail message and all attachments transmitted with it are intended solely for the use of the addressee and may contain legally privileged and confidential information. If the reader of the message is not the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or other use of the message or its attachments is strictly prohibited. If you have received a message in error, please notify the sender immediately by replying to the message and please delete it from your computer.

**_CIRCULAR 230 NOTICE:  To ensure compliance with requirements imposed by the IRS, any tax advice contained in this communication (including any attachments) is not intended, and cannot be used, for the purpose of (i)  avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another party any tax-related matter addressed herein._**

---

**From:** Grimball, Laura E.
**Sent:** Tuesday, August 17, 2010 3:25 PM
**To:** Jones, David
**Subject:** RE: First Federal Bank of CA - closing year tax return

It will likely not be finished until tomorrow or the next day.  This depends on how many changes there are to the tax return.

Then, I will send it to our Legal and outside counsel.  Let me ask them how they want to approach sending the return to the CPA firm.

I will email them and then let you know.

Thanks!

**Exhibit 3**

# EXHIBIT 4

**Jon L.R. Dalberg**

| | |
|---|---|
| **From:** | Kim, John W. [jkim@nossaman.com] |
| **Sent:** | Thursday, August 19, 2010 9:44 AM |
| **To:** | Jon L.R. Dalberg; Sue Tomlinson |
| **Cc:** | Ickowitz, Allan H.; Stift, Julia |
| **Subject:** | First Fed Pro Forma |

We are advised that the 2009 bank pro forma will be finalized and sent to your offices by tomorrow.

**John W. Kim, Esq.**
NOSSAMAN LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
jkim@nossaman.com

T 213.612.7800 | D 213.612.7887
F 213.612.7801 |

**NOSSAMAN** LLP | SUBSCRIBE TO E-ALERTS
nossaman.com

**Exhibit 4**

27

# EXHIBIT B

### DECLARATION OF JON L.R. DALBERG

I, Jon L.R. Dalberg, to hereby declare:

1.      I am an attorney licensed to practice in the state of California and before this Court. I am a partner at Landau Gottfried & Berger LLP, bankruptcy counsel to FirstFed Financial Corp. debtor and debtor-in-possession ("FirstFed" or the "Debtor"). Unless otherwise stated herein, each of the facts contained in this declaration is based on my personal knowledge and, if called upon to do so, I could competently testify thereto.

2.      I make this declaration in support of the *Debtor's Opposition to FDIC Motion for Relief from Stay* ("RFS Motion"). Defined terms used herein shall have the same meaning ascribed to them in the RFS Motion, unless otherwise indicated.

3.      On August 18, 2010, I contacted John Kim and Allan Ickowitz of Nossaman LLP, counsel for the FDIC, and requested the FDIC's agreement to continue the hearing on the RFS Motion for a time sufficient to allow the Debtor to complete the 2009 Consolidated Tax Return, after delivery to Crowe Horwath of the FDIC Pro Forma Tax Information (including the Receivership Period Financial Information). Although Mr. Kim indicated a willingness to consult with his client concerning a brief extension of the time in which the Debtor might respond to the RFS Motion, no extension was ever granted.

4.      In an e-mail to me and to Sue Tomlinson on August 18, 2010, Mr. Kim represented that the FDIC would provide the FDIC Pro Forma Tax Information to the Debtor on Friday, August 20, 2010. A copy of Mr. Kim's e-mail is attached as Exhibit "1" hereto.

///

///

///

///

///

///

///

LANDAU GOTTFRIED
& BERGER LLP

**28**

1          5.        I responded by reply e-mail that this would still leave inadequate time for the Debtor

2 to complete the 2009 Consolidated Tax Return, and requested a response to the Debtor's request that

3 the hearing on the RFS Motion, or at least the Debtor's response date, be continued.    To date,

4 neither the FDIC nor its counsel has responded to that request.    Nor did the FDIC deliver the FDIC

5 Pro Forma Tax Information to the Debtor on Friday, August 20, 2010.  A copy of my e-mail is

6 attached as Exhibit "2" hereto.

7          I declare under penalty of perjury under the laws of the United States that the foregoing is

8 true and correct.

9          Executed this 24th day of August 2010, in Los Angeles, California.

10

11

12

13                                   Jon L.R. Dalberg

14

LANDAU GOTTFRIED
& BERGER LLP

# EXHIBIT 1

**Jon L.R. Dalberg**

| | |
|---|---|
| **From:** | Kim, John W. [jkim@nossaman.com] |
| **Sent:** | Thursday, August 19, 2010 9:44 AM |
| **To:** | Jon L.R. Dalberg; Sue Tomlinson |
| **Cc:** | Ickowitz, Allan H.; Stift, Julia |
| **Subject:** | First Fed Pro Forma |

We are advised that the 2009 bank pro forma will be finalized and sent to your offices by tomorrow.

**John W. Kim, Esq.**
NOSSAMAN LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
jkim@nossaman.com
T 213.612.7800 | D 213.612.7887
F 213.612.7801 |

 NOSSAMAN LLP    SUBSCRIBE TO E-ALERTS
nossaman.com

**Exhibit 1**

# EXHIBIT 2

**Jon L.R. Dalberg**

| | |
|---|---|
| **From:** | Jon L.R. Dalberg |
| **Sent:** | Thursday, August 19, 2010 9:52 AM |
| **To:** | 'Kim, John W.'; Sue Tomlinson |
| **Cc:** | Ickowitz, Allan H.; Stift, Julia; Rodger M. Landau |
| **Subject:** | RE: First Fed Pro Forma |

Thanks John. That still gives the Debtor precious little time to prepare its return (and even less that it would have had if the FDIC had kept its earlier promise to deliver the pro-forma on the 17th). I still think it would be in everyone's best interest to allow the Debtor a realistic opportunity to complete the return once it receives the pro-forma, particularly since the FDIC's delays render the predicate of the FDIC's Relief From Stay Motion -- that the FDIC fears that the Debtor will not get the return done in time – risible. Please let me know if you have considered my request that the Motion be continued to allow the Debtor an opportunity to complete the returns, thus rendering the whole thing moot.

Regards,

Jon L.R. Dalberg
Landau Gottfried & Berger LLP
1801 Century Park East
Suite 1460
Los Angeles, California 90067

Tel: (310) 557-0050 ext 105
e-mail: Jdalberg@LGBFirm.com

**From:** Kim, John W. [mailto:jkim@nossaman.com]
**Sent:** Thursday, August 19, 2010 9:44 AM
**To:** Jon L.R. Dalberg; Sue Tomlinson
**Cc:** Ickowitz, Allan H.; Stift, Julia
**Subject:** First Fed Pro Forma

We are advised that the 2009 bank pro forma will be finalized and sent to your offices by tomorrow.

**John W. Kim, Esq.**
NOSSAMAN LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
jkim@nossaman.com

T 213.612.7800 | D 213.612.7887

F 213.612.7801 |

 NOSSAMAN LLP | SUBSCRIBE TO E-ALERTS nossaman.com

**Exhibit 2**

# EXHIBIT C

## DECLARATION OF LISA N. NOBLES

I, Lisa N. Nobles, do hereby declare:

1.    I am an attorney at law licensed to practice in the State of California and admitted to practice before this Court. I am an associate Landau Gottfried & Berger LLP, counsel for Debtor and Debtor-in-Possession FirstFed Financial Corp ("FirstFed" or "Debtor"). I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify competently thereto under oath.

2.    I make this declaration in support of the *Debtor's Opposition to FDIC Motion for Relief from Stay*.

3.    On August 18, 2010, I began to prepare the "Notice of Motion and Motion Pursuant to Fed.R.Bankr.P. 2004 For An Order Requiring the Production of Documents By and Examination of FDIC; Declaration of Lisa N. Nobles; and Exhibit" (the "Rule 2004 Motion"). In accordance with Local Bankruptcy Rule 2004-1(a), on August 18, 2010 I contacted Allan Ickowitz, counsel for the FDIC to have a meet-and-confer regarding the scope of the Rule 2004 Motion and the requested production date. We agreed to conduct the conference on August 19, 2010, and then at the request of Mr. Ickowitz's associate John Kim, rescheduled the conference for August 20, 2010 at 9:30 a.m.

4.    On August 19, 2010, I sent the email attached as Exhibit 1 to Mr. Ickowitz, Mr. Kim, and Julia Stift, listing the documents that would be the subject of the Rule 2004 Motion.

5.    On August 20, 2010, I conducted the scheduled meet-and-confer with Mr. Kim, Ms. Stift and Laura Grimball of the FDIC. Ms. Grimball told me that the majority of the documents to be requested in the Rule 2004 Motion would be available electronically later that day (i.e. August 20, 2010) and that the pro forma tax papers would be available to the Debtor and Crowe Horwath on August 20, 2010 as well.

/ / /

/ / /

/ / /

/ / /

LANDAU GOTTFRIED
& BERGER LLP

6.      While I have received some documents from Mr. Kim via email, those documents are currently under review by Sue Tomlinson of Crowe Horwath to determine if they are responsive to the Debtor's request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24th day of August 2010, in Los Angeles, California.

*[signature]*

Lisa N. Nobles

LANDAU GOTTFRIED
& BERGER LLP

33

# EXHIBIT 1

**Lisa Nobles**

| | |
|---|---|
| **From:** | Lisa Nobles |
| **Sent:** | Thursday, August 19, 2010 2:41 PM |
| **To:** | 'Kim, John W.'; Ickowitz, Allan H. |
| **Cc:** | Stift, Julia; Jon L.R. Dalberg |
| **Subject:** | RE: FirstFed Telephone conference |
| **Attachments:** | image001.jpg |

The 2004 Motion will request the production of the multiple documents related to the tax returns of FirstFed, including, but not limited to, the following:

1. Consolidated tax return for the Bank group including tax workpaper package for all entities included in the consolidated group;
2. Income statement (1/1/2009 – 12/18/2009) and balance sheet (12/18/2009) for the consolidated group;
3. Tax workpapers related to the sale of bank assets including its subsidiaries to One West Bank Group on December 18, 2009;
4. The amount of Federal Financial Assistance received or accrued by First Federal Bank of California for 2009 including detailed Internal Revenue Code Section 597 calculations;
5. Documentation including cited authority for the 2009 taxable income treatment of the $401,000,000 asset premium bid;
6. Electronic copy of Purchase and Assumption Agreement Schedules completed after the date of closing. Schedules currently provided contain the statement "information to be provided post bank closing." These schedules include Schedules 2.1, 3.1, 4.15A, 4.15B.
7. Final 2003 tax workpapers that agree to the Form 1120
8. Revenue Agent's Report for tax years 2000 through 2002;
9. Hardcopy of tax year 2000 list of loan originations, deferred loan fees and costs (should be part of the 2000 tax workpapers support).

So is our meet and confer confirmed for 9:30 tomorrow morning then?


Lisa N. Nobles
**Landau Gottfried & Berger LLP**
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Telephone: 310.557.0050 x126
Facsimile: 310.557.0056
Email: LNobles@LGBFirm.com


---

**From:** Kim, John W. [mailto:jkim@nossaman.com]
**Sent:** Thursday, August 19, 2010 11:11 AM
**To:** Lisa Nobles; Ickowitz, Allan H.
**Cc:** Stift, Julia; Jon L.R. Dalberg
**Subject:** RE: FirstFed Telephone conference

We need our tax person involved for the call. Plus the bank's pro forma should be available by tomorrow. Also, it would be helpful for you to provide a list of requested documents in advance of the call as we mentioned to Jon.

---

**Exhibit 1**

| In re: | CHAPTER 11 |
|---|---|
| FirstFed Financial Corp. | |
| Debtor(s). | CASE NUMBER 2:10-bk-12927-ER |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067

A true and correct copy of the foregoing document described **DEBTOR'S OPPOSITION TO FDIC MOTION FOR RELIEF FROM STAY; DECLARATIONS OF SUE TOMLINSON, JON L.R. DALBERG AND LISA NOBLES IN SUPPORT THEREOF** will be served or were served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 24, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| Louis J Cisz | lcisz@nixonpeabody.com |
| Allan H Ickowitz | aickowitz@nossaman.com |
| Ivan L Kallick | ikallick@manatt.com, ihernandez@manatt.com |
| John W Kim | jkim@nossaman.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On August 24, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 24, 2010 | Katherine Moss | |
|---|---|---|
| _Date_ | _Type Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_
**9013-3.1**                                                                                                          **F**

| In re: | CHAPTER 11 |
|---|---|
| FirstFed Financial Corp. | |
| Debtor(s). | CASE NUMBER 2:10-bk-12927-ER |

**SERVED BY U.S. MAIL(cont)**
Honorable Ernest Robles
USBC - Central District of Ca
255 East Temple St, Ste 1560
Los Angeles, CA  90012

Ian S. Landsberg, Esq.
16030 Ventura Boulevard, Suite 470
Encino, CA 91436

*Counsel for Wilmington Trust*
Nixon Peabody LLP
Catherine Ng/ Frank Hamblett
100 Summer Street
Boston, MA  02110

*Counsel for FDIC*
Allan H. Ickowitz
NOSSAMAN LLP
445 South Figueroa St, 31st Fl
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
**9013-3.1**

F