Nossaman LLP
Allan H. Ickowitz (SBN 80994)
John W. Kim (SBN 216251)
445 S. Figueroa Street, 31st Floor
Los Angeles, California 90071
Telephone: 213.612.7800
Facsimile: 213.612.7801

and

Kathryn R. Norcross, Senior Counsel
B. Amon James, Counsel
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive, VS-D-7120
Arlington, Virginia 22226
Telephone: (703) 562-2631

Attorneys for the Federal Deposit Insurance Corporation
as Receiver of First Federal Bank of California,
a Federal Savings Bank

**FILED & ENTERED**

**SEP 10 2010**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** walter    **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>FIRSTFED FINANCIAL CORP.,<br><br>       Debtor and<br>       Debtor-in-Possession. | Chapter 11<br><br>Case No.: 2:10-bk-12927-ER<br><br>**ORDER GRANTING "*MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY*" [Dkt. No. 64]**<br><br>**<u>Hearing</u>**<br>Date:   September 7, 2010<br>Time:   10:00 a.m.<br>Court:  255 E. Temple Street<br>          Los Angeles, CA 90012<br>          Courtroom 1568 |

396458_1.DOC

**ORDER GRANTING "MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY" [Dkt. No. 64]**

| In re: FirstFed Financial Bancorp | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:10-bk-12927-ER |

On August 13, 2010, the Federal Deposit Insurance Corporation, in its capacity as Receiver of First Federal Bank of California, a Federal Savings Bank (the "<u>FDIC-R</u>") filed its "*Motion of the Federal Deposit Insurance Corporation, as Receiver for an Order Confirming that the Automatic Stay Does Not Apply, Or in the Alternative, for an Order Granting Relief from the Automatic Stay*" [Dkt. No. 64] (the "<u>Motion</u>"). The Motion was heard before the undersigned Judge of the United States Bankruptcy Court for the Central District of California, Los Angeles Division in Courtroom 1568 located at 255 E. Temple Street, Los Angeles, California 90012, on September 7, 2010, at 10:00 a.m. Appearances are set forth in the record.

The Court has considered the Motion, all related pleadings and papers and the arguments of counsel at the hearing on the Motion. For the reasons set forth in the hearing and the Court's tentative ruling,

IT IS HEREBY ORDERED THAT:

1. The FDIC-R is granted relief from the automatic stay under 11 U.S.C. § 362 as set forth in the Court's tentative ruling, a copy of which is attached hereto, and in the record of the hearing on the Motion.

2. In the event that the Debtor herein or the FDIC-R receive any tax refunds, such monies shall be placed in to a joint bank account and/or escrow account, with all rights of the FDIC-R and the Debtor fully preserved pending a resolution of the ownership of such tax refunds.

3. This Order shall be effective upon entry on the Court's docket, and the 14 day stay imposed by Bankruptcy Rule 4001(a)(3) shall not apply to this Order and is waived.

Approved as to Form:

LANDAU GOTTFRIED & BERGER LLP

By:     /s/ Rodger M. Landau
        Attorneys for Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                **F 9013-3.1**

| In re: FirstFed Financial Bancorp | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:10-bk-12927-ER |

###

DATED: September 10, 2010

United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                      **F 9013-3.1**

United States Bankruptcy Court
Central District of California

Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

Tuesday, September 7, 2010                                                                                                                             Hearing Room   1568

10:00 am

2:10-12927     **FirstFed Financial Corp.**                                                                         Chapter   11
#65.00          The Federal Deposit Insurance Corp

                Hearing
                RE: [64] Notice of motion and motion for relief from the automatic stay
                with supporting declarations PERSONAL PROPERTY RE: "Tax Rights"
                as defined and more fully described in the memorandum of points and
                authorities in support of this motion. . Memorandum Of Points And
                Authorities In Support Of Motion Of The FDIC, As Receiver, For An Order
                Confirming That The Automatic Stay Does Not Apply, Or In The
                Alternative, For An Order Granting Relief From The Automatic Stay (with
                Exhibits A and B)# (2) Declaration Of Laura E. Grimball In Support Of
                Motion Of The FDIC, As Receiver, For An Order Confirming That The
                Automatic Stay Does Not Apply, Or In The Alternative, For An Order
                Granting Relief From The Automatic Stay (with Exhibit 1)# (3) Proof of
                Service) (Ickowitz, Allan)

                                                    Docket #:   64

**Tentative Ruling:**

    9/2/2010: Grant motion for the reasons set forth below:

        The Federal Deposit Insurance Corporation, acting in its capacity as Receiver of First
Federal Bank of California (the "FDIC"), moves for an order either "(1) confirming that the
automatic stay does not apply to the exercise of certain tax rights …, or alternatively, (2) granting
relief from the automatic stay to facilitate the exercise of those rights." Memorandum of Points and
Authorities in Support of Motion of the Federal Deposit Insurance Corporation, as Receiver, for an
Order Confirming the Automatic Stay Does Not Apply, or in the Alternative, for an Order Granting
Relief from the Automatic Stay (the "Motion") (Doc. #64). Chapter 11 Debtor in Possession
FirstFed Financial Corp. (the "Debtor" or "FirstFed") opposes the Motion. *See* Debtor's Opposition
to FDIC Motion for Relief from Stay (the "Opposition") (Doc. #67). The Debtor's opposition is
joined by Wilmington Trust Company, the Indenture Trustee with respect to $150 million of
debentures issued by the Debtor. *See generally* Statement of Joinder of Wilmington Trust Company
as Indenture Trustee to Debtor's Opposition to FDIC Motion for Relief from Stay (the "Joinder")
(Doc. #68).

United States Bankruptcy Court
Central District of California

Los Angeles

Judge Ernest Robles, Presiding

Courtroom 1568 Calendar

Tuesday, September 7, 2010                                                              Hearing Room    1568

10:00 am

Cont....        **FirstFed Financial Corp.**                                            Chapter    11

The Debtor is the holding company of First Federal Bank of California (the "Bank"). On December 18, 2009, the Office of Thrift Supervision closed the Bank and appointed the FDIC as receiver. Motion at 3. On January 6, 2010, the Debtor filed its Chapter 11 petition. *Id.* at 5.

Prior to filing of the Debtor's petition, the Debtor and the Bank entered into an Intercompany Tax Sharing Agreement (the "Tax Sharing Agreement" or "Agreement"). The Tax Sharing Agreement was executed in accordance with § 1501 of the Internal Revenue Code, which provides that an "affiliated group of corporations shall ... have the privilege of making a consolidated return with respect to the income tax imposed by the [Internal Revenue Code] for the taxable year in lieu of separate returns." 26 U.S.C. § 1501. Treasury regulations implementing § 1501 permit a parent holding company (in this case, the Debtor) to file a consolidated tax return as an agent for its subsidiary (in this case, the Bank). *See* Treas. Reg. § 1.1502-77.

The Tax Sharing Agreement provides that the Debtor and the Bank "shall join in the filing of a Consolidated Return." Tax Sharing Agreement at ¶ 2.1. The Agreement further provides that tax liabilities "shall be apportioned according to each entity's Separate Tax Liability, computed on a Separate Return Basis." *Id.* at ¶ 2.2. The Agreement defines "Separate Tax Liability" as "the amount (if any) of Regular Tax for which a party hereto would be liable in any Taxable Year if that party had not joined in the filing of a Consolidated Return, but had instead filed (with its subsidiaries) and computed its Tax on a Separate Return Basis." *Id.* at ¶ 1.4. "Regular Tax" means "the regular tax imposed on the taxable income of a party hereto at the rates specified in the Code." *Id.* at ¶ 1.3.

Under the Worker, Homeownership, and Business Assistance Act of 2009 (123 Stat. 2992-93), the Bank may now elect to increase the carryback period for net operating losses to five years (as opposed to two years under prior law). As a result of this change in the law, upon the filing of its 2009 tax returns, the Bank may be eligible for an estimated $90 million tax refund. However, in order to obtain the refund, the Bank must file the 2009 tax return by September 15, 2010. The Bank has already obtained a six-month filing extension, and no further extensions are allowed.

The primary issue before the Court is simple: who should file the 2009 tax return? If the Court denies the Motion, the Debtor will be the only party entitled to file the return. If the Court grants the Motion, the Debtor and the Bank may file competing returns. [Note 1] The parties also dispute the appropriate allocation of the refund. However, given that the FDIC has pledged to sequester the refund in an escrow account (which the Court so orders), that dispute has no bearing on this Motion.

Unsurprisingly, both the Bank and the Debtor claim that they should be the party to file the

# United States Bankruptcy Court
## Central District of California

Los Angeles

Judge Ernest Robles, Presiding

Courtroom 1568 Calendar

Tuesday, September 7, 2010                                                                 Hearing Room    1568

10:00 am

**Cont....        FirstFed Financial Corp.**                                                                 Chapter 11

2009 tax return. The FDIC argues that the Debtor cannot be trusted to accurately file the return because the Debtor's 2007 return was rejected. [Note 2] The Debtor states that it would have already filed the 2009 return if the FDIC had provided it "with certain financial information pertaining to the Bank for the period from December 18, 2009 to and including December 31, 2009 during which time the FDIC had sole control over the Bank as its appointed receiver." [Note 3]

The Court finds that the Debtor is not the sole party entitled to file the 2009 tax return. The Court grants relief from the automatic stay for cause pursuant to § 362(d)(1) to enable the FDIC to file a 2009 return on behalf of the Bank. It is unnecessary for the Court to rule upon the FDIC's contention that the automatic stay is inapplicable. [Note 4]

Cause for granting relief exists in light of the FDIC's responsibilities to recover funds on behalf of the Bank's depositors. In executing those responsibilities, the FDIC should not be forced to rely upon a tax return filed by the Debtor. Given the likelihood of conflict between the FDIC and the Debtor with respect to the provisions of the 2009 tax return, the FDIC must be permitted to assert its own position. In addition, the FDIC should not be forced to bear the risk that the Debtor's return may contain defects preventing the receipt of the maximum available refund. Finally, granting relief will not prejudice the Debtor since the Court is making no determination as to the ownership of the funds.

Based on the foregoing, the Motion is granted to permit the FDIC to file a 2009 tax return. Any refund subsequently received by the FDIC shall be placed in an escrow account. No distributions from the account shall be made pending resolution by this Court (or another court of competent jurisdiction) of the appropriate allocation of the funds between the Debtor and the Bank.

Note 1

The FDIC acknowledges that if the Motion is granted, the Debtor will still be entitled to file a return: "By this Motion, the FDIC-R seeks to exercise its rights under the Tax Sharing Agreement without taking possession or control of any potential tax refunds and without restricting the Debtor's rights to submit whatever materials it deems appropriate to preserve the Debtor's interests, if any." Reply at 6.

Note 2

According to the FDIC, the "Debtor's Return and Refund Application relating to tens of millions of dollars in potential tax refunds is certain to be replete with errors and omissions. This is clear since the Debtor concedes (and the FDIC agrees) that the Debtor does not have all of the

**United States Bankruptcy Court**
**Central District of California**

Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

Tuesday, September 7, 2010                         Hearing Room    1568

10:00 am

**Cont....**      **FirstFed Financial Corp.**                                      **Chapter 11**

necessary data relating to the Bank to file a complete or accurate return. In fact, even the FDIC has not yet completed an analysis of the necessary Bank data, despite dedication of substantial manpower to the task, although it hopes to have that accounting work completed no later than September 10, 2010. In any case, the Debtor's errors and omissions with respect to the Return and/or Refund Application, whether or not the fault of the Debtor, will be fatal and will cause the IRS to invalidate and reject such returns and/or applications to the detriment of whichever party ultimately is entitled to those refunds." Reply at 2-3.

Note 3
        The FDIC denies that it has failed to timely provide the Debtor with the necessary tax documents: "In reality, all accounting data that is available has already been produced to the Debtor." Reply at 2.

Note 4
        The FDIC argues that 26 U.S.C. § 6402(k), read *in pari materia* with implementing regulations found at 26 C.F.R. § 301.6402-7(e)(1), trumps the automatic stay. Title 26 U.S.C. § 6402(k) provides in relevant part: "Notwithstanding any other provision of law, in the case of an insolvent corporation [here, the Bank] which is a member of an affiliated group of corporations filing a consolidated return for any taxable year and which is subject to a statutory or court-appointed fiduciary [here, the FDIC], the Secretary may by regulation provide that any refund for such taxable year may be paid on behalf of such insolvent corporation [the Bank] to such fiduciary [the FDIC] to the extent that the Secretary determines that the refund is attributable to losses or credits of such insolvent corporation." The relevant implementing regulation provides: "If no claim for refund is filed by the common parent [here, the Debtor] for the consolidated carryback year or the fiduciary does not accept a claim for refund filed by the common parent, the fiduciary may claim a refund under this section by filing its own claim for refund under section 6402, based on all information pertaining to the institution and all information pertaining to other members of the carryback year group and the loss year group to which the fiduciary has reasonable access."
        The FDIC argues that the clause providing that § 6402 is effective "notwithstanding any other provision of law" means that § 6402—and any regulations promulgated pursuant to § 6402—controls in the event of a conflict between § 6402 and § 362(a) of the Bankruptcy Court. In support of this proposition, the FDIC cites *Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993): "As we have noted previously in construing statutes, the use of such a 'notwithstanding' clause clearly

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

Tuesday, September 7, 2010     Hearing Room    1568

10:00 am

**Cont....**      **FirstFed Financial Corp.**      **Chapter 11**

signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section. Likewise, the Courts of Appeals generally have interpreted similar notwithstanding language … to supersede all other laws, stating that 'a clearer statement is difficult to imagine'" (internal citations omitted).

    One difficulty with the FDIC's argument is that the language purportedly defeating the automatic stay is located within the statute's implementing regulations, not within the statute itself. The statute provides that the Secretary may by regulation provide that certain tax refunds "may be paid" "notwithstanding any other provisions of law." However, it is not the Secretary who is seeking a determination that the stay does not bar the payment of a tax refund. Rather, the FDIC is seeking a determination that the stay does not bar it from applying for a tax refund. As indicated above, the FDIC's authority to file the return is found in the implementing regulations, not in the statute. Although the statute's "notwithstanding" clause provides strong evidence that Congress intended § 6402 to control in the event of a conflict with § 362(a), it is less clear that Congress intended § 6402's implementing regulations—which were promulgated by a regulatory agency, not Congress—to similarly control.

### Party Information

**Debtor(s):**

    FirstFed Financial Corp.          Represented By
                                                        Jon L Dalberg
                                                        Rodger M Landau

**Movant(s):**

    The Federal Deposit Insurance          Represented By
                                                        John W Kim
                                                        Allan H Ickowitz

| In re: FirstFed Financial Bancorp | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:10-bk-12927-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Nossaman LLP, 445 S. Figueroa Street, 31st floor, Los Angeles, CA 90071**

The foregoing document described **[PROPOSED] ORDER GRANTING "MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY" [Dkt. No. 64]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **September 8, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**VIA OVERNIGHT MAIL**
The Honorable Richard M. Neiter
United States Bankruptcy Court
255 E. Temple Street, Suite 1652
Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 8, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 8, 2010 | Marlene Bonilla | /s/ Marlene Bonilla |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                    **F 9013-3.1**

| In re: FirstFed Financial Bancorp | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:10-bk-12927-ER |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 9013-3.1**

| In re:  FirstFed Financial Bancorp | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER:  2:10-bk-12927-ER |

## SERVICE LIST

### III.  SERVED BY EMAIL

Louis J Cisz    lcisz@nixonpeabody.com
Jon L Dalberg    jdalberg@lgbfirm.com, ncereseto@lgbfirm.com
Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
Rodger M Landau    rlandau@lgbfirm.com, kmoss@lgbfirm.com
Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;
    rbenitez@landsberg-law.com
Joel S. Miliband    jmiliband@rusmiliband.com
S Margaux Ross    margaux.ross@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re:  FirstFed Financial Bancorp | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER:  2:10-bk-12927-ER |

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **[PROPOSED] ORDER GRANTING "MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY" [Dkt. No. 64]** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **September 8, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒  Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*     **F 9013-3.1**

| In re: FirstFed Financial Bancorp | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:10-bk-12927-ER |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Louis J Cisz    lcisz@nixonpeabody.com
Jon L Dalberg    jdalberg@lgbfirm.com, ncereseto@lgbfirm.com
Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
Rodger M Landau    rlandau@lgbfirm.com, kmoss@lgbfirm.com
Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;
        rbenitez@landsberg-law.com
Joel S. Miliband    jmiliband@rusmiliband.com
S Margaux Ross    margaux.ross@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                **F 9013-3.1**