RONALD RUS, #67369
rrus@rusmiliband.com
JOEL S. MILIBAND, #77438
jmiliband@rusmiliband.com
CATHRINE M. CASTALDI, #156089
ccastaldi@rusmiliband.com
STEPHEN R. COOK, #204446
scook@rusmiliband.com
RUS, MILIBAND & SMITH
A Professional Corporation
Seventh Floor
2211 Michelson Drive
Irvine, California 92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

Special Litigation Counsel for
Debtor FIRSTFED FINANCIAL CORP.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO. 2:10-bk-12927-ER |
| FIRSTFED FINANCIAL CORP., | Chapter 11 |
| Debtor and Debtor-in-Possession. | **STIPULATION FOR CONFIDENTIALITY AGREEMENT AND ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION** |

FirstFed Financial Corp. and Grant Thornton LLP, by and through their counsel of record, hereby stipulate and agree to entry of this Confidentiality Agreement and Order Governing the Treatment of Confidential Information (the "Confidentiality Agreement"). The Confidentiality Agreement shall govern the disclosure and use of Confidential Material (as defined below) provided by Grant Thornton LLP in response to FirstFed Financial Corp.'s (the "Debtor") Subpoena for Examination under Federal Rule of Bankruptcy Procedure 2004 and/or provided by Grant Thornton LLP or Debtor (collectively "the Parties" and individually as a "Party") in

1  subsequent related proceedings (the "Proceedings") and/or provided by nonparties, either

2  voluntarily or as required by discovery demands made pursuant to the Federal Rules of Civil

3  Procedure and/or the Federal Rules of Bankruptcy Procedure.

4      1.    Nothing in this Confidentiality Agreement shall apply to documents, information,

5  material, or any portion thereof obtained by any Party on a non-confidential basis from an

6  unrelated person or entity ("Independently Obtained Documents"), provided that if an

7  Independently Obtained Document duplicates, in whole or in part, documents produced to the

8  Party and designated as Confidential Material, and the Independently Obtained Document was

9  obtained directly or indirectly by the unrelated person or entity as a result of discovery from Grant

10  Thornton LLP or affiliated entity in litigation involving Grant Thornton LLP or affiliated entity,

11  such Independently Obtained Document, or the duplicative portion thereof, shall be treated by the

12  Party as Confidential Material.  Nothing in this paragraph shall be deemed to relieve any unrelated

13  party or entity from complying with its obligations under any agreement or court order that is

14  otherwise applicable to that person or entity.

15      2.    As used in this Confidentiality Agreement, "person" includes any individual, entity,

16  natural person, or any business, legal or governmental entity or association.  "Producing Person"

17  refers to any person that produces discovery material.  "Receiving Person" refers to any person

18  that receives discovery material subject to this Confidentiality Agreement.

19      3.    This Confidentiality Agreement designates as "Confidential Material" documents

20  or discovery responses or testimony that may be provided or produced during the Proceedings that

21  are designated as such by a Producing Person because they contain any of the following:

22  confidential, sensitive, or nonpublic financial information and statements; proprietary business

23  information, including business plans and records of internal deliberations and decision-making,

24  research, development and trade secrets; policies and procedures not generally published,

25  including those concerning business operations, employee benefits and risk management

26  procedures; surveys concerning customers, competitors and employees; and individual personal

27  information that is protected from disclosure under state or federal law, including identifying

28  personal information and personal financial information, about any Party, any employee of any

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1   Party, or any third party.  Confidential Material may or may not also include tax returns, contracts

2   with employees or customers, and research, marketing and sales information.  The form in which

3   Confidential Material may be provided or received includes any and all forms of communication

4   communicating, preserving, recording and transmitting human thoughts whether written, printed,

5   typeset, digitized, or reproduced by any other means.  It is possible that disclosure of this

6   Confidential Material may cause harm to the Producing Persons and their employees, as well as to

7   third parties.

8          4.       All documents designated as Confidential Material shall be so designated by

9   stamping the media in which the documents are transmitted, or by stamping the first page of a

10  document "CONFIDENTIAL," "CONFIDENTIAL MATERIAL," or "CONFIDENTIAL

11  TREATMENT REQUESTED BY [and the name of the producing party]."  Documents may be

12  designated as Confidential Material at any time.  Without limiting the foregoing sentence in any

13  way, a Party may designate a document as CONFIDENTIAL after it was earlier produced without

14  such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute

15  a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Person would

16  otherwise be entitled.  Any documents designated as Confidential Material prior to entry of this

17  Confidentiality Agreement shall be treated the same in all respects as documents designated as

18  Confidential Material after the entry of this Confidentiality Agreement.  This Confidentiality

19  Agreement also treats as Confidential Material oral communications designated as confidential

20  either orally (provided that such designation was recorded by a court reporter) or in writing.

21         5.       It is the intent of the Parties and the Court that materials will not be designated as

22  Confidential Material for tactical reasons in this case and that nothing be so designated without a

23  good faith belief that there is good cause why it should not be part of the public record in this case.

24         6.       Confidential Material also includes those portions of any notes, work papers or

25  other work product that contain confidential information from documents designated as

26  Confidential Discovery Material without the need for a separate confidential designation on the

27  notes, work paper, or other work product.

28  / / /

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

7.  If discovery material is inspected at the Producing Person's choice of location, all such discovery material shall be presumed, at such inspection to have been designated as Confidential Material by the Producing Person until such time as the Producing Person provides copies to the Party that requested the discovery material.  Production of Confidential Material for inspection and copying shall not constitute a waiver of confidentiality.

8.  Confidential Material shall be subject to the following restrictions:

(a)  Confidential Material properly designated and provided or obtained in accordance with this Order shall be used solely for the purposes of the Proceedings and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose.

(b)  Confidential Discovery Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (c) below to whom it is necessary that such Confidential Discovery Material be given or shown for the purposes permitted under subparagraph (a) above.

(c)  Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," defined as follows:

(i)  The parties and any current or former partner, director, officer, employee or agent of a party who is requested by that party or any of its attorneys to work on the Proceedings;

(ii)  Each lawyer for a party in this case, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of the Proceedings, including secretaries, paralegals and document clerks.  In addition, any other counsel representing Grant Thornton LLP or any current or former personnel of Grant Thornton LLP may also have access to Confidential Material;

(iii)  Any insurers to any party to whom disclosure of Confidential Material is necessary in connection with the Proceedings and any applicable or potentially applicable insurance coverage;

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

(iv)    Any non-party witness or potential witness in the Proceedings, and his or her counsel, may be provided with Confidential Material for their review in preparation for or during his or her examination or deposition or in preparation for their testimony at trial or a hearing in the Proceedings (upon completion of the review, any document(s) containing Confidential Material shall be returned to counsel for the supplying party);

(v)    such consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Proceedings;

(vi)    Any person or entity designated on or within the disclosed Confidential Material as an author, addressee, or recipient of such Confidential Material;

(vii)    Any person or entity to whom the document itself indicates that the Confidential Material therein was previously communicated;

(viii)    the Court, court personnel, and jurors, potential jurors or alternate jurors as permitted by the Court;

(ix)    court reporters and videographers used in connection with the conduct of the Proceedings;

(x)    outside photocopying, graphic production services, litigation support services, and document hosting  vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the Proceedings;

(xi)    persons who are or were authors or recipients of the Confidential Material; and

(xii)    Alternative dispute resolution personnel (i.e. mediators, arbitrators) and their respective employees.

/ / /

9.      Except for Qualified Persons defined in subsections 9(c)(i), (9)(ii), and 9(viii), each person described in subparagraph 9(c) to whom Confidential Material is disclosed shall first be advised that such Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Confidentiality Agreement and that Confidential Material may not be disclosed other than pursuant to the terms hereof and prior to disclosing Confidential Material counsel shall cause each such person to execute a Certificate in the form annexed hereto as Exhibit A.  Counsel shall be responsible for retaining executed certificates.

10.      If any Receiving Person inadvertently discloses Confidential Material to persons who are not Qualified Persons, such disclosure shall be reported in writing, via overnight delivery service or email, to the Producing Person who produced such inadvertently disclosed Confidential Material within three (3) business days of the discovery of such disclosure.  In that event, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Material in accordance with the terms of this Confidentiality Agreement.

11.      Information or testimony disclosed at an examination or deposition may be designated as Confidential Material by the person providing such testimony, by a Party, or by a Producing Person if such person either:

(a)      identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material; or

(b)      provides written notification to the Parties within thirty (30) days of the court reporter's release of the transcript of the deposition as to those pages and lines of the transcript that are designated as Confidential Material.

Except to the extent the Parties otherwise agree, the entire transcript of any examination or deposition shall be treated as Confidential Material until thirty (30) days after the court reporter's release of the transcript of the examination or deposition.  Each page of an examination or deposition transcript designated as Confidential shall be stamped, as set forth in paragraph 5 above, by the court reporter or by counsel.  If counsel for any Party believes that a question put to a witness being examined in a pretrial deposition or examination will disclose Confidential

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 221 I MICHELSON DRIVE
IRVINE, CALIFORNIA 926 I 2
TEL (949) 752-7 I OO • FAX (949) 252-1514

1    Material, or that the answer to any question or questions requires such disclosure, or if documents

2    to be used as exhibits during the examination or deposition contain such Confidential Material,

3    such counsel may so notify requesting counsel, and, in that event, that portion of the examination

4    or deposition shall be taken in the presence only of counsel, parties to the Proceedings, the court

5    reporter, video operator and their assistants, and persons who have signed a receipt acknowledging

6    the receipt of this Confidentiality Agreement. The court reporter shall indicate in the transcript the

7    portion of the transcript that is to be kept confidential, and shall mark the cover page of the

8    transcript accordingly.

9          12.    In the event that any person discloses Confidential Material in any pleading, court

10   filing, attachment or exhibit thereto, or other papers filed with the Court pre-trial, the disclosing

11   person shall conditionally file the confidential information under seal with the Clerk of this Court

12   adhering to all Central District Local Rules in doing so; *provided, however,* that the paper shall be

13   furnished to the Court and the attorneys for the Parties and a duplicate copy with the confidential

14   information deleted will be placed in the public record insofar as possible. The Parties understand

15   that designation of materials as Confidential Material does not automatically entitle the Parties to

16   have such information kept under seal and that any submission of documents under seal should

17   seek to file under seal only those portions of the documents that contain confidential information

18   (*see, e.g., Kamaka v. City & County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006)) and

19   should be made to the judicial officer presiding over the proceedings in question. This

20   Confidentiality Agreement does not address the use of Confidential Material for use at trial. The

21   Parties agree to meet and confer regarding use of Confidential Material in connection with any

22   trial and to raise the issue with the Court at an appropriate time.

23         13.    No Party concedes that any material designated by any other person as Confidential

24   Material under any provision of this Confidentiality Agreement in fact contains or reflects trade

25   secrets, proprietary or confidential information, or has been properly designated as Confidential

26   Material, and entering into this Confidentiality Agreement shall not prejudice the right of a Party

27   to seek, at any time, a determination by the Court of whether any particular document or

28   information should be subject to the terms of this Confidentiality Agreement.

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1    14.    A Receiving Person shall not be obliged to challenge the propriety of a designation

2    of documents or other material as Confidential Material at the time made, and failure to do so shall

3    not preclude a subsequent challenge thereof.  If at any time a Receiving Person objects to a

4    Confidential Material designation under this Confidentiality Agreement, the Objecting Party shall

5    notify the Producing Person in writing.  The Objecting Party shall identify the information in

6    question and shall specify in reasonable detail the reason or reasons for the objection, and shall

7    otherwise comply with Central District Local Civil Rule 37-1.  Within ten (10) calendar days of

8    the receipt of such written notice, the Producing Person and Objecting Party shall meet-and-confer

9    in an effort to resolve their differences.  If the disagreement cannot be resolved, the Producing

10    Person may apply to the Court within thirty (30) calendar days for a protective order affirming the

11    Producing Person's Discovery Material designation.  The application of the Producing Person

12    shall comply with Central District Local Civil Rules 37-2 and 37-3, and the Producing Person

13    shall have the burden of demonstrating that the document or material designated as Confidential

14    Material is deserving of confidential treatment or other protection under the terms of this

15    Confidentiality Agreement.  If the Producing Person does not make such an application to the

16    Court, the documents or material to which an objection was directed will no longer be considered

17    Confidential Material under this Confidentiality Agreement.  While any such application is

18    pending, the documents or material subject to that application will remain Confidential until the

19    Court rules.

20    15.    In the event that the Court determines that there is an actual or threatened breach of

21    the agreement by a Receiving Person, the Parties agree that the Producing Person would not have

22    an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief,

23    to enforce the terms of this Protective Order, in addition to any other remedy the party may be

24    entitled at law or in equity.

25    16.    If any Receiving Person (a) is subpoenaed in another action, or (b) is served with a

26    demand in another action to which he, she, or it is a party, seeking Confidential Material under

27    this Confidentiality Agreement, the Receiving Person shall give written notice, by hand or by e-

28    mail, within three (3) business days of receipt of such subpoena or demand to those who produced

8

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1  or designated the discovery material as Confidential.  The Producing Person shall be responsible

2  for seeking a protective order or similar court-ordered relief to prevent the requested production.

3  Should the Producing Person seek a protective order or similar court-ordered relief, then the

4  Receiving Person shall not produce any of the Producing Person's Confidential Material, until a

5  final decision that is no longer subject to appellate review orders such production, provided that

6  the Producing Party has filed a Notice of Appeal or Motion for permission to Appeal from a lower

7  court order not later than thirty (30) calendar days after Notice of Entry of that order is served.

8       17.    Absent consent from a Producing Person, no Confidential Discovery Material

9  produced by such Producing Person may be used in connection with any other litigation, matter, or

10  proceeding.

11       18.    Upon notification that a document or other discovery material has been

12  inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or

13  other applicable privilege or protection will be made with regard to such document or other

14  discovery material, the party receiving such notice shall promptly return or, at the Producing

15  Person's option, destroy any and all copies of such document or other discovery material and shall

16  refrain from reading or reviewing said document or discovery material beyond the extent

17  necessary to identify it as the inadvertently produced material, or from utilizing it in any manner

18  or form including specifically but not exclusively, use during the course of an examination or

19  deposition, review with witnesses, or any other disclosure or review whatsoever.  The Receiving

20  Person shall also remove all references to such material from any attorney work product.  Together

21  with notification of inadvertent production, the Producing Person shall supply a privilege log to

22  the Receiving Person describing said document or other discovery material in compliance with

23  Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.  The inadvertent production of any

24  document or discovery that is subsequently retrieved or destroyed pursuant to this paragraph shall

25  not be deemed to be a waiver of the claim of privilege or protection asserted.  Notwithstanding the

26  foregoing, nothing in this paragraph shall prevent a Receiving Person, after promptly returning or

27  destroying the discovery material, from challenging the Producing Person's designation of the

28  document or discovery as subject to attorney-client privilege, attorney work product, or other

applicable privilege or protection or otherwise not subject to production, provided that (a) such

challenge complies with Central District Local Rules 37-1 through 37-4, (b) any review by the

Court of the materials in question is conducted *in camera*, and (c) the challenge shall not assert as

ground or basis that the Producing Person waived any privilege or protection because of the

inadvertent disclosure.

19.    This Confidentiality Agreement shall be without prejudice to the rights of a

Producing Person to seek further limits on disclosure or protections for the confidentiality of any

discovery material (whether or not designated as Confidential) in addition to the limits and

protections provided herein, including, without limitation, that access or disclosure of any

discovery material be limited solely to counsel for a Party or to other specified persons and

without prejudice to the rights of any other person to contest such application.

20.    Additional parties that join or are joined in the Proceedings may have access to

Confidential Material only by additional order of the Court or by the party's executing and filing

with the Court a stipulation agreeing to be fully bound by this Confidentiality Agreement.  Third

parties providing discovery materials in response to a subpoena may gain the benefits of this

Confidentiality Agreement with respect to any documents or discovery materials they produce by

executing a Certificate in the form annexed hereto as Exhibit A; by so signing, those parties will

also assume all the duties and obligations required under this Confidentiality Agreement.

21.    Within thirty (30) days after the final termination of the Proceedings, including any

appeals, each counsel shall at the option of the disclosing party either return all Confidential

Discovery Material in his possession, custody or control, and all copies, portions, summaries, or

abstracts thereof to counsel for the disclosing party or shall certify destruction thereof; *provided,*

*however,* that counsel for a party may retain a file copy of work product created in connection with

the Proceedings that includes Confidential Material, but such work product shall continue to be

kept confidential pursuant to this Confidentiality Agreement.

22.    The Parties may jointly seek to amend or modify this Confidentiality Agreement

subject to Court approval.

/ / /

1    23.    Notwithstanding any provision contained herein, nothing in this Confidentiality

2    Agreement shall restrict in any way the right of a Party to make use of its own discovery material

3    in any way it deems fit.

4    24.    Nothing in this Confidentiality Agreement shall be deemed a waiver of any of the

5    Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission

6    in evidence at any motion hearing or trial in the Proceedings of any matter discovered.

7

8    DATED: October 1, 2010                    RUS, MILIBAND & SMITH
                                               A Professional Corporation
9

10

11    By: _____
                                               CATHRINE M. CASTALDI
12                                             Special Litigation Counsel for
                                               Debtor FIRSTFED FINANCIAL CORP.
13

14    DATED: October 1, 2010                    BINGHAM MCCUTCHEN

15

16

17    By:  // J. WARREN RISSIER
                                               J. WARREN RISSIER
18                                             Attorneys for GRANT THORTON LLP

19

20

21

22

23

24

25

26

27

28

23.    Notwithstanding any provision contained herein, nothing in this Confidentiality Agreement shall restrict in any way the right of a Party to make use of its own discovery material in any way it deems fit.

24.    Nothing in this Confidentiality Agreement shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or trial in the Proceedings of any matter discovered.

DATED: October 1, 2010

RUS, MILIBAND & SMITH
A Professional Corporation

By:    /s/ Cathrine M. Castaldi
       CATHRINE M. CASTALDI
       Special Litigation Counsel for
       Debtor FIRSTFED FINANCIAL CORP.

DATED: October 1, 2010

BINGHAM MCCUTCHEN

By:    _____
       J. WARREN RISSIER
       Attorneys for GRANT THORTON LLP

11

| In re:<br><br>FIRSTFED FINANCIAL CORP.<br><br>Debtor and Debtor-in-Possession. | CHAPTER: 11<br><br>CASE NUMBER: 2:10-BK-12927-ER |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Von Karman Towers, Seventh Floor, 2211 Michelson Drive, Irvine, California  92612

A true and correct copy of the foregoing document described as  <u>STIPULATION FOR CONFIDENTIALITY AGREEMENT AND ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION</u> will  be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  <u>October 1, 2010</u>  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

Louis J Cisz             lcisz@nixonpeabody.com
Jon L Dalberg            jdalberg@lgbfirm.com, ncereseto@lgbfirm.com
Allan H Ickowitz         aickowitz@nossaman.com
Ivan L Kallick           ikallick@manatt.com, ihernandez@manatt.com
John W Kim               jkim@nossaman.com
Rodger M Landau          rlandau@lgbfirm.com, kmoss@lgbfirm.com
Ian Landsberg            ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
Joel S. Miliband         jmiliband@rusmiliband.com
S Margaux Ross           margaux.ross@usdoj.gov
United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov

☐ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  <u>October 1, 2010</u>  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Ernest M. Robles
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1560
255 E. Temple Street
Los Angeles, CA 90012-3332

J. Warren Rissier
Bingham McCutchen LLP
The Water Garden, Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA  90404-4060

FirstFed Financial Corp.
10900 Wilshire Blvd., Suite 850
Los Angeles, CA 90024

☐ Service Information continued on attached page.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>FIRSTFED FINANCIAL CORP.<br><br>Debtor and Debtor-in-Possession. | CHAPTER: 11<br><br>CASE NUMBER: 2:10-BK-12927-ER |
| --- | --- |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on  October 1, 2010  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 1, 2010 | Jeannie Mendez | *(signature)* |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.