Nossaman LLP
Allan H. Ickowitz (SBN 80994)
John W. Kim (SBN 216251)
445 S. Figueroa Street, 31st Floor
Los Angeles, California 90071
Telephone: 213.612.7800
Facsimile: 213.612.7801

and

Kathryn R. Norcross, Senior Counsel
Merritt A. Pardini, Counsel
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive, VS-D-7102
Arlington, Virginia 22226
Telephone: (703) 562-6079

Attorneys for the Federal Deposit Insurance Corporation
as Receiver of First Federal Bank of California,
a Federal Savings Bank

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>FIRSTFED FINANCIAL CORP.,<br><br>　　　　Debtor and<br>　　　　Debtor-in-Possession. | Chapter 11<br><br>Case No.: 2:10-bk-12927-ER<br><br>**NOTICE OF MOTION AND MOTION TO ESTABLISH JOINT BANK ACCOUNT RELATING TO INCOME TAX REFUND CLAIMS; DECLARATION OF JOHN W. KIM**<br><br>[Proposed] Order Lodged Concurrently Hereto<br><br><u>HEARING DATE</u><br><br>Date: December 8, 2010<br>Time: 10:00 a.m.<br>Judge: Ernest M. Robles<br>Crtm: 1560/1568 |

399453_1.DOC

**NOTICE OF MOTION AND MOTION RE: ESTABLISHMENT OF BANK ACCOUNT RELATING TO TAX REFUND CLAIMS; DECLARATION OF JOHN W. KIM**

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 8, 2010, at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Ernest M. Robles, United States Bankruptcy Judge, in the above-captioned chapter 11 case of FirstFed Financial Corp. (the "Debtor" or "Holding Company"), the Federal Deposit Insurance Corporation solely in its capacity as Receiver of First Federal Bank of California, a Federal Savings Bank ("FDIC-R") will and hereby does move this Court for an Order establishing a joint bank account with Citibank, N.A. or another financial institution mutually acceptable to the FDIC-R and FirstFed Financial Corp. (the "Debtor", collectively, with the FDIC-R, the "Parties", and each a "Party").

This motion ("Motion") is based on the Court's Order Granting "*Motion of the Federal Deposit Insurance Corporation, as Receiver, for an Order Confirming that the Automatic Stay Does Not Apply, or in the Alternative, for an Order Granting Relief from the Automatic Stay*" (Dkt. No. 82, Order entered on September 10, 2010). This Motion is also based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings, papers and records on file with the Court and such other evidence, oral or documentary, as may be presented to the Court prior to or at the time of any hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that any objection to the relief requested in the Motion and all evidence in support thereof must: (i) comply with the Local Bankruptcy Rules for the Central District of California governing such papers, (ii) be filed no later than fourteen (14) days prior to the Hearing Date, and (iii) be served on all parties entitled to notice.

Dated: November 17, 2010

NOSSAMAN LLP
ALLAN H. ICKOWITZ
JOHN W. KIM

By: _____
JOHN W. KIM
ATTORNEYS FOR THE FEDERAL DEPOSIT
INSURANCE CORPORATION AS RECEIVER OF FIRST
FEDERAL BANK OF CALIFORNIA, A FEDERAL
SAVINGS BANK

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The FDIC-R, by its undersigned counsel, files this Motion (the "Motion"), seeking entry of an order establishing a joint bank account with the Debtor as set forth in the Court's Order entered September 10, 2010 [Dkt. No. 82]. Pursuant to the September Order, in the event the Debtor or the FDIC-R receive any tax refunds, such monies will be placed in to a joint bank deposit or custodial account or other joint escrow account, with all rights of the FDIC-R and the Debtor fully preserved pending a resolution of the ownership of such tax refunds. By this Motion, the FDIC-R requests the Court to order the FDIC-R and the Debtor to establish an interest bearing joint deposit account or joint custodial account bearing Government securities or obligations ("Tax Refunds Account") to be established and maintained with Citibank, N.A.,[1] or any other financial institution mutually acceptable to the Parties pursuant to the terms and conditions herein. If the Parties cannot agree on a financial institution, the FDIC-R will establish the Tax Refunds Account at Citibank, N.A. or as otherwise ordered by the Court. To date, the Parties have not been able to agree upon the terms and conditions of the Tax Refunds Account.

**II.    STATEMENT OF FACTS**

1.    On December 18, 2009, First Federal Bank of California ("Bank") was closed by the Office of Thrift Supervision, and the Federal Deposit Insurance Corporation ("FDIC") was named Receiver of the Bank. At the time of the Bank's closing, the FDIC-R estimated that the cost to the Deposit Insurance Fund will be $146.3 million. The Debtor was the Bank's holding company.

2.    On January 6, 2010, (the "Petition Date"), the Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division. The Bankruptcy Case was thereafter transferred to the United States Bankruptcy Court for the Central District of

---

[1]/    On an unrelated case, the FDIC-R and the Chapter 7 Trustee of IndyMac Bancorp, Inc. have already established a joint bank account at Citibank N.A. to hold tax refunds in that case pending a resolution of the ownership of such refunds. The FDIC-R notes that insofar as insurance of deposit accounts is limited to $250,000 per account, it may be preferable to establish a custodial account in which the banking institution or other acceptable institution acts as the custodian for an account containing United States Treasury Bills or Bonds or as otherwise agreed upon by the Parties.

399453_1.DOC                                    2

California, Los Angeles Division ("Bankruptcy Court"), where it is presently pending. The Debtor continues to manage its financial affairs and operate its businesses as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, on October 19, 2006, the Debtor and Bank entered into an Intercompany Tax Sharing Agreement, which agreement may have superseded or amended other tax sharing agreements and may itself have been amended from time to time, pursuant to which the Debtor and Bank agreed to a certain allocation of their respective current and deferred income tax assets and liabilities. A true and correct copy of the Tax Sharing Agreement is attached to the Declaration of John W. Kim ("Kim Declaration"), **Exh. 1.**

4. The Parties have had communications relating to various tax issues that pertain to the filing of federal and state income tax returns, refunds, entitlements and liabilities, as well as possible or actual appeals with respect to assessment claims or audits asserted by various taxing authorities, including the United States Internal Revenue Service ("IRS") and the California Franchise Tax Board ("FTB"), relating to the Debtor or the Bank.

5. The Parties have disputes with respect to the ownership of and entitlement to potential federal and state income tax refunds, along with any accrued interest, and entitlements that may have been received by or paid to either of the Parties, or hereafter may be paid or become payable or owing to either or both of the Parties that are received with respect to consolidated income tax returns that included the Bank and Debtor within the consolidated group ("Tax Refunds"). The Parties also dispute which court(s) has (have) proper jurisdiction to adjudicate issues relating to such income tax refunds and entitlements and reserve all rights and remedies with respect thereto including, but not limited to, objecting to jurisdiction or to seek withdrawal of any reference by the United States District Court with respect to any such proceedings.

6. The FDIC-R contends that some or all of the Tax Refunds belong to the Bank and thus are property of the FDIC-R as receiver for the Bank. Alternatively, the Debtor contends that some or all of the Tax Refunds are property of the Debtor's bankruptcy estate.

7. On September 10, 2010, the Bankruptcy Court entered the *Order Granting "Motion of the Federal Deposit Insurance Corporation, as Receiver, for an Order Confirming that the Automatic*

*Stay Does Not Apply, or in the Alternative, for an Order Granting Relief from the Automatic Stay*" [Dkt No. 82] ("Order"). The Order provides, among other things, that to the extent the Debtor or FDIC-R receives any Tax Refunds, such monies shall be placed in a joint bank account and/or escrow account.

### III. THE COURT SHOULD ORDER THE ESTABLISHMENT OF THE TAX REFUNDS ACCOUNT PURSUANT TO THE TERMS AND CONDITIONS SET FORTH HEREIN TO PRESERVE ALL TAX REFUNDS PENDING A DETERMINATION OF OWNERSHIP

8. The Bankruptcy Court should order the Parties to establish and maintain the Tax Refunds Account at Citibank, N.A., or any other financial institution mutually acceptable to the Parties, which shall be and remain separate from any other accounts established by the FDIC-R and/or the Debtor within 10 (ten) business days after entry of the Order on the Motion. If the Parties cannot agree upon a financial institution or the terms for a joint account, the Tax Refunds Account shall be established by FDIC-R at CitiBank, N.A. either as a deposit account or as a custodial account for the benefit of both the FDIC-R and the Debtor, or as otherwise ordered by the Bankruptcy Court. The Tax Refunds Account shall be set up using the Employer Identification Number of the Bank, solely for purposes of reporting interest income accruing from time to time in the Tax Refunds Account. Each of the Parties and the Court shall be entitled to receive a statement on account of Tax Refunds Account held by the financial institution, as statements are made available by the financial institution. A copy of an exemplar application to establish the Tax Refunds Account at CitiBank, N.A. and a brochure describing custodial accounts offered at CitiBank, N.A, are attached to the Kim Declaration. **Exh. 2.**

9. The Tax Refunds will be deposited or transferred promptly into the Tax Refunds Account within five (5) business days of the receipt thereof by either Party or in the case of any Tax Refunds previously received, shall be deposited or transferred into the Tax Refunds Account within five (5) business days after entry of the order on the Motion.

10. Monies shall be distributed or released from the Tax Refunds Account only upon (i) mutual agreement of the Parties and application or stipulation presented by the FDIC-R and/or the Debtor to the Bankruptcy Court for its approval with appropriate notice to parties in interest in this bankruptcy case, or (ii) the entry of an order of a Federal court of competent jurisdiction which is no

longer subject to appeal or being appealed which approves and provides for the distribution and release of such monies by a court of competent jurisdiction. When money is released from the Tax Refunds Account, and distributed, a proportional share of the accrued interest or earnings on the amount to be distributed shall be paid therewith to the same Party receiving that money.

11. Nothing contained in this Motion is intended to waive, diminish, limit, impair or otherwise affect any substantive or procedural rights of the Debtor or the FDIC-R, whichever the case may be, with respect to any claims for Refunds.

## IV. CONCLUSION

WHEREFORE, the FDIC-R respectfully requests that the Bankruptcy Court grant this Motion and enter its order in the form attached hereto as **Exhibit "A"** and; grant such other and further relief as this Court may deem just and proper.

Dated: November 17, 2010

FEDERAL DEPOSIT INSURANCE CORPORATION
LEGAL DIVISION
KATHRYN R. NORCROSS
Senior Counsel
MERRITT A. PARDINI
Counsel

- and –

NOSSAMAN LLP
ALLAN H. ICKOWITZ
JOHN W. KIM

By: _____
JOHN W. KIM
Attorneys for the Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank

### DECLARATION OF JOHN W. KIM

I, John W. Kim, hereby declare as follows:

1. I make this Declaration from my own personal knowledge and could competently testify about the matters herein. I am a California State Bar member licensed to practice before this Court. I am partner of Nossaman LLP, counsel for the Federal Deposit Insurance Corporation solely in its capacity as Receiver of First Federal Bank of California, a Federal Savings Bank ("FDIC-R"). This declaration is filed concurrently with and in support of the FDIC-R's Motion.[2]

2. A true and correct copy of the Tax Sharing Agreement is attached hereto as **Exh. 1.**

3. A copy of an exemplar application to establish a joint account at CitiBank, N.A., and a brochure describing custodial accounts offered at CitiBank, N.A, are attached hereto as **Exh. 2.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of November 2010 at Los Angeles, California.

_____
JOHN W. KIM

---

[2] / All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

399453_1.DOC                                6

**NOTICE OF MOTION AND MOTION RE: ESTABLISHMENT OF BANK ACCOUNT RELATING TO TAX REFUND CLAIMS; DECLARATION OF JOHN W. KIM**