JON L.R. DALBERG (State Bar No. 128259)
RODGER M. LANDAU (State Bar No. 151456)
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 1460
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056
jdalberg@lgbfirm.com
rlandau@lgbfirm.com

Counsel for FirstFed Financial Corp.

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FIRSTFED FINANCIAL CORP,<br><br>　　Debtor and<br>　　Debtor-in-Possession. | Case No.: 2:10-bk-12927-ER<br><br>Chapter 11<br><br>**DEBTOR'S LIMITED OBJECTION TO FDIC MOTION TO ESTABLISH JOINT BANK ACCOUNT**<br><br>**Hearing:**<br><br>Date:　December 8, 2010<br>Time:　10:00 a.m.<br>Place:　Courtroom 1568<br>　　　　255 East Temple Street<br>　　　　Los Angeles, California 90012 |

13113637.6

FirstFed Financial Corp (the "Debtor"), debtor and debtor-in-possession in the captioned bankruptcy case ("Bankruptcy Case") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code"), hereby files this limited objection to the *Motion to Establish a Joint Bank Account Relating to Income Tax Refund Claims* [Docket No. 112] (the "Joint Account Motion") filed by the Federal Deposit Insurance Company, as receiver ("FDIC-R") for the Debtor's wholly-owned bank subsidiary, First Federal Bank of California, a federal savings bank.

## I.

## INTRODUCTION

The Debtor does not object to establishing an escrow account at a bank to hold the tax refunds ("Disputed Tax Refunds") that the Debtor believes will be paid by the Internal Revenue Service ("IRS"). The Debtor does, however, object to the Disputed Tax Refunds being deposited in the joint bank account (the "Joint Account") proposed by the FDIC-R in its Joint Account Motion, which does not offer the same degree of security and protection for the Disputed Tax Refunds as an escrow bank account. The Disputed Tax Refunds are expected to exceed NINETY MILLION AND 00/100 DOLLARS ($90,000,000.00) and are potentially the most significant asset of the Debtor's estate. The Debtor believes that it is incumbent on it, as fiduciary of the estate, to ensure that this valuable asset be afforded all possible protections.

The Debtor also objects to the Joint Account Motion as unnecessary and burdensome to the estate. The Debtor has stood ready at all times to enter into an agreement with the FDIC-R to implement the terms of the Court's prior order granting a motion of the FDIC-R seeking relief from the automatic stay in connection with the filing of the Debtor's federal tax returns (Docket No. 82) (the "Order") and has communicated its willingness to do so to counsel for the FDIC-R. Such an agreement would have obviated the need for the Joint Account Motion. Yet counsel for the FDIC-R chose to ignore the invitation to discuss the matter, choosing instead to file an unnecessary motion with the Court, wasting the Debtor's (and the Court's) time and resources.

## II.

## LIMITED OBJECTION.

### A. The Disputed Tax Refunds Should be Placed in an Escrow Account.

By its Joint Account Motion, the FDIC-R asks this Court to enter an order "establishing a *joint bank account* with Citibank, N.A.", Joint Account Motion, page 1, line 8 (emphasis added), purportedly based on the Court's prior Order. However, the Order provides, in relevant part, that "[i]n the event that the Debtor herein or the FDIC-R receive any tax refunds, such monies shall be placed into a joint bank account and/or *escrow account*." Order, ¶ 2 (emphasis added).

The Debtor does not object to establishing a bank account to hold the Disputed Tax Refunds pending resolution of whether they are owned, in whole or in part, by the Debtor or the FDIC-R. The Debtor does, however, object to the Joint Account proposed by the FDIC-R to hold the Disputed Tax Refunds, and respectfully requests that the Court order that the Disputed Tax Refunds be deposited and held in an escrow account (an "Escrow Account") at U.S. Bank National Association ("U.S. Bank") as escrow agent (when acting in such capacity, the "Escrow Agent"), pursuant to a mutually agreeable escrow agreement ("Escrow Agreement") by and among the Debtor, the FDIC-R and the Escrow Agent. The form of Escrow Agreement attached hereto as Exhibit "A" is acceptable to both the Debtor and U.S. Bank and has previously been provided to the FDIC-R for its review and comments.

The Disputed Tax Refunds are expected to be over NINETY MILLION AND 00/100 DOLLARS ($90,000,000.00). As such, they are potentially the most important and valuable asset of the Debtor's estate. Given the importance and the size of this asset, the Debtor has a fiduciary obligation to its estate and its creditors to ensure that there exists no risk of loss of the Disputed Tax Refunds (including any loss that may arise from any inadvertent or unauthorized transfer of the Disputed Tax Refunds).

In this regard, the Escrow Account provides substantial benefits and protections that do not exist with the Joint Account proposed by the FDIC-R. The Escrow Account will be held at a well-known and financially sound bank in a section of the bank where the bank officers (a) understand

Case 2:10-bk-12927-ER    Doc 115    Filed 11/24/10    Entered 11/24/10 13:46:20    Desc
Main Document    Page 4 of 7

1 that the funds being held are in dispute and (b) are trained to handle such funds with extraordinary
2 care. The parties go through the formality of signing an escrow agreement for the purpose of
3 making it absolutely clear to all interested parties as to when and how the funds are to be released.
4 The Escrow Agreement also includes an express provision that it is binding on successors and
5 assigns, making it clear that both a liquidating trustee appointed under a plan confirmed in the
6 Debtor's Bankruptcy Case and any of the various iterations of the FDIC that may succeed to the
7 FDIC-R will enjoy the benefits of, and will be bound by, the Escrow Agreement. These legal
8 formalities give additional comfort to all interested parties, which simply does not exist with the
9 proposed Joint Account. This is particularly important here where the Debtor has a fiduciary duty to
10 its estate and its creditors, which include parties with a substantial interest in the estate that
11 nonetheless will not be legal parties to the Joint Account.

12      U.S. Bank is a well-known, financially sound bank. The appointment of U.S. Bank as
13 Escrow Agent is supported by Wilmington Trust Company in its capacity as Indenture Trustee (the
14 "Indenture Trustee") for the holders of all of the debentures issued by the Debtor (the "Debenture
15 Holders"). The Debenture Holders are, by far, the largest stakeholders in the Debtor's Bankruptcy
16 Case, holding over 95% of all of the Debtor's general unsecured debt.

17      Moreover, from an economic perspective, there is absolutely no additional cost to the Debtor
18 or the FDIC-R for using the Escrow Account rather than the proposed Joint Account. U.S. Bank has
19 agreed not charge any fees (including any annual fees or any transactional fees) or any expenses
20 (other than out-of pocket expenses) associated with the Escrow Account. If U.S. Bank is
21 unacceptable to the FDIC-R, the Debtor is aware that there are also other well-known banks that are
22 willing to provide such escrow services on similar terms and conditions (i.e. no fees and expenses).

23 **B.      The Joint Account Motion is an Unnecessary Waste of the Debtor's**
24 **Resources.**

25      The Joint Account Motion is unnecessary. The Debtor, through its counsel, has repeatedly
26 communicated its willingness to enter into an agreement to implement the Court's Order, thus
27 obviating the need for the FDIC-R to file any motion regarding the treatment of the Disputed Tax
28

LANDAU GOTTFRIED
& BERGER LLP

4

1  Refund. Nonetheless, the FDIC-R failed to respond to the Debtor's counsel's invitation to discuss
2  such an agreement, choosing instead to file its Joint Account Motion, thereby causing the Debtor to
3  unnecessarily waste time and resources responding to it.

## III.
## CONCLUSION.

For the reasons set forth above, the Debtor respectfully requests that the Court deny the FDIC-R's Joint Account Motion and instead enter its Order that the Disputed Tax Refund be placed in the Escrow Account at U.S. Bank pursuant to a mutually agreeable escrow agreement by and among the Debtor, U.S. Bank as Escrow Agent, and the FDIC-R.

Respectfully submitted,

Dated: November 24, 2010          LANDAU GOTTFRIED & BERGER LLP


By:    /s/Jon L.R. Dalberg
         Jon L.R. Dalberg
Counsel for FirstFed Financial Corp.

| In re: | | CHAPTER 11 |
|---|---|---|
| FirstFed Financial Corp. | Debtor(s). | CASE NUMBER 2:10-bk-12927-ER |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067

A true and correct copy of the foregoing document described **DEBTOR'S LIMITED OBJECTION TO FDIC MOTION TO ESTABLISH JOINT BANK ACCOUNT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 24, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Cathrine M Castaldi     ccastaldi@rusmiliband.com
Louis J Cisz            lcisz@nixonpeabody.com
Allan H Ickowitz        aickowitz@nossaman.com
John J Immordino        john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
Ivan L Kallick          ikallick@manatt.com, ihernandez@manatt.com
John W Kim              jkim@nossaman.com
Ian Landsberg           ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
Joel S. Miliband        jmiliband@rusmiliband.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On November 24, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 24, 2010 | Katherine Moss | /s/ Katherine Moss |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
**9013-3.1**

F

| In re: | | CHAPTER 11 | |
|---|---|---|---|
| FirstFed Financial Corp. | | | F |
| | Debtor(s). | CASE NUMBER 2:10-bk-12927-ER | |

**SERVED BY U.S. MAIL(cont)**
Honorable Ernest Robles
USBC - Central District of Ca
255 East Temple St, Ste 1560
Los Angeles, CA  90012

*Counsel for Wilmington Trust*
Nixon Peabody LLP
Catherine Ng/ Frank Hamblett
100 Summer Street
Boston, MA  02110

*Counsel for FDIC*
Allan H. Ickowitz
NOSSAMAN LLP
445 South Figueroa St, 31st Fl
Los Angeles, CA 90071

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
**9013-3.1**