1  ANDRE BIROTTE, JR.
   United States Attorney
2  SANDRA R. BROWN
   Assistant United States Attorney
3  Chief, Tax Division
   7211 Federal Building
4  300 N. Los Angeles Street
   Los Angeles, CA  90012
5  Telephone: (213) 894-5810
   Facsimile: (213) 894-0115
6  ELAINE T. FULLER
   Special Assistant United States Attorney
7  CA Bar Number 089829
   3018 Federal Building
8  300 N. Los Angeles Street
   Los Angeles, CA  90012
9  Telephone: (213) 894-3027 ext. 185
   Facsimile: (213) 894-6548
10

11 Attorneys for the United States of America

12                 UNITED STATES BANKRUPTCY COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14                     LOS ANGELES DIVISION

15 In re:                           ) Case No. 2:10-bk-12927-ER
                                    )
16 FIRSTFED FINANCIAL CORP.,        ) Chapter 11
                                    )
17          Debtor.                 ) OBJECTION OF THE UNITED STATES
                                    ) OF AMERICA TO DEBTOR'S
18                                  ) DISCLOSURE STATEMENT
                                    )
19                                  )
                                    ) Date:  January 5, 2011
20                                  ) Time:  10:00 a.m.
                                    ) Place: Courtroom 1568
21                                  )        255 E. Temple Street
                                    )        13th Floor
22                                  )        Los Angeles, CA 90012
                                    )
23                                  ) Honorable Ernest M. Robles
                                    )
24 _____ )

25      TO THE HONORABLE ERNEST M. ROBLES, United States Bankruptcy

26 Judge, the Debtor, its counsel of record and all other

27 interested parties, PLEASE TAKE NOTICE that at the above stated

28 date and time, the UNITED STATES OF AMERICA ("United States"),

on behalf of its agency the Internal Revenue Service ("IRS"), will and hereby does, object to approval of the Debtor's Disclosure Statement In support of the Debtor's Plan of Liquidation ("Disclosure Statement") because it fails to provide adequate information necessary to make an informed judgment about the plan as required by 11 U.S.C. § 1125.

IN SUPPORT THEREOF the United States alleges:

On January 6, 2010, FirstFed Financial Corporation ("FirstFed") filed a bankruptcy petition seeking relief under Chapter 11 of the Bankruptcy Code. The IRS filed a proof of claim on April 9, 2010, asserting an unsecured priority claim in the amount of $4,726,992 for income taxes with respect to the 2006 and 2007 taxable years.[1]

**I. The Disclosure Statement fails to provide adequate information because it fails to provide a copy of the Liquidating Trust Agreement.**

The Disclosure Statement states at page 28 lines 2-4 that the assets of the estate will vest in a liquidating trust upon the Effective Date of the plan and will be distributed consistent with the Bankruptcy Code priority scheme and in accordance with the terms of the Plan and the Liquidating Trust Agreement (see also page 31 lines 8-26 of the Disclosure Statement). The Plan attached to the Disclosure Statement as Exhibit A, however, fails to attach a copy of any Liquidating Trust Agreement and creditors are thus deprived of adequate information to determine whether, how or even if that creditor's

---

[1] Despite the filing of the IRS claim, FirstFed failed to serve the IRS with its proposed Disclosure Statement.

1  claim will be paid.

2      The absence of the Liquidating Trust Agreement also makes
3  it difficult to understand the statement that "Remaining assets,
4  to the extent not converted to cash or other proceeds as of the
5  Effective Date, will be sold or otherwise disposed of after the
6  Effective Date, with all net cash proceeds to be distributed to
7  the holders of allowed claims." This infers the Debtor and not
8  the Trustee of the Liquidating Trust will convert the Debtor's
9  assets to "cash or other proceeds" without explaining the
10 necessity for this two-step procedure.

11 **II. The Disclosure Statement fails to provide adequate**
12 **information because it provides conflicting information as to**
13 **whose benefit the Liquidating Trust is being established.**

14     The Disclosure Statement at page 1 lines 1-7 asserts the
15 Plan provides for the disposition of all assets of the estate
16 through the establishment of a liquidating trust for the benefit
17 of holders of allowed claims. The Disclosure Statement goes on
18 to state at page 28 lines 2-4 that the assets of the estate will
19 vest in the Liquidating Trust upon the Effective Date of the
20 plan and will be distributed consistent with the Bankruptcy Code
21 priority scheme and in accordance with the terms of the Plan and
22 the Liquidating Trust Agreement. This infers that all claims
23 will be paid from the Liquidating Trust. At page 53 lines 23-
24 24, however, the Disclosure Statement states that on the
25 Effective Date, the Liquidating Trust will be established for
26 the benefit of holders of allowed Class 3 claims. This appears
27 to be inconsistent with the statements at page 1 and page 2
28 noted above.

Additionally, the Disclosure Statement at page 37 lines 10-25 states that after the Effective Date and subject to the terms of the Plan and Liquidating Trust agreement, the Liquidating Trustee will review all claims and determine if any grounds exist to object to the claim. Only allowed claims will be paid, and distributions relating to disputed claims will be placed into "the Disputed Claims Reserve." No information is provided to inform creditors whether the disputed claims reserve is a fund separate from the liquidating trust, who will administer it and under what conditions distributions will be made.

**III. The Disclosure Statement fails to provide adequate information because neither the Disclosure Statement nor the proposed Plan establishes an Effective Date for the Plan.**

The Disclosure Statement at page 39 lines 6-9 states that the Plan provides that it will not become effective until a confirmation order has been entered and is not subject to stay.

Section VIII.A of the Plan attached as Exhibit A to the Disclosure Statement discusses the condition precedent to the effectiveness of the plan, and states "The Effective Date shall not occur until the Confirmation Order has been entered on the docket of the Bankruptcy Court and no stay of the Confirmation Order is in effect, unless this condition has been waived in writing by the debtor. VIII.B. states "As soon as is practicable after the Effective Date has occurred, the Debtor shall file with the Bankruptcy Court an informational notice specifying the Effective date, as a matter of record."

Nowhere in the Disclosure Statement or the proposed Plan is a date proposed for the Effective Date, nor is there any

1  statement of what circumstances or conditions (other than the
2  absence of a stay upon the effectiveness of an order confirming
3  a plan) may give rise to the Debtor's determination that an
4  Effective Date should be declared.
5      The Debtor should not be permitted to delay the
6  establishment of a specific Effective Date until the Debtor, in
7  its sole discretion, deems it practicable to set an Effective
8  Date.
9  **IV. The Disclosure Statement fails to provide adequate**
10 **information because neither the Disclosure Statement nor the**
11 **proposed Plan establish a deadline for filing objections to**
12 **claims.**
13     The Disclosure Statement at page 38 lines 1-12 provides
14 that distributions are to be made on the Effective Date unless
15 otherwise provided by the Plan, but no distributions will be
16 made on a claim unless it is an allowed claim, and provided that
17 distributions on an allowed claim may be delayed as the result
18 of, or the allowance of or estimation of disputed claims.
19     Since a claim for which a proof of claim has been filed is
20 presumed to be an allowed claim unless an objection is filed
21 under Bankruptcy Code § 502(a), it must be assumed from the
22 phrase "but no distributions will be made on a claim unless it
23 is an allowed claim" that the Debtor intends to file one or more
24 claim objection.  In the absence of providing a deadline for the
25 filing of claim objections, no creditor is able to determine
26 when or even if its claim might be paid.
27 **V.  The Disclosure Statement fails to provide adequate**
28 **information because it fails to disclose the Plan proposes a**

requirement regarding administrative tax claims which contravene Title 11 and Title 28.

Without mention in the Disclosure Statement, the proposed Plan at Section II.B.1(b)(iii) proposes to require that a request for payment of administrative tax claims (claims falling due between the petition date and the Effective Date for which no bar date has otherwise been filed) be filed on or before the later of (a) 60 days after the Effective Date or (b) 90 days after the filing of a return, or be forever barred.

This is in direct contravention of § 503(b)(1)(D) of the Bankruptcy Code which states that "notwithstanding the requirement of subsection (a), a governmental unit shall not be required to file a request for payment of an expense described in subparagraph (B) or (C) as a condition of being an allowed administrative expense. Further, Title 28 U.S.C. § 960 specifically requires Trustees and debtors in possession to pay administrative taxes on or before the date the taxes are due under applicable non-bankruptcy law unless excused under a specific provision under Title 11. There is no specific provision under Title 11 that would excuse this Debtor from payment of its administrative tax expenses, and the Disclosure Statement fails to apprise creditors that the United States will object to confirmation of a plan which attempts to relieve the Debtor or any successor in interest from the requirement to pay administrative taxes on or before the date the taxes are due under applicable non-bankruptcy law.

VI. The Disclosure Statement contains other inconsistencies which the Debtor should be required to clarify.

Main Document    Page 7 of 9

In addition to the ambiguity regarding what assets are to be transferred to the liquidating trust, and for whose benefit the liquidating trust is to be established, the Disclosure Statement at page 27 line 20-22 states "As set forth in Section V.B.3 of the Plan, after the Effective Date, the Liquidating Trustee has the authority to object, prosecute and settle claims." Section V.B.3 of the proposed Plan attached to the Disclosure Statement, however, discusses the transfer of assets to the Liquidating Trustee – the debtor should be required to clarify by providing the correct cross-reference.

The Disclosure Statement at page 39 lines 14-15 states "The Effective date is the date that the Plan becomes effective under Section IX.A of the Plan." Section IX.A of the proposed Plan attached to the Disclosure Statement, however, discusses the retention of jurisdiction of the Bankruptcy Court, not the Effective Date of the Plan. Debtor should be required to clarify and provide the correct cross-reference.

## CONCLUSION

For all the foregoing reasons, the United States respectfully requests that approval of the Disclosure Statement be denied.

Respectfully Submitted,
**ANDRE BIROTTE, JR.**
United States Attorney
**SANDRA R. BROWN**
Assistant United States Attorney
Chief, Tax Division

DATE: Dec. 15, 2010

ELAINE T. FULLER
Spec. Asst. United States Attorney
Attorneys for the United States of America

| In re: FIRSTFED FINANCIAL CORPORATION | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-bk-12927-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 North Los Angeles Street, Room 3018, Mail Stop 9900, Los Angeles, CA 90012

The foregoing document described **OBJECTION OF THE UNITED STATES OF AMERICA TO DEBTOR'S DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 15, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Rodger M. Landau   Debtor's counsel           rlandau@lgbfirm.com; kmoss@lgbfirm.com
S. Margaux Ross    Counsel for the U.S.Trustee   margaux.ross@usdoj.gov
United States Trustee (LA)                    ustpregion16.la.ecf@usdoj.gov

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _December 15, 2010_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 15, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Ernest M. Robles
255 E. Temple Street
Dropbox outside Suite 1568
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 15, 2010 | Monique Brewer | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                **F 9013-3.1**

| In re: FIRSTFED FINANCIAL CORPORATION | CHAPTER 11 |
|---|---|
| Debtor(s) | CASE NUMBER 2:10-bk-12927-ER |

**ADDITIONAL SERVICE INFORMATION:**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| | |
|---|---|
| Cathrine M. Castaldi | ccastaldi@rusmiliband.com |
| Louis J. Cisz | lisz@nixonpeabody.com |
| Jon L. Dalberg | jdalberg@lgbfirm.com; ncereseto@lgbfirm.com |
| Allan H. Ickowitz | aickowitz@nossaman.com |
| John J. Immordino | john.immordino@wilsonelser.com; raqueal.burgess@wilsonelser.com |
| John Mark Jennings | jjennings@shblp.com |
| Ivan L. Kallick | ikallick@manatt.com; ihernandez@manatt.com |
| John J. Kim | jkim@nossaman.com |
| Ian Landsberg | ilandsberg@landsberg-law.com; bgomelsky@landsberg-law.com rbenitez@landsberg-law.com |
| Joel S. Miliband | jmiliband@rusmiliband.com |

**SERVED BY U.S. MAIL**

Howard Grobstein
15233 Ventura Blvd., 9th floor
Sherman Oaks, CA 91403-2201


Herbert Kunoski
Wilson Elser Moskowitz Edelman
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**