1    JON L.R. DALBERG (State Bar No. 128259)
     RODGER M. LANDAU (State Bar No. 151456)
2    LANDAU GOTTFRIED & BERGER LLP
     1801 Century Park East, Suite 1460
3    Los Angeles, California  90067
     Telephone: (310) 557-0050
4    Facsimile: (310) 557-0056
     rlandau@lgbfirm.com
5    jdalberg@lgbfirm.com

6    Counsel for FirstFed Financial Corp.

7            UNITED STATES BANKRUPTCY COURT

8          FOR THE CENTRAL DISTRICT OF CALIFORNIA

9              LOS ANGELES DIVISION

10

| | |
|---|---|
| 11   In re: | Bk. No.  2:10-bk-12927-ER |
| 12   FIRSTFED FINANCIAL CORP. | Chapter 11 |
| 13         Debtor and | **REPLY OF DEBTOR AND DEBTOR-IN-POSSESSION TO OBJECTION OF THE UNITED STATES OF AMERICA TO DISCLOSURE STATEMENT.** |
| 14         Debtor-in-Possession. | |
| 15 | |
| 16 | |
| 17 | **Date:** Wednesday January 5, 2011 |
| 18 | **Time:** 10:00 a.m. |
| 19 | **Place:** Courtroom 1568 |
| 20 |        225 East Temple Street |
| |        Los Angeles, California 90012 |

21

22

23

24

25

26

27

28

LANDAU
GOTTFRIED
& BERGER LLP

FirstFed Financial Corp., debtor and debtor-in-possession ("FirstFed" or "Debtor") in the captioned case ("Bankruptcy Case") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code"), as proponent of its Plan of Liquidation ("Plan"), does hereby file this *Reply of Debtor and Debtor-in-Possession to Objection of the United States of America to Disclosure* Statement,[1] and represents as follows:

**I.**

**REPLY.**

The IRS Objection sets forth six (6) objections to the Debtor's *Disclosure Statement in Support of the Debtor's Plan of Liquidation* (Docket No. 106) ("Disclosure Statement"). Each will be addressed below, in the order that they are raised in the IRS Objection.

**A.      IRS Objection I:**

In its first objection to the Disclosure Statement, the IRS argues that the Disclosure Statement cannot be approved because it is not accompanied by a copy of the Liquidating Trust Agreement that will accompany the Debtor's Plan. IRS Objection, page 2, lines 14 – 27. It further asserts that, without the Liquidating Trust Agreement, a sentence contained in the Disclosure Statement that "Remaining assets, to the extent not converted to cash or proceeds as of the Effective Date, will be sold or otherwise disposed of after the Effective Date, with all net proceeds to be distributed to holders of allowed claims," creates an inference that the Debtor, and not the Liquidating Trustee, will convert the Debtor's assets to "cash or other proceeds." IRS Objection, page 3, lines 2 – 10.

**Debtor's Response:**

The Debtor, in co-operation with its principal creditor, the Wilmington Trust Company as indenture trustee for the vast majority of the Debtor's indebtedness, has recently chosen Howard Grobstein of Crowe Horwath LLP to serve as the Liquidating Trustee, and finalized the terms of the Liquidating Trust Agreement. A copy of the Liquidating Trust Agreement is attached hereto as Exhibit "A."

---

[1]    United States' Objection was filed herein on December 15, 2010 (Docket No. 124) ("IRS Objection") on behalf of its agency, the Internal Revenue Service ("IRS").

LANDAU
GOTTFRIED
& BERGER LLP

With respect to the sentence, referred to above, relating to the disposition of assets after the Effective Date, the Debtor believes that, when viewed in context, it is clear that the Liquidating Trustee, and not the Debtor, will administer the Debtor's assets after the Effective Date of the Plan, since both the Disclosure Statement and the Plan make it clear that the Debtor's assets will vest in the Liquidating Trust to be administered by the Liquidating Trustee on the Effective Date. *See, e.g.,* Disclosure Statement, Section IV.B.2.(b) – (c) (providing, *inter alia,* that on the Effective Date, the Liquidating Agent "shall begin to administer the Liquidating Trust . . . and may use, acquire and dispose of the property of the Liquidating Trust;" that the Debtor's Assets will vest in the Liquidating Trust as of the Effective Date; and that the Liquidating Trust becomes effective as of the Effective Date).

Nonetheless, to avoid any possible ambiguity in the Disclosure Statement, the Debtor proposes to modify the sentence quoted in the IRS Objection by adding the underlined phrase as follows:

> Remaining assets, to the extent not converted to cash or other proceeds as of the Effective Date, will be sold or otherwise disposed of by the Liquidating Trustee after the Effective Date, with all net cash proceeds to be distributed to Holders of Allowed Claims, as provided for in the Plan.[2]

**B.    IRS Objection II.**

In its second objection, the IRS notes that the Disclosure Statement is inconsistent in that it identifies both the holders of all Allowed Claims and the holders of Allowed Class 3 Claims as beneficiaries of the Liquidating Trust, with the latter reference occurring at page 53, lines 23 – 24 of the Disclosure Statement. IRS Objection, page 3, lines 11 – 28. It further argues that the Disclosure Statement is inadequate because it fails to disclose whether the Disputed Claims Reserve will be administered by the Liquidating Trustee, whether the Disputed Claims Reserve will be a

---

[2]  For the convenience of the Court, attached as Exhibit "B" hereto are the relevant pages of the Disclosure Statement, marked to show the changes proposed by the Debtor in this Reply.  In addition, the Debtor will file, concurrently herewith, "clean" versions of the revised Plan and Disclosure Statement styled, respectively, as *Debtor's Plan of Liquidation, dated as of January 5, 2010* ("Jan 5 Plan") and *Disclosure Statement in Support of the Debtor's Plan of Liquidation, dated as of January 5, 2010* ("Jan 5 Disclosure Statement").  Courtesy copies of the Jan 5 Plan and Jan 5 Disclosure Statement will be delivered to the Court's chambers.

LANDAU
GOTTFRIED
& BERGER LLP

1    fund separate from the Liquidating Trust, and under what circumstances distributions will be made

2    from the Disputed Claims reserve.  IRS Objection, page 4, lines 1 – 10.

3        **Debtor's Response:**

4        Under Section V.B.1 of the Plan, "the Beneficiaries of the Liquidating Trust will be the

5    Holders of all Allowed Claims against the Debtor."  Such Beneficiaries will include, but not be

6    limited to, Holders of Allowed Class 3 Claims, the only impaired class of claims that is anticipated

7    to receive distributions on account of their allowed claims.  The Debtor proposes that statement in

8    the Disclosure Statement to the effect that the Liquidating Trust is established for the benefit of

9    Class 3 Claims be deleted as inconsistent with the intent that the Liquidating Trust be administered

10   for the benefit of the Beneficiaries.  *See* Exhibit "A" hereto, Bates numbered page 54.

11       With respect to the Disputed Claims Reserve, the Debtor submits that Section IV.C of the

12   Plan expressly provides that the Disputed Claims Reserve is "maintained by the Liquidating

13   Trustee," and otherwise provides for distributions to be made from the Disputed Claims Reserve.

14   However, to clarify the tax treatment of the Disputed Claims Reserve, the Debtor proposes to

15   include in Plan Section IV.C the following language:

16       The Liquidating Trustee may, at the Liquidating Trustee's sole discretion, file a tax

17       election to treat the Disputed Claims Reserve as a Disputed Ownership Fund ("DOF")

18       within the meaning of Treasury Income Tax Regulation Section 1.468B-9 for federal

19       income tax purposes, rather than tax such reserve as a part of the grantor liquidating

20       trust.  If the election is made, the Liquidating Trustee shall comply with all federal

21       and state tax reporting and tax compliance requirements of the DOF, including but

22       not limited to the filing of a separate federal income tax return for the DOF and the

23       payment of federal and/or state income tax due.

24       *See* Exhibit "B," Bates numbered page 58.

25       In addition, the Debtor proposes to replace and supplement certain language in Section

26   IX.C.3 of the Disclosure Statement with the following language relating to the anticipated tax

27   treatment of the Disputed Claims Reserve and the DOF election:

28       The assets set aside or reserved to fund the payment of the Disputed Claims Reserve

LANDAU
GOTTFRIED
& BERGER LLP

4

will be treated and taxed for federal income tax purposes similar to the other assets transferred and held by the Liquidating Trust (i.e. the reserved assets will be treated as transferred to the grantor Liquidating Trust owned by the Beneficiaries) unless the Liquidating Trustee files a tax election to treat the Disputed Claim Reserve as a Disputed Ownership Fund.  Under the Plan, the Liquidating Trustee is allowed, for federal income tax purposes, to treat the Disputed Claims Reserve as either (a) a part of the assets of the grantor Liquidating Trust owned by the Beneficiaries (i.e.,  the Beneficiaries, rather than the Liquidating Trust, will pay tax on their share of Tax Items, as that term is defined in the Liquidating Trust, attributable to the Disputed Claims) or (b) a Disputed Ownership Fund ("DOF"), taxable under IRC Section 468B and Treasury Income Tax Regulation Section 1.468B-9 (separate taxable entity).  If the Liquidating Trustee fails to file a DOF tax election, the tax consequences with respect to the transfer of assets used to fund the Disputed Claims reserve will be the same as described above for the other assets transferred by the Debtor to the Liquidating Trustee.

If the Liquidating Trustee files a tax election to treat the Disputed Claims reserve accounts as a DOF, then the DOF will be treated as a separate taxable entity for federal income tax purposes (rather than a pass-through tax entity) that is required to file federal income tax returns and pay any federal income tax due with respect to Tax Items that are attributable to the Disputed Claims.  All of the federal income tax liability of the DOF will reduce the distributions of all of the Beneficiaries, including the Disputed Claimants.  The DOF will be taxed for federal income tax purposes as either (a) a C corporation, unless all the assets transferred to the fund by or on behalf of transferors are passive investments assets, or (b) a "qualified settlement fund" within the meaning of IRC Section 468B and the Treasury Income Tax Regulations thereunder (a "QSF"), if all the assets transferred to the fund are passive investment assets.  For purposes of determining the DOF's federal income tax liability, a DOF is not required to report as income transfers of assets to the DOF, but is required to

LANDAU
GOTTFRIED
& BERGER LLP

include in income all income received or accrued from the assets transferred to the

DOF.  The DOF is not allowed a tax deduction for a distribution of disputed assets or

the net after tax income earned by the DOF made to a Beneficiary.  The initial tax

basis of assets transferred to a DOF is the fair market value of the asset determined on

the date of transfer to the DOF, and the DOF's holding period begins on the date of

the transfer.

    **4**.      **Tax Reporting**.

      Only to the extent that the Liquidating Agent does not make the DOF tax

election, all parties (including the Debtor, the Liquidating Trustee and the

Beneficiaries) shall, for all federal income tax purposes, treat the transfer of assets to

the Liquidating Trust in accordance with the terms of the Plan as a transfer of such

assets directly to the Beneficiaries, followed by the transfer thereof by such

Beneficiaries to the Liquidating Trust.  Consistent therewith, for federal income tax

purposes, all parties shall treat the Liquidating Trust as a grantor trust of which such

Beneficiaries are the owners and grantors.  Thus, such Beneficiaries (and any

subsequent Holders) shall be treated as the direct owners of an undivided beneficial

interest in the assets and liabilities of the Liquidating Trust for all federal income tax

purposes.  The Debtors and Liquidating Trustee will jointly determine the fair market

value of the assets, and all parties, including the Beneficiaries, must consistently use

such valuation for all federal income tax purposes.

      The Liquidating Trustee will file with the Internal Revenue Service tax returns

as a grantor trust pursuant to Treasury Regulations Section 1.671-4(a).  The

Liquidating Trustee will also send to each Beneficiaries a separate statement setting

forth the Beneficiary's share of the Liquidating Trustee's Tax Items of income, gain,

loss, deduction or credit and will instruct the holder to report such items on its federal

income tax return.

      Each of the Beneficiaries will be required to report on his/her federal income

tax return(s) the Holder's allocable share of any Tax Items such as income, gain, loss,

deduction or credit recognized or incurred by the Liquidating Trust and that is set forth on the tax statement provided to the Beneficiaries.  The character of items of income, deduction and credit to any Beneficiaries and the ability of such Beneficiaries to benefit from any deduction or losses may depend on the particular situation of the Holder.

The federal income tax reporting obligation of the Beneficiaries is not dependent upon the Liquidating Trustee's distribution of cash or other proceeds. Therefore, Beneficiaries may receive Tax Items in a taxable year regardless of the fact that the Liquidating Trustee has not made, or will not make, any concurrent or subsequent distributions to the Beneficiaries.  If a Beneficiary does not receive distributions from the Liquidating Trustee commensurate with the Tax Items allocated to it, the Beneficiary may be entitled to a subsequent loss or deduction.

If the Liquidating Trustee files a DOF tax election with respect to the Disputed Claims Reserve then, for federal income tax purposes, the Liquidating Trustee will file a tax return for the DOF and pay any federal income tax due.

For federal income tax purposes, Disputed Claimants are not treated as transferring assets to the DOF.  The taxability of distributions to Disputed Claimants is determined by reference to the Disputed Claim in which the distribution is made. *See* Exhibit "B," Bates numbered pages 56 – 59.

## C.      IRS Objection III.

In its third objection, the IRS – after quoting relevant language from the Disclosure Statement and Sections VIII.A and B of the Plan to the effect that the Effective Date of the Plan will occur on the day upon which an order confirming the Plan has been entered and is not subject to stay unless the Debtor elects to waive that condition and requiring the Debtor to file notice of the Effective Date with the Bankruptcy Court – argues that neither the Disclosure Statement or the Plan propose an Effective Date, and objects that "[t]he Debtor should not be permitted to delay" the Effective Date "in its sole discretion."  IRS Objection, page 4, line 11 – page 5, line 8.

/ / /

LANDAU
GOTTFRIED
& BERGER LLP

**Debtor's Response:**

The Debtor does not fully understand the IRS's objection, and notes that the IRS has not proposed any alternate language that might serve to clarify that objection. Nonetheless, to the extent that the IRS is concerned that the Effective Date, as defined in the Plan, could be read to occur at any time *other* than upon entry of an order confirming the Plan, either when that order is not subject to a stay or, if it is subject to a stay, upon the Debtor's waiver of the absence of a stay as a condition precedent to effectiveness, the Debtor proposes (a) that the definition of "Effective Date" in the Plan be modified as follows:

> 28.    "Effective Date" means the first day when the Confirmation Order has been entered on the docket of the Bankruptcy Court and no stay of the Confirmation Order is in effect, provided ~~first date that the Plan becomes effective~~ that the Debtor may waive the condition that no stay be in effect as provided under Section VIII of the Plan

(*see* Exhibit "B," Bates numbered page 54) and (b) that Section VIII.A of the Plan be modified as follows:

> The Effective Date shall not occur until the Confirmation Order has been entered on the docket of the Bankruptcy Court and no stay of the Confirmation Order is in effect, unless th~~is~~e latter condition has been waived in writing by the Debtor.

*See* Exhibit "B," Bates numbered page 59.

**D.    IRS Objection IV.**

In its fourth objection, the IRS objects that neither the Plan nor the Disclosure Statement establishes a deadline by which the Liquidating Trustee may object to claims.

**Debtor's Response:**

The Debtor proposes that the Plan be modified (a) by adding the defined term "Liquidating Trustee Claim Objection Deadline" as follows:

> 47.    "Liquidating Trustee Claim Objection Deadline" shall mean the first Business Day to occur after ninety (90) days after the Effective Date, provided, however, that such date may be continued by order of the Bankruptcy Court to a later date upon

LANDAU
GOTTFRIED
& BERGER LLP

1    motion brought by the Liquidating Trustee at any time before the occurrence thereof,

2    and such later date shall then become the Liquidating Trustee Claim Objection

3    Deadline.

4  (*see* Exhibit "B," Bates numbered page 55), and (b) by revising the last sentence of Section

5  IV.B of the Plan as follows:

6         All objections shall be filed prior to the Liquidating Trustee Claim Objection

7         Deadline and served upon the Holder of the Claim to which the objection is made.

8         *See* Exhibit "B," Bates numbered page 57.

9         In addition, the Debtor proposes to add the following sentence to the end of the first

10  paragraph of Section IV.A.6 of the Disclosure Statement:

11        All objections to claims shall be filed prior to the Liquidating Trustee Claim

12        Objection Deadline, as defined in IV.B of the Plan, and served upon the Holder of the

13        Claim to which the objection is made.

14        *See* Exhibit "B," Bates numbered page 44.

15  **E.      IRS Objection V.**

16        In its fifth objection, the IRS objects that the Plan proposes a deadline for filing

17  administrative claims that is contrary to Section 503(b)(1)(D) and 28 U.S.C. § 960, and argues that

18  the Disclosure Statement is inadequate because it fails to disclose that the IRS will object to

19  confirmation of the Plan on that ground.  IRS Objection, page 5, line 27 – page 6, line 26.

20        **Debtor's Response:**

21        As an initial matter, the Debtor notes that, by its terms, Section 503(b)(1)(D) affects only

22  administrative expense claims of governmental units with respect to certain categories of

23  administrative tax claims that arise, and excess tentative allowance of loss carrybacks that is

24  received by the Debtor's estate, between the commencement of the Bankruptcy Case and the

25  Effective Date of the Plan, and does not address any taxes that may be owed in connection with the

26  Liquidating Trustee's administration of the Liquidating Trust, or any carrybacks that may be

27  received by the Liquidating Trust, after the Effective Date.  *See* 11 U.S.C. § 503(b)(1)(B) and (C).

28  Because the Debtor has not operated during the Bankruptcy Case and does not anticipate receiving

LANDAU
GOTTFRIED
& BERGER LLP

9

any tentative allowance for loss carrybacks prior to the Effective Date of the Plan, the Debtor believes that effect of Section 503(b)(1)(D), if any, will be limited.

Nonetheless, the Debtor proposes that Section II.B.1.(b)(iii) of the Plan be modified as follows, to clarify that the deadline for filing claims described therein will not apply to any administrative expense claims subject to Section 503(b)(1)(D):

Except as otherwise provided in Section 503(b)(1)(D) of the Bankruptcy Code and 28 U.S.C. § 960, A~~a~~ll requests for payment of Claims by a governmental unit (as defined under section 101(27) of the Bankruptcy Code) for taxes (and for interest and/or penalties related to such taxes) for any tax year or period, all or any portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date, and for which no bar date has otherwise been previously established, must be Filed on or before the later of: (a) sixty (60) days following the Effective Date; or (b) ninety (90) days following the filing of the tax return for such taxes for such tax year or period with the applicable governmental unit.  Except as otherwise provided in Section 503(b)(1)(D) of the Bankruptcy Code and 28 U.S.C. § 960, A~~a~~ny holder of a Claim for taxes is required to File a request for a payment of the post-petition taxes and other monies due related to such taxes.  Except as otherwise provided in Section 503(b)(1)(D) of the Bankruptcy Code and 28 U.S.C. § 960, A~~a~~ny holder of a Claim for taxes which does not File such a Claim by the applicable bar date shall be forever barred from asserting any such Claim against any of the Estate, the Liquidating Agent or their respective property, whether any such Claim is deemed to arise prior to, on, or subsequent to the Effective Date, and shall receive no distribution under the Plan or otherwise on account of such Claim.

*See* Exhibit "B," Bates numbered page 56.

Further, the Debtor proposes adding the foregoing language under the heading "Deadline for Filing Certain Administrative Tax Claims" as a new Section IV.A.1 of the Disclosure Statement. *See* Exhibit "B," Bates numbered pages 42 – 43.

LANDAU
GOTTFRIED
& BERGER LLP

**F.    IRS Objection VI.**

In its sixth and last objection, the IRS identifies certain inadvertent errors in cross references between the Disclosure Statement and the Plan.  IRS Objection, page 6, line 27 – page 7, line 17.

**Debtor's Response:**

The erroneous cross references have been corrected.  *See* Exhibit "B," Bates numbered pages 41 and 60.

**II.**

**PROPOSED CHANGES TO TEXT OF SECTION III.C.7 OF THE**

**DISCLOSURE STATEMENT.**

In addition to the changes to the Plan and Disclosure Statement discussed above, the Debtor proposes the changes, set forth below, to the text of Section III.C.7 of the Disclosure Statement, which describes the pre-petition events relating to the resignation of Grant Thornton LLP ("GT") as the Debtor's independent auditor.  The changes more accurately reflect the Debtor's understanding of these events, partly as a result of its investigation of its possible claims against GT relating to those events.

During the first week of October 2009, the Debtor's executive management team worked to allay concerns expressed by its independent auditors, Grant Thornton LLP ("GT"), relating to the FDIC visitation report.  At the Debtor's request, the FDIC issued a clarification letter ~~which the Debtor hoped would dispel~~ addressing GT's expressed concern that the regulators would require a restatement of previously-issued financial statements based on projected loss amounts in excess of those which the Debtor used in such statements.  Unfortunately, Grant Thornton's reaction to the letter was continued expressed concern that its review work on the Debtor's quarterly financial statements would be subject to regulatory adjustment.  Despite several subsequent telephone conferences, e-mails and meetings during the next several weeks, GT~~'s~~ continued to express concerns ~~intensified~~ that regulatory action calling for a restatement, while unjustified, would be issued.  During this period, GT performed and billed the Debtor for, but refused to ~~undertake any of~~ complete the

necessary procedures to consent to the use of its previously audited financial statements in Debtor's SEC registration statement, which was complete and ready to file pending only receipt of such consent. The ~~breakdown of these communications and the~~ resultant ~~unwillingness~~ refusal of GT to stand behind its previous review and auditing work in the face of regulatory scrutiny at this critical time would practically preclude the Debtor from raising capital in the public markets. GT formally resigned from its engagement as the Debtor's independent auditors on November 9, 2009.

Because these changes relate only to a description of events leading to the filing of the Debtor's voluntary petition for relief and to potential claims of the Debtor against GT that are otherwise fully identified and preserved under the Plan and in the Disclosure Statement, the Debtor submits that the changes are not material in that they are not "information of a kind . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan" within the meaning of Bankruptcy Code Section 1125(a)(1). Accordingly, the Debtor requests that the Court approve the changes without further notice.

### III.

### CONCLUSION.

The Debtor respectfully submits that, modified as proposed herein, the Disclosure Statement satisfies the requirements for approval under Section 1125 of the Bankruptcy Code. Accordingly, the Debtor requests that the Court enter its order approving the Disclosure Statement as modified, granting such other relief as is requested in the Debtor's underlying *Motion for Order Authorizing and Approving (A) the Adequacy of the Disclosure Statement in Support of the Debtor's Plan of Liquidation, etc.* (Docket No. 109).

Respectfully submitted,

DATED: December 29, 2010

/s/ Jon L. R. Dalberg _____ _____
JON L. R. DALBERG
LANDAU GOTTFRIED & BERGER LLP
Counsel for FirstFed Financial Corp.

LANDAU
GOTTFRIED
& BERGER LLP

EXHIBIT A

**LIQUIDATING TRUST AGREEMENT**
**OF**
**FIRSTFED FINANCIAL CORP.**


**By and Between**


**FirstFed Financial Corp,**
**as Debtor and Debtor-in-possession**

**and**


**Howard Grobstein of Crowe Horwath LLP**
**as Trustee**


**Dated:  _____, __, 2011**

# TABLE OF CONTENTS

**PAGE**

Section I TRUSTEE ................................................................................................................2
    A.    Appointment ......................................................................................................2
    B.    Generally ...........................................................................................................2
    C.    Scope of Authority ...........................................................................................3
    D.    Powers ...............................................................................................................3
    E.    Additional Powers ............................................................................................5
    F.    Limitation of Trustee's Authority ....................................................................6
    G.    Liability of Trustee ..........................................................................................7
    H.    Reliance by Trustee..........................................................................................7
    I.    Authorization to Expend Liquidating Trust Assets .........................................7
    J.    Compensation of the Trustee ...........................................................................8
    K.    Exculpation; Indemnification............................................................................8
    L.    Bond ..................................................................................................................9
    M.    Confidentiality ..................................................................................................9
    N.    Final Decree .....................................................................................................9
    O.    Termination .......................................................................................................9

Section II THE LIQUIDATING TRUST .............................................................................9
    A.    Transfer of Assets to Liquidating Trust ..........................................................9
    B.    Title to Assets ...................................................................................................9
    C.    Funding of Liquidating Trust..........................................................................10
    D.    Valuation of Assets .........................................................................................10
    E.    Termination of Liquidating Trust ...................................................................10

Section III BENEFICIARIES ..............................................................................................11
    A.    Identification of Beneficiaries.........................................................................11
    B.    Withholding .....................................................................................................11
    C.    Tax Identification Numbers .............................................................................11

Section IV PURPOSE, AUTHORITY, LIMITATIONS, AND DISTRIBUTIONS.....................11
    A.    Purpose of the Liquidating Trust ....................................................................11
    C.    Resolution of Liquidating Trust Assets by the Trustee ..................................12
    D.    Books and Records ..........................................................................................12
    E.    Disputed Claim Reserve .................................................................................12
    F.    Application of Liquidating Trust Assets..........................................................13
    G.    Compliance with Laws ...................................................................................13

Section V SUCCESSOR TRUSTEE ...................................................................................14
    A.    Removal ...........................................................................................................14
    B.    Resignation ......................................................................................................14
    C.    Acceptance of Appointment by Successor Trustee .........................................14

Section VI    14

Trust Supervisor.................................................................................................................14

Section VII REPORTING..................................................................................................16
    A.    Tax and Other Reports.................................................................................16
    B.    Federal Income Tax.....................................................................................17
    C.    Other...........................................................................................................17

Section VIII TRANSFER OF BENEFICIARY'S INTERESTS ............................................17
    A.    Transfer of Beneficial Interests....................................................................17

Section IX MISCELLANEOUS PROVISIONS ..................................................................18
    A.    Amendment; Waiver.....................................................................................18
    B.    Intention of Parties to Establish Grantor Trust ....................................................18
    C.    Preservation of Privilege................................................................................18
    D.    Cooperation.................................................................................................18
    E.    Laws as to Construction................................................................................18
    F.    Severability.................................................................................................19
    G.    Notices.......................................................................................................19
    H.    Notices if to a Beneficiary and to the Indenture Trustee .......................................20
    I.    Third-Party Beneficiary ................................................................................21
    J.    Headings.....................................................................................................21
    K.    Counterparts................................................................................................21

## LIQUIDATING TRUST AGREEMENT

THIS AGREEMENT is made this __ day of _____ 2011, by and between FirstFed Financial Corp. (the "Debtor") and (ii) Howard Grobstein (together with any successors, the "Trustee")[1] under the Plan (as defined below).

## R E C I T A L S:

A. On January 6, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California.

B. By order, dated _____ __, 2011 (the "Confirmation Order"), the Bankruptcy Court confirmed the Plan of Liquidation (as same may have been, or may be, amended, the "Plan").

C. The Liquidating Trust of FirstFed Financial Corp. ("Liquidating Trust") is created on behalf of, and for the benefit of, the Holders of Allowed Claims of the Debtor entitled to receive a distribution on account of their Allowed Claims pursuant to the Plan (collectively, the "Beneficiaries"). Upon payment by the Liquidating Trust of amounts due pursuant to the Plan, if any, to a Beneficiary, any interest such Beneficiary may have as a Beneficiary of the Liquidating Trust shall terminate and be of no further force and effect.

D. The Liquidating Trust is created pursuant to, and to effectuate, the Plan for the primary purpose of liquidating the assets transferred to it (the "Liquidating Trust Assets") and otherwise administering the post-confirmation estate of the Debtor for the benefit of the Beneficiaries as a liquidating trust, in accordance with Treasury Regulation Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. The Trustee shall act as the liquidator of assets of the Liquidating Trust under this agreement.

E. The Liquidating Trust provides that the Beneficiaries of the Liquidating Trust will be treated as the grantors of the Liquidating Trust and deemed owners of the Liquidating Trust Assets. This Liquidating Trust requires the Trustee to file returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation §1.671-4(a).

F. The Liquidating Trust is intended to qualify as a "grantor trust" for federal income tax purposes with the Beneficiaries treated as the grantors and owners of the trust.

---

[1] As used in this Agreement, the term "Trustee" shall have the same meaning as the term "Liquidating Trustee" used in the Plan.

1

G.     This Liquidating Trust provides for consistent valuations of the transferred property by the Debtor, Trustee and Beneficiaries, and those valuations must be used for all federal income tax purposes.

H.     All of the Liquidating Trust's income and/or recoveries are to be treated as subject to tax on a current basis to the Beneficiaries who will be responsible for payment of any tax due.

I.     Subject to Section II (E) hereof, this Liquidating Trust contains a fixed determinable termination date that is not more than five years from the date of creation of the Liquidating Trust and that is reasonable based on all of the facts and circumstances.

J.     The investment powers of the Trustee are subject to section 345 of the Bankruptcy Code, except as may otherwise be ordered by the Bankruptcy Court.

K.     Unless otherwise ordered by the Bankruptcy Court, the Trustee is required to distribute at least annually to the Beneficiaries its net income plus net proceeds from the sale of assets, except that the Liquidating Trust may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidating Trust Assets or to meet claims and contingent liabilities (including disputed claims) and to fund the operations of and pay the expenses of administration of the Liquidating Trust.

L.     Capitalized terms used herein without definition shall have the respective meanings assigned to such terms in the Plan.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Debtor and the Trustee agree as follows:

**SECTION I**
**TRUSTEE**

### A.     Appointment

Howard Grobstein of Crowe Horwath LLP has been selected to serve as the Trustee under the Plan, and hereby accepts such appointment and agrees to serve in such capacity, effective upon the Effective Date of the Plan.  A successor Trustee shall be appointed by the Bankruptcy Court in the event that the Trustee is removed or resigns pursuant to this Agreement or the Trustee becomes incapacitated or otherwise vacates the position.

### B.     Generally

The Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purposes of the Liquidating Trust and not otherwise.  The Trustee may deal with the Liquidating Trust Assets as permitted by the provisions hereof, including as set forth in Section I.D.  The Trustee shall have the authority to bind the Liquidating Trust and for all purposes hereunder shall be acting in the capacity as Trustee and not individually.

2

### C.    Scope of Authority

The responsibilities and authority of the Trustee shall include: (a) liquidating the Liquidating Trust Assets, (b) liquidating and resolving the Estate Causes of Action, (c) facilitating the prosecution or settlement of objections to and estimations of Claims, (d) calculating and implementing all distributions in accordance with the Plan, (e) filing all required tax returns and paying taxes and all other obligations on behalf of the Liquidating Trust from funds held by the Liquidating Trust, (f) periodic reporting to the Bankruptcy Court and parties in interest of the status of the Claims resolution process, distributions on Allowed Claims, and prosecution of Estate Causes of Action, (g) managing the wind-down of the Debtor's operations, if any, and (h) such other responsibilities and powers as may be vested in the Trustee pursuant to the Plan or Bankruptcy Court order or not inconsistent therewith or as may be necessary and proper to carry out the provisions of the Plan.

### D.    Powers

The powers of the Trustee shall, without any further Bankruptcy Court approval (except as specifically required herein) and subject in all respects to the other terms and conditions of this Agreement, include (i) the power to invest funds in, and withdraw, make distributions and pay taxes and other obligations owed by the Liquidating Trust from funds held by the Trustee in accordance with the Plan, (ii) the power to deal with the Liquidating Trust Assets, (iii) the power to engage employees and professional persons to assist the Trustee with respect to its responsibilities, (iv) the power to litigate, compromise and settle Claims and Estate Causes of Action on behalf of or against the Liquidating Trust, (v) the power to file pleadings and papers and seek relief before the Bankruptcy Court or other courts of competent jurisdiction, where appropriate, (vi) the power to file returns, make elections and otherwise to do all things and take all steps that the Liquidating Trustee shall deem necessary or appropriate with respect to the tax attributes and/or obligations (if any) of the Liquidating Trust, and (vii) such other powers as may be vested in or assumed by the Liquidating Trust or the Trustee pursuant to the Plan, Bankruptcy Court order or not inconsistent therewith or as may be necessary and proper to carry out the provisions of the Plan.  Except as expressly set forth in this Agreement, the Trustee shall have absolute discretion to pursue or not to pursue any and all Claims and Estate Causes of Action or other matters, activities or things as it determines is in the best interests of the Beneficiaries and consistent with the purposes of the Liquidating Trust, and shall have no liability for the outcome of its decision, except as such decision may constitute an act of gross negligence, willful misconduct, or fraud.  The Trustee may incur reasonable and necessary expenses in liquidating and converting the Liquidating Trust Assets to cash, which shall be payable from the corpus of the Liquidating Trust.

1.    In connection with the administration of the Liquidating Trust, except as otherwise set forth in this Agreement or the Plan, the Trustee is authorized to perform any and all acts necessary and reasonable to accomplish the purposes of the Liquidating Trust.  Without limiting the foregoing, and subject in all respects to the other terms and conditions of this Agreement, the Trustee shall be expressly authorized, but shall not be required, to:

(1)     hold legal title to the Liquidating Trust Assets, any and all rights of the Beneficiaries in or arising from the Liquidating Trust Assets, including, but not limited to, the right to vote any claim or interest held by the Liquidating Trust Assets in a case under the Bankruptcy Code and receive any distribution therein;

(2)     protect and enforce the rights to the Liquidating Trust Assets vested in the Trustee by this Agreement by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable law and general principles of equity;

(3)     file objections, contest, settle, compromise, withdraw, litigate to judgment, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with, in accordance with the terms set forth in Section IV.B hereof, the Estate Causes of Action and Claims and any other claims in favor of or against the Liquidating Trust as the Trustee shall deem advisable;

(4)     establish and maintain accounts at banks and other financial institutions, in a clearly specified fiduciary capacity, in which the Liquidating Trust Assets or other cash and property of the Liquidating Trust may be deposited, and draw checks or make withdrawals from such accounts;

(5)     determine and satisfy any and all liabilities created, incurred or assumed by the Liquidating Trust;

(6)     pay all fees and expenses and make all other payments relating to the administration, management, maintenance, operation, preservation or liquidation of the Liquidating Trust Assets or pursuit of Estate Causes of Action and Claims in accordance with the provisions of Section I.I hereof;

(7)     file, if necessary, any and all tax and information returns with respect to the Liquidating Trust and pay taxes properly payable by the Liquidating Trust, if any;

(8)     obtain insurance coverage with respect to the liabilities and obligations of the Trustee and the Liquidating Trust (in the form of an errors and omissions policy, fiduciary policy or otherwise); provided, however, the Liquidating Trust is a successor of the Debtor for the purposes of continuing to receive benefits under insurance policies entered into by the Debtor;

(9)     obtain insurance coverage with respect to real and personal property which may be or may become Liquidating Trust Assets, if any;

4

(10)    retain and pay such law firms to aid the Trustee in the prosecution of any Estate Causes of Action and Claims that constitute the Liquidating Trust Assets, and to perform such other functions as may be appropriate, including advising or assisting the Trustee in the discharge of its duty as Trustee.  The Trustee may commit the Liquidating Trust to and shall pay such law firms compensation for services rendered and expenses incurred;

(11)    retain and pay a public accounting firm to perform such reviews and/or audits of the financial books and records of the Liquidating Trust and to prepare and file any tax returns or informational returns for the Liquidating Trust as may be required.  The Trustee may commit the Liquidating Trust to and shall pay such accounting firm reasonable compensation for services rendered and expenses incurred;

(12)    retain and pay such third parties as necessary or appropriate to assist the Trustee in carrying out its powers and duties under this Agreement.  The Trustee may commit the Liquidating Trust to and shall pay all such persons or entities compensation for services rendered and expenses incurred, as well as commit the Liquidating Trust to indemnify any such parties in connection with the performance of services on market terms, including an exception for such parties' losses occasioned or based upon such parties' gross negligence, willful misconduct, or fraud;

(13)    invest any moneys held as part of the Liquidating Trust Assets in accordance with the terms of Section I.F.2 hereof;

(14)    represent the interests of the Beneficiaries with respect to any matters relating to the Plan, this Agreement or the Liquidating Trust affecting the rights of such Beneficiaries;

(15)    take any and all actions necessary to dissolve the Debtor; and

(16)    engage in any transaction necessary or appropriate to the foregoing or to facilitate implementation of the Plan, including but not limited to, entering into, performing and exercising rights under contracts and leases on behalf of the Liquidating Trust.

### E.    Additional Powers

Except as otherwise set forth in this Agreement or in the Plan, and subject to the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Trustee may control and exercise authority over the Liquidating Trust Assets and over the protection, conservation and disposition thereof.  No person dealing with the Liquidating Trust shall be obligated to inquire into the authority of the Trustee in connection

5

with the protection, conservation or disposition of Liquidating Trust Assets.  It is intended that a signed copy of this Agreement serve as adequate proof of the Trustee's authority to act if such proof is required for any reason by any third party.

### F.    Limitation of Trustee's Authority

#### 1.    No Trade or Business

The Trustee shall not and shall not be authorized to engage in any trade or business with respect to the Liquidating Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust and shall take such actions consistent with the prompt and orderly liquidation of the Liquidating Trust Assets as required by applicable law and consistent with the treatment of the Liquidating Trust as a liquidating trust under Treasury Regulation Section 301.7701-4(d).

#### 2.    Investment and Safekeeping of Liquidating Trust Assets

All moneys and other assets received by the Liquidating Trust shall, until distributed or paid over as herein provided, be held in trust for the benefit of the Beneficiaries, but need not be segregated from other Liquidating Trust Assets, unless and to the extent required by law or by the Plan.  The Trustee shall be under no liability for interest or producing income on any moneys received by the Liquidating Trust hereunder and held for distribution or payment to the Beneficiaries, except as such interest shall actually be received by the Trustee.  Investments of any moneys held by the Liquidating Trust shall be administered in view of the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs; provided, however, that the right and power of the Trustee to invest the Liquidating Trust Assets, the proceeds thereof, or any income earned by the Liquidating Trust, shall be limited to the right and power to invest such assets (pending periodic distributions in accordance with Section IV.E hereof) in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as Treasury bills and, provided, further, that the scope of any such permissible investments shall be limited to include only those investments (a) that are consistent with the provisions of section 345 of the Bankruptcy Code unless ordered otherwise by Bankruptcy Court and (b) that a liquidating trust, within the meaning of Treasury Regulation Section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

#### 3.    Consent of Trust Supervisor.

The Trustee shall be required to obtain the prior written consent of the Trust Supervisor in order (i) to terminate the Liquidating Trust prior to the fifth (5th) anniversary of the Effective Date, (ii) to settle any claim or Estate Causes of Action transferred to the Liquidating Trust where the amount asserted by the Liquidating Trust exceeds $50,000, (iii) to enter into contracts in an amount greater than $50,000, (iv) to borrow any funds and (v) to make distribution in accordance with Section IV of this Agreement, the Plan and the Confirmation Order.

## G.    Liability of Trustee

In no event shall the Trustee, the Trustee's employees, or any of the Trustee's professionals or representatives be held personally liable for any claim asserted against the Liquidating Trust, the Trustee, the Trustee's employees, or any of the Trustee's professionals or representatives, except to the extent occasioned by or based upon willful misconduct, gross negligence or fraud.  Specifically, the Trustee, the Trustee's employees, and any of the Trustee's professionals or representatives shall not be liable for any negligence or any error of judgment in either case made in good faith, or with respect to any action taken or omitted to be taken in good faith, except to the extent that the action taken or omitted to be taken by the Trustee, the Trustee's employees, or any of the Trustee's professionals or representatives are determined by a Final Order to be due to their own respective gross negligence, willful misconduct, or fraud.

## H.    Reliance by Trustee

Except as otherwise provided in Section I.F hereof:

1.    the Trustee may rely upon, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by it to be genuine and to have been signed or presented by the proper party or parties;

2.    the Trustee may consult with legal counsel, financial or accounting advisors and other professionals to be selected by it, and the Trustee shall not be liable for any action taken or omitted to be taken by it in accordance with the advice thereof; and

3.    persons dealing with the Trustee shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Trustee to such person in carrying out the terms of this Agreement, and the Trustee shall have no personal obligation to satisfy any such liability, except to the extent such liability or obligation arises as a result of the gross negligence, willful misconduct, or fraud of the Trustee in which case the Liquidating Trust Assets shall not be subject to such claims or liabilities.

## I.    Authorization to Expend Liquidating Trust Assets

The Trustee may expend the assets of the Liquidating Trust (i) to pay expenses of administration of the Liquidating Trust (including, but not limited to, the fees and expenses of the Trustee, any taxes imposed on the Liquidating Trust or in respect of the assets of the Liquidating Trust, and fees and expenses in connection with litigation), and (ii) to satisfy other liabilities incurred or assumed by the Liquidating Trust (or to which the assets are otherwise subject) in accordance with this Agreement or the Plan.

**J.    Compensation of the Trustee**

1.    The Liquidating Trust shall reimburse the Trustee for the actual reasonable out-of-pocket expenses incurred by the Trustee, including, without limitation, necessary travel, lodging, postage, telephone and facsimile charges upon receipt of periodic billings.

2.    The Trustee and employees of the Trustee shall be entitled to receive compensation pursuant to that certain engagement letter attached hereto as Exhibit A for services rendered on behalf of Liquidating Trust.    Any change in compensation must be pursuant to an Order of the Bankruptcy Court following notice and opportunity to be heard.

3.    The Liquidating Trust Assets shall be subject to the claims of the Trustee, and the Trustee shall be entitled to reimburse itself out of any available cash in the Liquidating Trust, for its actual out-of-pocket expenses and against and from any and all loss, liability, expense, or damage which the Trustee may sustain in good faith and without willful misconduct, gross negligence, or fraud in the exercise and performance of any of the powers and duties of the Trustee.

4.    All compensation and other amounts payable to the Trustee shall be paid from the assets of the Liquidating Trust.    If the cash in the Liquidating Trust shall be insufficient to compensate and reimburse the Trustee, as the case may be, for any amounts to which it is entitled hereunder, then the Trustee is hereby authorized to reduce to cash in a commercially reasonable manner that portion of the Liquidating Trust Assets necessary so as to effect such compensation and reimbursement.

**K.    Exculpation; Indemnification**

From and after the Effective Date, the Trustee, the Trustee's employees and each of their professionals and representatives (or their designees) shall be and hereby are exculpated by all Persons, including, without limitation, Beneficiaries, Holders of Claims and other parties in interest, from any and all claims, causes of action and other assertions of liability arising out of the discharge of the powers and duties conferred upon such Trustee by the Plan or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law or otherwise, except only for actions or omissions to act only to the extent determined by a Final Order to be due to their own respective gross negligence, willful misconduct, or fraud after the Effective Date.    No Beneficiary, Holder of a Claim or other party in interest will have or be permitted to pursue any claim or cause of action against the Trustee, the Liquidating Trust or the employees, professionals or representatives of the Trustee for making payments in accordance with the Plan or for implementing the provisions of the Plan except in cases of gross negligence, willful misconduct, or fraud.    The Liquidating Trust shall indemnify, defend and hold harmless the Trustee, the Trustee's employees and any of their professionals or representatives from and against any and all claims, causes of action, liabilities, obligations, losses, damages or expenses

8

(including attorneys' fees) (other than only to the extent determined by a Final Order to be due to their own respective gross negligence, willful misconduct, or fraud after the Effective Date) to the fullest extent permitted by applicable law and any obligations, liabilities or expenses incurred by any such persons or entities shall be payable from the Liquidating Trust Assets.  Any action taken or omitted to be taken with the approval of the Bankruptcy Court will conclusively be deemed not to constitute gross negligence, willful misconduct, or fraud.

### L.    Bond

If the Bankruptcy Court so orders, the Trustee shall serve with bond.

### M.    Confidentiality

The Trustee shall, and shall cause its agents and representatives to, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity or matter to which any of the Liquidating Trust Assets relates or of which he has become aware in its capacity as Trustee.

### N.    Final Decree

It shall be the duty of the Trustee to seek and obtain a final decree or decrees from the Bankruptcy Court upon full administration of the Liquidating Trust.

### O.    Termination

The duties, responsibilities and powers of the Trustee will terminate on the date the Liquidating Trust is dissolved under applicable law in accordance with the Plan, or by an Order of the Bankruptcy Court or by entry of a final decree closing the Chapter 11 Case.

**SECTION II**
**THE LIQUIDATING TRUST**

### A.    Transfer of Assets to Liquidating Trust

Pursuant to the Plan, the Debtor and the Trustee hereby establish, on behalf of the Beneficiaries, and the Debtor hereby transfers, assigns, and delivers to the Liquidating Trust, on behalf of the Beneficiaries, all right, title and interest in the Debtor's Assets, including but not limited to (a) all Available Cash, and (b) all claims and Estate Causes of Action of the Estate. The Trustee agrees to accept and hold the Liquidating Trust Assets for the Beneficiaries, subject to the terms of the Plan and this Agreement.

### B.    Title to Assets

1.    The transfer of the Debtor's assets to the Liquidating Trust (after taking into account any payment by the Debtor on the Effective Date to and/or full funding of the Allowed and projected Administrative Claims, Allowed Secured, Priority Tax and Priority Non-Tax Claims as well as postpetition

9

fees and expenses) shall be made for the benefit of the Beneficiaries in accordance with the Plan. The Payment of Distributions and the utilization of all Liquidating Trust Assets shall be made in accordance with the Plan.

2.    For all federal income tax purposes, all parties (including, without limitation, the Debtor, the Trustee, and the Beneficiaries) shall treat the transfer of the Debtor's assets to the Liquidating Trust, as set forth in this Section II.B, as a transfer of such assets to the Beneficiaries followed by a transfer of such assets by the Beneficiaries to the Liquidating Trust. Thus, the Beneficiaries shall be treated as the grantors and owners of a grantor trust for federal income tax purposes.

### C.    Funding of Liquidating Trust

The Debtor shall, on the Effective Date, transfer to the Liquidating Trust on behalf of the Beneficiaries (in accordance with Section II.B hereof) any and all of the Debtor's real and personal property to form the Liquidating Trust Assets. The Debtor shall have no further obligation to provide any funding with respect to the Liquidating Trust.

### D.    Valuation of Assets

As soon as practicable after the Effective Date, the Trustee shall apprise each of the Beneficiaries in writing of the value of the Liquidating Trust Assets by filing such valuation with the Bankruptcy Court. The valuation shall be used consistently by all parties (including the Debtors, the Trustee and the Beneficiaries) for all federal income tax purposes.

### E.    Termination of Liquidating Trust

The Liquidating Trust will terminate no later than the fifth (5th) anniversary of the Effective Date; provided, however, the Bankruptcy Court, upon motion by a party in interest, may by order entered before the expiration of the then current term, extend the term of the Liquidating Trust for a finite period if it is necessary to the liquidating purpose thereof. Multiple extensions can be obtained. The Trustee shall not unduly prolong the duration of the Liquidating Trust and shall at all times endeavor to resolve, settle or otherwise dispose of all Claims and Estate Causes of Action that constitute Liquidating Trust Assets and to effect the distribution of the Liquidating Trust Assets to the Beneficiaries in accordance with the terms hereof and terminate the Liquidating Trust in such time as calculated to maximize recoveries. Prior to and upon termination of the Liquidating Trust, the Liquidating Trust Assets will be distributed to the Beneficiaries in accordance with their distribution rights under the Plan, subject to the provisions set forth herein. If any distributions of the Liquidating Trust are not duly claimed then such distributions will be disposed of in accordance with the Plan. Notwithstanding anything contained herein to the contrary, if the value of the Liquidating Trust Assets is less than the cost of postage and mailing for a distribution, the expense associated with seeking Court authority for a distribution and the expense of holding the estates open, the Trustee may contribute such assets to the charity of its choosing.

## SECTION III
## BENEFICIARIES

### A.    Identification of Beneficiaries

In order to determine the actual names, addresses and tax identification numbers of the Beneficiaries, the Trustee shall be entitled to conclusively rely on the names, addresses and tax identification numbers set forth in the Debtor's (1) Schedules, (2) filed proofs of claim, or (3) books and records.  Each Beneficiary's right to distribution from the Liquidating Trust shall be that accorded to such Beneficiary under the Plan.  Each distribution by the Trustee to the Beneficiaries shall be made in accordance with the terms set forth herein.

### B.    Withholding

Unless otherwise permitted to be paid directly to a Beneficiary, the Trustee shall withhold from the amounts distributable to the Beneficiaries from the Liquidating Trust Assets at any time such sum or sums as may be required to be withheld under the income tax laws of the United States or of any state or political subdivision thereof.

### C.    Tax Identification Numbers

The Trustee shall require any Beneficiary to furnish to the Trustee its Employer or Taxpayer Identification Number as assigned by the IRS and the Trustee may condition any distribution to any Beneficiary upon receipt of such identification number.  For the avoidance of doubt, the Trustee may request Bankruptcy Court authority to release funds set aside for distribution to Beneficiaries who have not provided proper tax identification numbers and make those funds available to remaining Beneficiaries.

## SECTION IV
## PURPOSE, AUTHORITY, LIMITATIONS, AND DISTRIBUTIONS

### A.    Purpose of the Liquidating Trust

The Liquidating Trust shall be established for the primary purpose of liquidating its assets, in accordance with Treasury Regulation Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.  Accordingly, the Liquidating Trust shall, in an expeditious but orderly manner, liquidate and convert to cash the Liquidating Trust Assets, make timely distributions and not unduly prolong the duration of the Liquidating Trust.  The liquidation of the Liquidating Trust Assets may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or causes of action, or otherwise.

11

**B.    Consultations with Trust Supervisor**

The Trustee shall consult with the Trust Supervisor on a quarterly basis on the general implementation and administration of the Liquidating Trust and on such other matters as may be required under this Agreement in accordance with Section I.F.3.

**C.    Resolution of Liquidating Trust Assets by the Trustee**

1.    The Trustee shall be empowered to and, in its discretion (subject to the provisions hereof), may take all appropriate action with respect to the prosecution, settlement or other resolution of Claims and Estate Causes of Action constituting the Liquidating Trust Assets.  The Trustee shall deal with all collections and settlements within the normal course of its duties.

2.    Notwithstanding anything contained in this Agreement to the contrary, the Liquidating Trust may, but is not required to, submit a proposed settlement of Claims or Estate Causes of Action to the Bankruptcy Court or such other court of competent jurisdiction for its approval.

**D.    Books and Records**

On behalf of the Liquidating Trust, the Trustee shall maintain, in respect of the Liquidating Trust and the Beneficiaries, books and records relating to the assets and income of the Liquidating Trust and the payment of expenses of, and liabilities of, claims against or assumed by, the Liquidating Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof in accordance with Section VII hereof and to comply with applicable provisions of law.  Except as provided in Section VII.A hereof, nothing in this Agreement requires the Liquidating Trust or the Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or distribution out of the Liquidating Trust Assets.  Beneficiaries shall have the right upon thirty (30) days' prior written notice delivered to the Trustee to inspect such books and records, provided that, if so requested, such Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Trustee.

**E.    Disputed Claim Reserve**

The Trustee shall maintain, in accordance with the Trustee's powers and responsibilities under the Plan and this Agreement, a reserve for any distributable amounts to be set aside on account of Disputed Claims.  Such amounts (net of any expenses, including any taxes, of the escrow relating thereto) shall be distributed, as provided herein and in the Plan, as such Disputed Claims are resolved.  If a Holder's Disputed Claim is resolved and becomes an Allowed Claim, the Holder shall become a Beneficiary, the amounts previously reserved on account of the Holder's Disputed Claims shall be distributed as provided herein and in the Plan, and the Holder shall receive the same percentage recovery as Holders of Allowed Claims in the same Class as if the Holder's Allowed Claim was an Allowed Claim as of the Effective Date of the Plan.

12

**F.    Application of Liquidating Trust Assets**

Assuming Holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Claims, and Allowed Priority Non-Tax Claims have been paid (or, if not paid, after the Trustee has established adequate reserves to pay such claims), the Trustee shall apply all Liquidating Trust Assets, other than such reserve, and any proceeds therefrom, as follows:

1.    Following the Effective Date, subject in all respects to the terms of the Plan, the Liquidating Trust shall apply all cash constituting Liquidating Trust Assets and any proceeds therefrom in the order and reflecting the priorities set forth below:

**FIRST**, to pay all the costs and expenses of the Liquidating Trust including, without limitation, the post-confirmation fees and expenses and any and all costs, expenses and liabilities incurred by the Trustee (including its professionals and advisors) in connection with the performance of duties under this Liquidating Trust Agreement as permitted herein.

**SECOND,** to the Beneficiaries in accordance with the Plan.

Notwithstanding anything to the contrary in this Section IV, prior to making any distribution pursuant to Paragraph SECOND hereof, the Trustee may retain such amounts (i) to pay estimated expenses of administration (including, but not limited to, any taxes imposed on the Liquidating Trust or in respect of the assets of the Liquidating Trust, and fees and expenses in connection with litigation), (ii) to satisfy other liabilities incurred or assumed by the Liquidating Trust (or to which the assets are otherwise subject), all for the term of the Liquidating Trust and in accordance with this Agreement or the Plan, and (iii) to satisfy the post-confirmation fees and expenses detailed in the Plan; provided, however, that, from the net amount distributable, the Trustee may reserve, in accordance with the provisions of Section IV.E hereof, such amounts as would be distributable in respect of Disputed Claims (treating such Claims for this purpose, as if they were Allowed Claims).

2.    Distribution.    Subject to the provisions of Section IV.D hereof, the Liquidating Trust shall distribute to the holders of Allowed Claims all net cash recoveries plus all net cash proceeds from the liquidation of the Liquidating Trust Assets (including as cash for this purpose, all cash equivalents) at such time intervals as decided by the Liquidating Trust in accordance with the terms of the Plan, provided that the Liquidating Trust shall make distributions no less frequently than on an annual basis unless otherwise ordered by the Bankruptcy Court.

**G.    Compliance with Laws**

Any and all distributions of Liquidating Trust Assets shall be in compliance with applicable laws, including, but not limited to, applicable federal and state securities laws.

13

## SECTION V
## SUCCESSOR TRUSTEE

### A.      Removal

The Trustee may be removed by order of the Bankruptcy Court.

### B.      Resignation

The Trustee may resign by giving not less than thirty (30) days' prior written notice thereof to the Bankruptcy Court.  Such resignation shall become effective on the later to occur of (i) the date specified in such notice and (ii) the selection of a successor and the acceptance by such successor of such appointment.

### C.      Acceptance of Appointment by Successor Trustee

Any successor Trustee shall be chosen by the Bankruptcy Court.  Any successor Trustee appointed hereunder shall execute an instrument accepting such appointment hereunder and shall file such acceptance with the Liquidating Trust records.  If required, a successor should post a bond or provide evidence of insurance adequate to ensure the performance of the obligations of the successor hereunder.  Thereupon, such successor Trustee shall, without any further act, become vested with all the estate's properties, rights, powers, trusts and duties of its predecessor in the Liquidating Trust with like effect as if originally named herein; provided, however, that a removed or resigning Trustee shall, nevertheless, when requested in writing by the successor Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Trustee under the Liquidating Trust all the estates, properties, rights, powers, and trusts of such predecessor Trustee.

## SECTION VI
## TRUST SUPERVISOR

A.      Supervisor.  There shall be one Trust Supervisor who shall be **[Patrick J. Healy, Vice President of Wilmington Trust Company as the Indenture Trustee]**, in its capacity as indenture trustee pursuant to the Indentures referenced in the Plan (the "Trust Supervisor").  The Trust Supervisor shall exercise such of the rights and powers vested in it by this Agreement, the Plan and the Confirmation Order, and use the same degree of care and skill in its exercise as a prudent person would exercise or use under the circumstance in the conduct of its own affairs.  No provision of this Agreement, the Plan or the Confirmation Order shall be construed to relieve the Trust Supervisor from liability for its own gross negligence, fraud or intentional or willful misconduct.  The Trust Supervisor shall not be liable for any action taken in good faith in reliance upon the advice of professionals retained by the Trust Supervisor or the Liquidating Trust in accordance with this Agreement.

B.      Duties.  The Trust Supervisor shall not serve in a fiduciary capacity and shall not be liable to any entity for any breach of fiduciary duties.  The Trustee must obtain the consent of the Trust Supervisor on matters specified in Section I.F.3 above and consult with the Trust Supervisor on matters specified in Section IV.B above.

14

C.    Resignation.  The Trust Supervisor may resign at any time by giving not less than sixty (60) days' prior written notice to the Trustee; provided, however, that prior to such resignation, the Trust Supervisor shall identify a successor; provided, further, that if a successor is not otherwise appointed by the Trust Supervisor, the Beneficiaries holding a majority of the Liquidating Trust interests can appoint a successor.  Such resignation shall become effective on the later of (a) the date specified in such written notice or (b) the effective date of the appointment of a successor Trust Supervisor in accordance with this Section VI.C and such successor Trust Supervisor's acceptance of such appointment in accordance with Section VI.F below.  If a successor Trust Supervisor is not appointed or does not accept its appointment within ninety (90) days following delivery of notice of resignation, the resigning Trust Supervisor may petition the Bankruptcy Court for the appointment of a successor Trust Supervisor.

D.    Removal.  The Trust Supervisor may be removed, with or without cause, by Beneficiaries holding a majority of the Liquidating Trust interests.  Such removal shall become effective on the appointment of a successor by Beneficiaries holding a majority of the Liquidating Trust interests.

E.    Other Terminations.  In the event that the Trust Supervisor otherwise ceases to act as a Trust Supervisor for any reason other than resignation, a vacancy shall be deemed to exist and Beneficiaries holding a majority of the Liquidating Trust interests shall appoint a successor. If a successor Trust Supervisor is not appointed within thirty (30) days after the date of such vacancy, any Beneficiary may petition the Bankruptcy Court for the appointment of a successor Trust Supervisor.

F.    Acceptance of Appointment by Successor Trust Supervisor.  Any successor Trust Supervisor appointed hereunder shall execute an instrument accepting its appointment and shall file a copy thereof with the Bankruptcy Court.  Thereupon, such successor Trust Supervisor shall, without any further act, become vested with all the duties, powers, rights, title, discretion and privileges of its predecessor as if originally named Trust Supervisor.

G.    Agents and Professionals.  The Trust Supervisor may, but shall not be required to, consult with and retain independent contractors, including attorneys, accountants, appraisers, auditors, disbursing agents or other parties deemed by the Trust Supervisors to be qualified as experts on matters submitted to the Trust Supervisor (the "Trust Supervisor Professionals").  The reasonable fees, costs or other expenses associated with the consultation or retention of any Trust Supervisor Professional shall be paid for by the Trust Supervisor and shall be deemed an expense reimbursable by the Liquidating Trust.

H.    Access.  The Trust Supervisor and the Trust Supervisor Professionals shall at all times have complete access to the Trustee and the officers, employees and agents of the Liquidating Trust, including Liquidating Trust professionals, and shall also have complete access to all information generated by them or otherwise available to the Liquidating Trust or the Trustee; provided, that any information provided by the Liquidating Trust Professionals shall not constitute a waiver of any applicable privilege.

I.    Compensation and Expenses.  Each Trust Supervisor shall be reimbursed promptly by the Liquidating Trust for all reasonable out-of-pocket costs and expenses incurred in connection with the performance of its duties hereunder.

15

J.    <u>Consultation Process</u>.  If the Liquidating Trustee is required to consult with the Trust Supervisor pursuant to Section IV.B above or on other matters as provided herein, the Trustee shall provide the Trust Supervisor with (i) prior written notice of the matters under consideration; (ii) all relevant information concerning the matters as reasonably practicable under the circumstances; (iii) reasonable access to the Liquidating Trust Professionals and other experts retained by the Liquidating Trust as the Trust Supervisor may reasonably request during the time that the Trustee is considering such matters; and (iv) a reasonable opportunity to discuss and comment on such matters with the Trustee, taking into consideration the time required for the Trust Supervisor, if they so wish, to consult with or retain any Trust Supervisor Professionals.

K.    <u>Consent Process</u>.

1.  If the Trustee is required to obtain the consent of the Trust Supervisor pursuant to Section I.F.3 above, the Trustee shall first consult on the matters requiring consent with the Trust Supervisor in accordance with Section VI.J above.

2.  The Trust Supervisor must consider in good faith and in a timely fashion any request for its consent (a "<u>Consent Request</u>") by the Trustee and advise the Trustee of its consent or its decision to withhold consent (not to be withheld unreasonably) to the proposed action as soon as practicable, but in any event within sixty (60) days of receiving such Consent Request.  If the Trust Supervisor does not advise the Trustee in writing of their consent or decision to withhold consent within sixty (60) days of receiving notice of the Consent Request, the Consent Request shall be deemed to have been affirmatively granted.

3.  The Trust Supervisor and the Trustee shall meet and confer in good faith to attempt to resolve any Trust Supervisor objection without intervention by the Bankruptcy Court.  If the Trust Supervisor and the Trustee determine that the Trust Supervisor's objections cannot be resolved without judicial intervention, then the Bankruptcy Court will determine the dispute upon written application by either party on twenty (20) days' notice, with any response due to such an application fifteen (15) days after such application is filed.

L.    <u>Confidentiality</u>.  The Trust Supervisor shall, during the period that he or she serves as a Trust Supervisor under this Agreement and for a period of twelve (12) months following the termination of this Agreement, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Liquidating Trust Assets relates or of which he has become aware in his capacity as Trust Supervisor, except as otherwise required by law.

**SECTION VII
REPORTING**

A.    **Tax and Other Reports**

As soon as practicable after the end of each calendar year, and as soon as practicable upon termination of the Liquidating Trust, the Trustee shall submit to the Bankruptcy Court a written report including: (i) financial statements of the Liquidating Trust at the end of such

16

calendar year or period and the receipts and disbursements of the Liquidating Trust for such period; and (ii) subject to Section VII.B, a separate statement for each Beneficiary setting forth the holder's share of items of income, gain, loss, deduction or credit (collectively, "Tax Items") and will instruct all such holders to report such items on their federal income tax returns. The Trustee shall promptly submit additional reports to the Bankruptcy Court whenever an adverse material event or change occurs which materially affects either the Liquidating Trust or the rights of the Beneficiaries hereunder.

     **B.**     **Federal Income Tax.**

          1.     <u>Grantor Trust Status</u>. Except as set forth in Section VII.B.2, below, and subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Trustee of a private letter ruling if the Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Trustee), the Trustee shall file returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a).

          2.     <u>Disputed Ownership Fund Election</u>. The Liquidating Trustee may, at the Liquidating Trustee's sole discretion, file a tax election to treat the Disputed Claims Reserve as a Disputed Ownership Fund ("DOF") within the meaning of Treasury Income Tax Regulation Section 1.468B-9 for federal income tax purposes, rather than tax such reserve as a part of the grantor liquidating trust. If the election is made, the Liquidating Trustee shall comply with all federal and state tax reporting and tax compliance requirements of the DOF, including but not limited to the filing of a separate federal income tax return for the DOF and the payment of federal and/or state income tax due.

          3.

     **C.**     **Other**

     The Trustee shall also file (or cause to be filed) any other statements, returns or disclosures relating to the Liquidating Trust, that are required to be filed by any governmental unit or under applicable law, guidelines, rules and regulations.

**SECTION VIII**
**TRANSFER OF BENEFICIARY'S INTERESTS**

     **A.**     **Transfer of Beneficial Interests**

     The interests of the Beneficiaries in the Liquidating Trust, which are reflected only on the records of the Liquidating Trust maintained by the Trustee shall be transferable after written

notice to the Trustee only:  (a) pursuant to applicable laws of descent and distribution (in the case of a deceased individual Beneficiary); (b) by operation of law; or (c) by any other method that complies with applicable securities and tax laws and does not result in an adverse consequence to the Liquidating Trust.  The Trustee shall not be required to record any transfer in favor of any transferee which, in the sole discretion of the Trustee, is or might be construed to be ambiguous or to create uncertainty as to the holder of the interest in the Liquidating Trust.  Until a transfer is in fact recorded on the books and records maintained by the Trustee for the purpose of identifying Beneficiaries, the Trustee, whether or not in receipt of documents of transfer or other documents relating to the transfer, may nevertheless make distributions and send communications to Beneficiaries, as though it has no notice of any such transfer, and in so doing the Trustee shall be fully protected and incur no liability to any purported transferee or any other Person.

**SECTION IX**
**MISCELLANEOUS PROVISIONS**

### A.    Amendment; Waiver

This Agreement cannot be amended or waived in a material manner without an order of the Bankruptcy Court approving such material amendment or waiver, _provided_, _however_, that no change shall be made to this Agreement that would adversely affect the federal income tax status of the Liquidating Trust as a "grantor trust" in accordance with Section VII.B.

### B.    Intention of Parties to Establish Grantor Trust

This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust.

### C.    Preservation of Privilege

In connection with the rights, claims, and causes of action that constitute the Liquidating Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidating Trust shall vest in the Liquidating Trust and its representatives, and the Debtor and the Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges.

### D.    Cooperation

The Debtor shall provide the Trustee with copies of such of its books and records as are reasonably available to it and that the Trustee shall reasonably require for the purpose of performing the Trustee's duties and exercising its powers hereunder.

### E.    Laws as to Construction

18

EXHIBIT A
33

This Agreement shall be governed by and construed in accordance with the laws of the State of California, without giving effect to rules governing the conflict of law.  In the case of a conflict between the Plan and this Agreement, the Plan shall control.

### F.    Severability

If any provision of this Agreement or the application thereof to any person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Agreement shall be valid and enforced to the fullest extent permitted by law unless the Agreement, as modified, will no longer effectuate the intent of the parties hereto in all material respects.

### G.    Notices

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office or letter box addressed to the person for whom such notice is intended at such address as set forth below or such other address as filed with the Bankruptcy Court:

19

**If to the Debtor:**

FirstFed Financial Corp.
10900 Wilshire Boulevard
Suite 850
Los Angeles, California 90024
Attn:  Carl W. McKinzie.

**With a copy to:**

Landau Gottfried & Berger LLP
1801 Century Park East
Suite 1460
Los Angeles, California  90067
Attn:  Jon L.R. Dalberg

**If to the Liquidating Trust or Trustee:**

Howard Grobstein
Crowe Horwath LLP
15233 Ventura Boulevard
Ninth Floor
Sherman Oaks, California 91403-2201

**With a copy to:**

**If to the Trust Supervisor:**

WILMINGTON TRUST COMPANY
Patrick J. Healy
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-1600
Telephone: (302) 651-1000
phealy@wilmingtontrust.com

**With a copy to:**

NIXON PEABODY LLP
Catherine Ng, Esq.
Frank Hamblett, Esq.
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
cng@nixonpeabody.com
fhamblett@nixonpeabody.com

**H.    Notices if to a Beneficiary and to the Indenture Trustee**

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office or letter box addressed to the person for whom such notice is intended to the name and address set forth on the Debtor's Schedules or such Beneficiary's proof of claim, such other notice filed with the Bankruptcy Court and the Liquidating Trust or such other means reasonably calculated to apprise the Beneficiary, provided, however, that a copy of any notice or communication to the

20

Debtor or the Liquidating Trust or Trustee hereunder shall be sent to counsel for the Indenture Trustee, Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110-2131, Attention Frank S. Hamblett, Esq.

**I.    Third-Party Beneficiary**

There shall be no third-party beneficiaries of this Liquidating Trust except as expressly set forth herein.

**J.    Headings**

The section headings contained in this Liquidating Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

**K.    Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. A facsimile copy of a signature page is the equivalent of an original signature page.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

DEBTOR:  FIRSTFED FINANCIAL CORP.

By:    _____

Carl W. McKinzie.
Chief Executive Officer

TRUSTEE:

By:    _____

21

EXHIBIT A

36