JON L.R. DALBERG (State Bar No. 128259)
RODGER M. LANDAU (State Bar No. 151456)
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 1460
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056
jdalberg@lgbfirm.com
rlandau@lgbfirm.com

Counsel for FirstFed Financial Corp.

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FIRSTFED FINANCIAL CORP.,<br><br>    Debtor and<br>    Debtor-in-Possession. | Case No. 2:10-bk-12927-ER<br><br>Chapter 11<br><br>**DEBTOR'S EMERGENCY MOTION FOR ORDER CONTINUING PLAN CONFIRMATION HEARING AND ASSOCIATED DEADLINES; DECLARATION OF JON L.R. DALBERG IN SUPPORT THEREOF**<br><br>[No hearing requested; additional notice will be provided if a hearing is set by the Court] |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE FEDERAL DEPOSIT INSURANCE CORPORATION; WILMINGTON TRUST COMPANY; AND OTHER INTERESTED PARTIES:**

FirstFed Financial Corp. (the "Debtor") hereby moves the Court (the "Motion") for an order (1) continuing the hearing on confirmation of the Debtor's *Plan of Liquidation Dated as of January 5, 2011* (the "Plan") from March 29, 2011, to June 7, 2011 (or another date in early June, as convenient to the Court), and (2) continuing from March 18, 2011, to May 27, 2011 (or another date in late May, as convenient to the Court) the deadline for the Debtor to (a) file and serve a memorandum and evidence in support of confirmation of the Plan and (b) file and serve the summary of ballots received.

The Debtor believes that the continuance of these dates is appropriate because the Debtor needs additional time to engage in further solicitation and balloting prior to moving forward with confirmation of the Plan. The Debtor has completed the solicitation period approved by the Court in its *Order Authorizing and Approving (A) the Adequacy of the Disclosure Statement in Support of the Debtor's Plan of Liquidation Dated as of January 5, 2011; (B) the Form, Scope, and Nature of Solicitation, Balloting, Tabulation and Notices with Respect Thereto; (C) Related Confirmation Procedures, Deadlines and Notices and (D) Extending the Plan Exclusivity Period* (the "Disclosure Statement Order"), entered on February 9, 2011. To date, however, the Debtor has received only three votes on the Plan, which represent a very low percentage of both the number and amount of the claims eligible to vote. At present, the Debtor has not received sufficient votes accepting the Plan to have an accepting impaired class.

Based on the extremely low turnout, the Debtor believes that the solicitation materials may not have reached a significant number of its creditors who are beneficial holders (the "Beneficial Holders") of $150,000,000 in principal amount of Fixed/Floating Rate Senior Date Securities (collectively, the "Debentures") issued under indentures between the Debtor and Wilmington Trust Company. The Debtor would like to try distributing the solicitation materials directly to the Beneficial Holders to correct this problem, and proposes to employ Hexagon Capital Markets LLC

("Hexagon") to assist it in direct distribution of the solicitation materials. As noted in the *Disclosure Statement in Support of the Debtor's Plan of Liquidation Dated January 5, 2011*, filed on December 29, 2010, Hexagon has previously successfully performed similar services for the Debtor in connection with a pre-petition tender offer relating to the Debentures.

The requested continuance of the confirmation hearing and associated deadlines will permit the Debtor to file a motion to extend the balloting period and an application to employ Hexagon on regular notice. If the motion and application are granted, the requested continuance will also provide the necessary time for the Debtor, with Hexagon's assistance, to complete further distribution of the solicitation materials, and for the Beneficial Holders to review the materials and return their ballots.

The Court has the authority to continue the confirmation hearing and the associated deadlines based on its inherent power to manage its own cases. As the Ninth Circuit has explained, "[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *F.J. Hanshaw Enters. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001); *see also Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996) (concluding that bankruptcy courts share the inherent powers recognized in federal district courts). Section 105 of the Bankruptcy Code also provides specific statutory authority for entry of an order necessary to ensure the appropriate completion of the solicitation and voting processes contemplated by the provisions of Chapter 11. That section authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Here, the Debtor believes that the requested continuance is necessary and appropriate to ensure that all creditors entitled to vote on the Plan have the opportunity to cast an informed vote.

Further, the Debtor does not believe that any party will be prejudiced by the requested continuance. The Debtor received no opposition to the Plan prior to the opposition deadline of March 2, 2011, set by the Disclosure Statement Order. As set forth in the attached *Declaration of Jon L.R. Dalberg*, the Debtor's counsel has also contacted the attorneys for the Federal Deposit Insurance Corporation (the "FDIC") and Wilmington Trust Company ("Wilmington"), the primary

interested parties in this case, and has been informed that neither the FDIC nor Wilmington objects to the requested continuance.

The Debtor is requesting this relief on an emergency basis because the Debtor would otherwise be required to comply with the deadlines established by the Disclosure Statement Order, including preparing, filing, and serving the summary of ballots received and the Debtor's memorandum and evidence in support of confirmation of the Plan on Friday, March 18, 2011. Because there is currently no accepting impaired class, the Debtor believes filing these documents on March 18, 2011, would entail needless expense on the part of the estate.

**PLEASE TAKE NOTICE** that the Debtor is not requesting a hearing on the Motion. Immediately upon filing the Motion, the Debtor will serve the motion via e-mail on the United States Trustee, the FDIC, and Wilmington Trust. The Debtor will also serve the Court via messenger and the United State Trustee via overnight mail. If the Court believes that a hearing is appropriate, the Debtor will provide telephonic notice of the hearing date and time to the United States Trustee, the FDIC, and Wilmington Trust, as soon as the hearing is set. If the Court sets a hearing, the Debtor will also file a separate notice of hearing and serve the notice via e-mail on the United States Trustee, the FDIC, Wilmington Trust, and any other parties specified by the Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (1) continuing the hearing on confirmation of the Plan from March 29, 2011, to June 7, 2011 (or another date in early June, as convenient to the Court), and (2) continuing from March 18, 2011, to May 27, 2011 (or another date in late May, as convenient to the Court) the deadline for the Debtor to (a) file and serve a memorandum and evidence in support of confirmation of the Plan and (b) file and serve the summary of ballots received.

Dated: March 16, 2011

LANDAU GOTTFRIED & BERGER LLP

By: _____
Jon L.R. Dalberg
Counsel for FirstFed Financial Corp.

# DECLARATION OF JON L.R. DALBERG

I, Jon L.R. Dalberg, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, I could and would competently testify thereto.

2. I am a partner at the firm of Landau Gottfried & Berger LLP, which is employed as general bankruptcy counsel to FirstFed Financial Corp. (the "Debtor").

3. On December 29, 2011, the Debtor filed its *Plan of Liquidation Dated as of January 5, 2011* (the "Plan") and *Disclosure Statement in Support of the Debtor's Plan of Liquidation Dated as of January 5, 2011* (the "Disclosure Statement").

4. The Debtor has completed the solicitation period approved by the Court in its February 9, 2011, order approving the Disclosure Statement (the "Disclosure Statement Order"). To date, however, the Debtor has received only three votes on the Plan, which represent a very low percentage of both the number and amount of the claims eligible to vote. At present, the Debtor has not received sufficient votes accepting the Plan to have an accepting impaired class.

5. I believe that a continuance of the hearing on confirmation of the Plan and of the associated deadlines is appropriate and necessary for the Debtor to perform further solicitation, in an effort to ensure that all creditors entitled to vote on the Plan have the opportunity to cast an informed vote.

6. I have discussed the continuance of the confirmation hearing and associated deadlines requested by the Debtor with counsel for the Federal Deposit Insurance Corporation and for Wilmington Trust Company. Both have indicated to me that their clients have no objection to the requested continuance.

7. I believe that it is appropriate for the Court to consider the requested continuance on an emergency basis because the Debtor would otherwise be required to comply with the deadlines established by the Disclosure Statement Order, including preparing, filing, and serving the summary of ballots received and the Debtor's memorandum and evidence in support of confirmation of the Plan on Friday, March 18, 2011. Because there is currently no accepting impaired class, I believe that filing these documents on March 18, 2011, would entail needless

1  expense on the part of the estate.

2  I declare under penalty of perjury that the foregoing is true and correct.

3  Executed this 16th day of March, 2011, at Los Angeles, California.

*[signature]*

Jon L.R. Dalberg

| In re: | | CHAPTER 11 |
|---|---|---|
| FirstFed Financial Corp. | Debtor(s). | CASE NUMBER 2:10-bk-12927-ER |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Landau Gottfried & Berger LLP, 1801 Century Park East, Suite 1460, Los Angeles, CA 90067

A true and correct copy of the foregoing document described: **DEBTOR'S EMERGENCY MOTION FOR ORDER CONTINUING PLAN CONFIRMATION HEARING AND ASSOCIATED DEADLINES; DECLARATION OF JON L.R. DALBERG IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 16, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Cathrine M Castaldi    ccastaldi@rusmiliband.com
Louis J Cisz    lcisz@nixonpeabody.com
Elaine T Fuller    elaine.t.fuller@irscounsel.treas.gov
Allan H Ickowitz    aickowitz@nossaman.com
John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
John Mark Jennings    jjennings@shblp.com
Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
John W Kim    jkim@nossaman.com
Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
Joel S. Miliband    jmiliband@rusmiliband.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On March 16, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 16, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 16, 2011 | Katherine Moss | _[signature]_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re:                          |            | CHAPTER 11                        |
|---------------------------------|------------|-----------------------------------|
| FirstFed Financial Corp.        |            |                                   |
|                                 | Debtor(s). | CASE NUMBER 2:10-bk-12927-ER      |

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (CONT.)

## OVERNIGHT MAIL
U.S. Trustee
Office of the United States Trustee
ATTN: Gary Baddin/ Susan Trevino/ Dare Law
725 S. Figueroa St., Ste. 2600
Los Angeles, CA 90017

## III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (CONT.)

## BY PERSONAL DELIVERY
Honorable Ernest Robles
USBC - Central District of California
255 East Temple Street, Suite 1560
Los Angeles, CA 90012

## BY EMAIL
| | |
|---|---|
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Gary Baddin | Gary.Baddin@usdoj.gov |
| Frank Hamblett | fhamblett@nixonpeabody.com |
| Ian S. Landsberg | ilandsberg@landsberg-law.com |
| Allan Ickowitz | aickowitz@nossaman.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                          F 9013-3.1